other employee. "[A]n adverse employment action is a *serious and material* change in the terms, conditions, or privileges of employment. A tangible employment action constitutes significant change in employment status such as hiring, firing, failing to promote, reassignment with significantly different responsibilities or a decision causing a significant change in benefits." *Melendez v. Town of Bay Harbor Islands*, No. 14-22383-CIV, 2014 U.S. Dist. LEXIS 164959, at *11 (S.D. Fla. Nov. 25, 2014). Plaintiff alleged that "her work hours were being reduced." DE1 ¶31. Without more facts, such failed as a matter of law, because Plaintiff failed to allege that other employees also did not have their hours reduced and such is not a "serious and material" change in the terms, conditions, or privileges of employment. *See Melendez*.

Notably, Plaintiff admitted the Human Resources professional agreed to investigate Plaintiff's complaint (*See* DE1 ¶34) and the alleged "harassers" were no longer employed shortly after. Plaintiff's allegations that her employers were "angry" and "not celebrating" her pregnancy, along with her subjective perception that she "felt she was being demeaned solely for her pregnancy," does not allege unlawful discrimination or hostile work environment.

> To state a claim for a hostile work environment based on sex, a plaintiff must plausibly allege, among other things, that she was subject[ed] to unwelcome sexual harassment, the harassment was sufficiently severe or pervasive to alter the terms and conditions of [her] employment, and there is a basis for holding the employer liable.

*Little v. CSRA, Inc.*, No. 19-14866, at *6-7 (11th Cir. Oct. 30, 2020)(citing *Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 808 (11th Cir. 2010) (en banc).)

Further, Plaintiff must assert that this harassment was *due* to her pregnancy, not simply, while she is pregnant. Plaintiff asserts a few sporadic comments directed towards her gender, not pregnancy, with two (2) examples. Sporadic, limited comments, even if offensive fail as a matter of law to establish a hostile work environment. "Even if offensive or racially derogatory, 'sporadic and isolated' comments are not enough to create a hostile work environment." *Ivey v.*

*Crestwood Med. Ctr.*, No. 23-11936, 2024 U.S. App. LEXIS 7059, at *4 (11th Cir. Mar. 26, 2024) *See McCann v. Tillman*, 526 F.3d 1370, 1379 (11th Cir. 2008). Regardless, Plaintiff alleged two (2) claims each under Title VII, FCRA, and MDCRO as separate claims, one for "discrimination" and the other for "hostile work environment." For this reason, the Court should dismiss claims I and III, claims for "discrimination" and "hostile work environment" under Title VII, and Counts VI and VIII under the FCRA, and Counts IX and XI under the MDCRO.

### Plaintiff failed to plead a claim retaliation

Plaintiff failed to state a claim for relief under Title VII, the FCRA, the MDCRO and the PWFA by failing to plead facts pertaining to multiple core elements of her retaliation claims. Both the FCRA and the MDCRO are reviewed under the same standard as Title VII. "To prove a prima facie case for retaliation, the Plaintiff must establish that: "(1) she engaged in an activity protected under Title VII; (2) she suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse employment action." *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008)." *Kessler v. Zimmerman Advert., Ltd. Liab. Co.*, No. 17-cv-61691-DPG, 2017 U.S. Dist. LEXIS 185120, at *4 (S.D. Fla. Nov. 8, 2017). Plaintiff's allegations are a muddled mess of circular allegations. Plaintiff alleged that simply advising an employer that she is pregnant, is, in and of itself, a "protected activity." *See* generally DE1. Instead, Plaintiff's complaint to Human Resources professional, EG, would constitute protected activity. (DE1 ¶34). Following this complaint, Plaintiff alleged *no retaliation* as a result of that complaint. In fact, Plaintiff alleged the opposite, that the two persons complained about, RF and MC, were no longer working with her, within a matter of weeks. *Id.* ¶35. Next, Plaintiff alleged that she complained of her third alleged supervisor, AV. *Id.* ¶44. Again, Plaintiff alleged that EG investigated her complaints. *Id.* ¶45. Following this complaint, Plaintiff alleged *no change*, but

instead "continuing" conduct of any unchanging nature. *Id.* ¶46. Plaintiff alleged that no actions were taken against her because of her complaints to EG. Instead, she makes the same allegations for all counts.

Plaintiff next alleged that, when she was in the hospital and had to miss work, that AV requested documentation from her medical provider and provide two (2) hours advice notice prior to requiring time off. *Id.* ¶48. Plaintiff failed to plead facts that any other employee would not be required to provide medical documentation after hospitalization or provide two (2) hours' notice. Plaintiff's Complaint merely *includes* claims for retaliation, without any different allegations, separate from alleged "discrimination." *See Kessler v. Zimmerman Advert., Ltd. Liab. Co.*, No. 17-cv-61691-DPG, 2017 U.S. Dist. LEXIS 185120, at *5-6 (S.D. Fla. Nov. 8, 2017). For these reasons, Plaintiff's complaint and claims of retaliation should be dismissed.

**Plaintiff Complaint is Impermissibly Vague**

Plaintiff's Complaint is so vague as to not provide clear notice as to the nature of her claims. Plaintiff does not distinguish if she seeks damages under a hostile work environment, discriminatory termination, or constructive discharge. Plaintiff claims *all* those facts are discrimination, retaliation, and hostile work environment mixed with gender and pregnancy. Plaintiff asserts that she was engaging in protected activity to seek "leave benefits," which is puzzling. Neither Title VII, the FCRA, PWFA, or the MDHRO requires that employers provide leave benefits. None of the statues require anything other than a "reasonable accommodation" which would allow Plaintiff to perform the essential job functions.

> Given the parallel structure of the statutes, this Court analyzes state-law disability discrimination claims under the FCRA using the same framework as it does for claims made under the federal Americans with Disabilities Act (ADA)."). An otherwise "qualified individual" is someone "able to perform the essential functions of the employment position that [s]he holds or seeks with or without reasonable accommodation." *D'Angelo*, 422 F.3d

at 1226. Reasonable accommodations may include job restructuring, modified work schedules, or reassignment to a vacant position. 42 U.S.C. § 12111(9)(B); 29 C.F.R. § 1630.2(o)(2). "The plaintiff bears the [*5] burden of identifying an accommodation, and of demonstrating that the accommodation allows him to perform the job's essential functions." *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1255-56 (11th Cir. 2001).

*Brown v. Advanced Concept Innovs., LLC*, No. 21-11963, 2022 U.S. App. LEXIS 29956, at *4-5 (11th Cir. Oct. 27, 2022)

While Defendants vehemently deny any discrimination, Plaintiff's allegations of alleged leave benefits appear to misinterpret the statutory basis for her claims. Plaintiff alleged she *cannot* perform her job, not merely the essential functions. *See DE1 generally*. Plaintiff alleged *she* would not engage in the interactive process, not Defendants. [DE1 ¶¶47-50]. Plaintiff declined to provide advance notice of her absences. [DE1 ¶48]. Instead, Plaintiff demanded her employer simply wait and see if she should show up to work without notice. "[T]he employee has the burden of identifying an accommodation and demonstrating that it is reasonable. In ADA failure-to-accommodate cases, we've held that an employer's duty to provide a reasonable accommodation is not triggered unless a specific demand for an accommodation has been made." *Avena v. Imperial Salon & Spa, Inc.*, 740 F. App'x 679, 681 (11th Cir. 2018). Here, Plaintiff's allegations that she asked to take leave were not refused. [*See generally* DE1]. Instead, Plaintiff alleged it was discriminatory to request when Plaintiff would return to work. Plaintiff stated she *could not* make specific requests because she "could not control the timing of the pain…" [DE1 ¶48]. It is axiomatic that, combined with Plaintiff's refusal to provide at least two (2) hours prior notice that such a request is not reasonable on its face. Plaintiff essentially required her employer to hire an additional person on standby in case she decides, without even so much as two (2) hours' notice, that she will not come into work. Plaintiff does not clearly plead if she seeks damages under discrimination, hostile work

environment, or for her alleged "constructive discharge," – she vaguely alleged all in eleven (11) nearly identical counts.

### *Plaintiff failed to plead a claim for constructive discharge*

Plaintiff failed to state a claim for constructive discharge. "Constructive discharge occurs when an employer deliberately makes an employee's working conditions intolerable and thereby forces him to quit his job….[the Court does] not consider a plaintiff's subjective feelings about his employer's actions, but whether a reasonable person in the plaintiff's position would be compelled to resign." *Transito Osorio Tzoc v. M.A.X. Trailer Sales & Rental, Inc., No*. 13-23859-CIV, 2015 U.S. Dist. LEXIS 64653, at *26-27 (S.D. Fla. May 18, 2015)(internal quotations and citations omitted). Plaintiff states, "On or around February 10, 2024….Vargas asked if she would be attending work." [DE1 ¶50]. Next, Plaintiff concludes that, "Ms. Alvarez realized she could no longer continue to endure the Defendants' harassing and discriminatory treatment on account of her pregnancy. Ms. Alvarez felt as if she had no choice but to resign from her position in the interests of her health and safety, and that of her unborn child." [DE1 ¶51]. Plaintiff does not plead facts regarding her working conditions, let alone that conditions were intolerable or deliberate. Plaintiff failed to allege any treatment *specific* to her which was deliberate, let alone so intolerable that any employee would be compelled to resigned. Plaintiff's Complaint failed to even approach retaliation or constructive discharge.

### CONCLUSION

Plaintiff's Complaint should be dismissed for and for failure to state a claim that would entitle her to relief. Plaintiff's Complaint should be dismissed, with prejudice, or in the alternative, ordered to file a more definite statement to set forth facts, not conclusions, to satisfy the pleading standards under Federal Rules of Civil Procedure 12(b)(6).

WHEREFORE, Defendants, GOAT HOSPITALITY GROUP LLC and WGOAT15 LLC, respectfully request this Honorable Court to enter an order granting this Motion, dismissing Plaintiff's Complaint in whole or in part, or require Plaintiff to plead with more specificity, and grant such other and further relief as this Court deems just, equitable, and proper.

DATED: March 17, 2025                    Respectfully submitted,

**PATHMAN LAW, LLC**
*Counsel for Defendants*
One Biscayne Tower, Suite 2400
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 379-2425
Telefax No.: (305) 379-2420

By: */s/ Tara E. Faenza, Esq.*
Tara E. Faenza, Esq.
Florida Bar No.: 106928
tfaenza@pathmanlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 17, 2025 a copy of the foregoing was served on all counsel of record identified on the Service List below via CM/ECF.

By: */s/ Tara E. Faenza, Esq.*
TARA E. FAENZA, ESQ.

## Service List

**Kyle T. MacDonald, Esq.**
Florida Bar No.: 1038749
DEREK SMITH LAW GROUP, PLLC
520 BRICKELL KEY DRIVE, SUITE O-301
MIAMI, FL 33131
Telephone No.: (305) 946-1884
Email: Kyle@dereksmithlaw.com
*Counsel for Plaintiff*