## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CAROL ALVAREZ                                    Case No. 1:24-CV-24135-JEM
  *Plaintiff,*

v.

GOAT HOSPITALITY GROUP LLC,
and WGOAT15 LLC,
  *Defendants.*

_____/

### DEFENDANTS' AMENDED MOTION TO DISMISS
### PLAITNIFF'S COMPLAINT

COMES NOW, Defendants, GOAT HOSPITALITY GROUP LLC ("GOAT"), and WGOAT15 LLC ("ADDIKT") (GOAT and WGOAT15 collectively "Defendants"), by and through undersigned counsel, respectfully moves this Honorable Court to dismiss Plaintiff's, CAROL ALVAREZ ("Plaintiff"), Complaint for failure to state a claim, and states in support as follows:

1.      On March 17, 2025, GOAT and ADDIKT timely responded to Plaintiff's Complaint. However, due to a scrivener's error, GOAT's and ADDIKT's response was missing the first five pages. [DE11] Therefore, GOAT and ADDKIT hereby submit their original Motion to Dismiss filed on March 17, 2025, amended only as to this first paragraph.

2.      On October 24, 2024, Plaintiff filed her Complaint alleging employment discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e ("Title VII"); the Pregnant Workers Fairness Act, 42 U.S.C. § 2000gg ("PWFA"); the Florida Civil Rights Act of 1992, § 760.01, Florida Statutes ("FCRA"); and the Miami-Dade County Human Rights Ordinance, Miami-Dade County, Fla., Code, ch. 11A, art. IV, § 11A–26 ("MDHRO") against Defendant. [DE 1].

3.      On January 2, 2025, Plaintiff served GOAT, and on January 14, 2025, served WGOAT15 with the Complaint. Defendants, GOAT HOSPITALITY GROUP LLC and WGOAT15 LLC, sought a sixty (60) day enlargement of time by which to file their responses. [DE 6]. This Honorable Court granted Defendants' Motion and Defendants' new deadline to respond to Plaintiff's Complaint is on or before March 17, 2025. [DE9].

4.      ADDIKT was a restaurant operating at 485 Brickell Avenue, 15th Floor, Miami, FL 33131. [DE1 ¶5]. GOAT is a restaurant consulting group, providing advertising, marketing, culinary, operational, human resources/payroll, and other services to restaurants located at 485 Brickell Avenue, 49.5th Floor, Miami, FL 33131. [DE1 ¶4]. Plaintiff does not allege GOAT or ADDIKT are affiliated entities, subsidiaries, or related in any way.

5.      Plaintiff concluded, but not did plead any facts that, "GHG and Defendant WGOAT15 had interrelated operations centralized management, and collectively exercised shared authority and control over the terms and conditions of Ms. Alvarez's employment, including but not limited to hiring, firing, discipline, and work assignments." [*Id.* ¶7].

6.      Plaintiff alleged "the exact number of Defendants' employes is unknown, but upon information and belief, there are well more than the statutory minimum under Title VII, the PWFA, the FCRA, and the MDHRO." *Id.* ¶8. Plaintiff failed to state if this is combining these unrelated entities, if individually each, one or the other, meets the statute, and which statutes, noting the statutes have varying minimum employee numerosity requirements.

7.      Plaintiff alleged she was harassed by Richard Fuentes ("RF") and Maximilliano Caravallo (sic) ("MC"), complaining RF and MD did not "celebrate" her pregnancy. [*Id.* ¶29]. Plaintiff complains MC reduced her hours, without any additional facts, because of her pregnancy.

[*Id.* ¶31]. Plaintiff does not state how much her hours were reduced, whether others' hours were reduced, or any other facts to lead to this conclusion. [*Id.* ¶31].

8.      Plaintiff alleged she complained to a Human Resources professional, Eric Garcia ("EG"). [*Id.* ¶33]. Then, Plaintiff concedes, "several weeks" after, RF and MC were no longer working with her. [*Id.* ¶35].

9.      Plaintiff continued to accuse her next supervisor, Abelardo Vargas ("AV"), of *also* discriminating against her, in her conclusion, "on account of her pregnancy." [*Id* ¶37]. Plaintiff alleged a number of performance deficiencies: excessive breaks long enough to ask coworkers to "cover her duties" [id ¶39, 42], eating on the job [id ¶41], and slowness [id ¶42].

10.     After complaining about reduced hours [id ¶19], Plaintiff complained she could not work, had to provide medical documentation, and give and two (2) hours' advance notice before her shifts of absences. [*Id.* ¶47-48]. Plaintiff complains that AV requested to know if Plaintiff would return to work, two (2) days prior to her scheduled return date, after Plaintiff declined to give advance notice of other leave because she "could not control the timing…." of such pain. [*Id.* ¶50]. In response to a request for her return date, Plaintiff complains that she had "no choice to resign in the interests of her health and safety, and that of her unborn child." [*Id.* ¶51].

11.     Plaintiff failed to state a claim for which relief can be granted and this Court should dismiss Plaintiff's Complaint.

## <u>ARGUMENT</u>

### I.      **Standard of Review**

This Court should dismiss Plaintiff's Complaint for failure to state a claim. A court must dismiss a complaint failing to establish factual allegations to state a claim, under Rule 12(b)(6) of the Federal Rules of Civil Procedure. A complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 129

S.Ct. 1937, 1949 (2009). A claim has facial plausibility when a plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *See id.* A complaint attacked by a 12(b)(6) motion to dismiss does not need detailed factual allegations, but plaintiffs must establish factual grounds of their entitlement to relief with more than mere labels and conclusions. Formulaic recitations of the elements of causes of action do not suffice. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A court must dismiss a plaintiff's claims if she failed to nudge her "claims across the line from conceivable to plausible." *Id at 570*. A complaint that does not satisfy this standard should be dismissed for failure to provide an adequate basis for the possibility of granting relief. *See* Fed. R. Civ. P. 12(b)(6).

### IV.    Plaintiff Failed to State a Claim for Relief

Plaintiff's Complaint failed to state adequate facts to plausibly demonstrate she is entitled to relief under Title VII, the PWFA, the FCRA, or the MDHRO. "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)). Plaintiff must assert more than conclusion and labels. *See Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007). "[T]he complaint must not merely allege misconduct, but must demonstrate that the pleader is entitled to relief." *Hernandez v. Equal Emp't Opportunity Comm'n*, Case Number: 20-22721-CIV-MORENO, at *3 (S.D. Fla. Mar. 19, 2021) (internal citations and quotations omitted). Plaintiff failed to plead minimum facts for the elements of a sexual harassment claim under Title VII, PWFA, the FCRA, or the MDHRO.

***Plaintiff's Complaint Failed to Plead Joint Employer / Statutory Number of Employees***

Plaintiff's Complaint failed to plead facts such as to require the Court to consider the two separate Defendants, ADDIKT and GOAT, as "joint employers." Plaintiff failed to allege who specifically owned or ran the restaurant Plaintiff worked in or the operations of either alleged employer. Instead, Plaintiff concluded the two separate Defendants had allegedly, "interrelated operations centralized management and collectively exercised shared authority and control." (DE1 ¶7). Plaintiff failed to allege who her alleged harassers, presumably RF, MC and AV, worked for, whether for GOAT or ADDIKT, or both. Plaintiff failed to plead, any fact, including that either Defendant meets the standard under *any statute*, to meet the minimum number of employees. "To be considered a joint employer, an entity must exercise sufficient control over the terms and conditions of a plaintiff's employment. Plaintiff's conclusory allegations….are insufficient to support a Title VII claim under a joint employer theory." *Waldron v. Signal Specialties, Inc.*, No. 21-14295-CIV-CAN, 2022 U.S. Dist. LEXIS 14175, at *5-6 (S.D. Fla. Jan. 25, 2022) (internal quotations and citations omitted). For this reason, this Complaint must be dismissed.

***Plaintiff failed to plead a claim for discrimination and/or hostile work environment***

Plaintiff failed to state a claim for relief under Title VII, the FCRA, and the MDCRO. Both the FCRA and the MDCRO are reviewed under the same standard as Title VII. "[P]arallel hostile work environment sexual harassment claims… brought pursuant to § 760.10 (7) of the Florida Civil Rights Act and … pursuant to § 11A-26(1) of the Miami-Dade County Human Rights Ordinance…..The Florida Civil Rights Act is modeled after Title VII, and thus, claims brought under it are analyzed by federal courts using the same framework …." *Harkins v. Hillstone Rest. Grp., Inc.*, No. 24-23800-CIV-MORE, 2025 U.S. Dist. LEXIS 28775, at *23 (S.D. Fla. Feb. 18, 2025).

> A plaintiff makes out a *prima facie* case of sex or pregnancy discrimination under Title VII or the FCRA by establishing she or: "(1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) he was replaced by a person outside his protected class or was treated less favorably than a similarly-situated individual outside his protected class.

*Melendez v. Town of Bay Harbor Islands*, No. 14-22383-CIV, 2014 U.S. Dist. LEXIS 164959, at *8-9 (S.D. Fla. Nov. 25, 2014). While Plaintiff alleged she was a member of a protected class, she failed to allege (1) any adverse employment action or (2) that she was treated differently than any other employee. "[A]n adverse employment action is a *serious and material* change in the terms, conditions, or privileges of employment. A tangible employment action constitutes significant change in employment status such as hiring, firing, failing to promote, reassignment with significantly different responsibilities or a decision causing a significant change in benefits." *Melendez v. Town of Bay Harbor Islands*, No. 14-22383-CIV, 2014 U.S. Dist. LEXIS 164959, at *11 (S.D. Fla. Nov. 25, 2014). Plaintiff alleged that "her work hours were being reduced." DE1 ¶31. Without more facts, such failed as a matter of law, because Plaintiff failed to allege that other employees also did not have their hours reduced and such is not a "serious and material" change in the terms, conditions, or privileges of employment. *See Melendez.*

Notably, Plaintiff admitted the Human Resources professional agreed to investigate Plaintiff's complaint (*See* DE1 ¶34) and the alleged "harassers" were no longer employed shortly after. Plaintiff's allegations that her employers were "angry" and "not celebrating" her pregnancy, along with her subjective perception that she "felt she was being demeaned solely for her pregnancy," does not allege unlawful discrimination or hostile work environment.

> To state a claim for a hostile work environment based on sex, a plaintiff must plausibly allege, among other things, that she was subject[ed] to unwelcome sexual harassment, the harassment was sufficiently severe or pervasive to alter the terms and conditions of [her] employment, and there is a basis for holding the employer liable.

*Little v. CSRA, Inc.*, No. 19-14866, at *6-7 (11th Cir. Oct. 30, 2020)(citing *Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 808 (11th Cir. 2010) (en banc).)

Further, Plaintiff must assert that this harassment was *due* to her pregnancy, not simply, while she is pregnant. Plaintiff asserts a few sporadic comments directed towards her gender, not pregnancy, with two (2) examples. Sporadic, limited comments, even if offensive fail as a matter of law to establish a hostile work environment. "Even if offensive or racially derogatory, 'sporadic and isolated' comments are not enough to create a hostile work environment." *Ivey v. Crestwood Med. Ctr.*, No. 23-11936, 2024 U.S. App. LEXIS 7059, at *4 (11th Cir. Mar. 26, 2024) *See McCann v. Tillman*, 526 F.3d 1370, 1379 (11th Cir. 2008). Regardless, Plaintiff alleged two (2) claims each under Title VII, FCRA, and MDCRO as separate claims, one for "discrimination" and the other for "hostile work environment." For this reason, the Court should dismiss claims I and III, claims for "discrimination" and "hostile work environment" under Title VII, and Counts VI and VIII under the FCRA, and Counts IX and XI under the MDCRO.

### *Plaintiff failed to plead a claim retaliation*

Plaintiff failed to state a claim for relief under Title VII, the FCRA, the MDCRO and the PWFA by failing to plead facts pertaining to multiple core elements of her retaliation claims. Both the FCRA and the MDCRO are reviewed under the same standard as Title VII. "To prove a prima facie case for retaliation, the Plaintiff must establish that: "(1) she engaged in an activity protected under Title VII; (2) she suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse employment action." *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008)." *Kessler v. Zimmerman Advert., Ltd. Liab. Co.*, No. 17-cv-61691-DPG, 2017 U.S. Dist. LEXIS 185120, at *4 (S.D. Fla. Nov. 8, 2017). Plaintiff's allegations are a muddled mess of circular allegations. Plaintiff alleged that simply advising an employer that she is pregnant, is, in and of itself, a "protected activity." *See* generally DE1. Instead,

Plaintiff's complaint to Human Resources professional, EG, would constitute protected activity. (DE1 ¶34). Following this complaint, Plaintiff alleged *no retaliation* as a result of that complaint. In fact, Plaintiff alleged the opposite, that the two persons complained about, RF and MC, were no longer working with her, within a matter of weeks. *Id.* ¶35. Next, Plaintiff alleged that she complained of her third alleged supervisor, AV. *Id.* ¶44. Again, Plaintiff alleged that EG investigated her complaints. *Id.* ¶45. Following this complaint, Plaintiff alleged *no* change, but instead "continuing" conduct of any unchanging nature. *Id.* ¶46. Plaintiff alleged that no actions were taken against her because of her complaints to EG. Instead, she makes the same allegations for all counts.

Plaintiff next alleged that, when she was in the hospital and had to miss work, that AV requested documentation from her medical provider and provide two (2) hours advice notice prior to requiring time off. *Id.* ¶48. Plaintiff failed to plead facts that any other employee would not be required to provide medical documentation after hospitalization or provide two (2) hours' notice. Plaintiff's Complaint merely *includes* claims for retaliation, without any different allegations, separate from alleged "discrimination." *See Kessler v. Zimmerman Advert., Ltd. Liab. Co.*, No. 17-cv-61691-DPG, 2017 U.S. Dist. LEXIS 185120, at *5-6 (S.D. Fla. Nov. 8, 2017). For these reasons, Plaintiff's complaint and claims of retaliation should be dismissed.

### Plaintiff's Complaint is Impermissibly Vague

Plaintiff's Complaint is so vague as to not provide clear notice as to the nature of her claims. Plaintiff does not distinguish if she seeks damages under a hostile work environment, discriminatory termination, or constructive discharge. Plaintiff claims *all* those facts are discrimination, retaliation, and hostile work environment mixed with gender and pregnancy. Plaintiff asserts that she was engaging in protected activity to seek "leave benefits," which is

puzzling.  Neither Title VII, the FCRA, PWFA, or the MDHRO requires that employers provide leave benefits.  None of the statues require anything other than a "reasonable accommodation" which would allow Plaintiff to perform the essential job functions.

> Given the parallel structure of the statutes, this Court analyzes state-law disability discrimination claims under the FCRA using the same framework as it does for claims made under the federal Americans with Disabilities Act (ADA)."). An otherwise "qualified individual" is someone "able to perform the essential functions of the employment position that [s]he holds or seeks with or without reasonable accommodation." *D'Angelo*, 422 F.3d at 1226. Reasonable accommodations may include job restructuring, modified work schedules, or reassignment to a vacant position. 42 U.S.C. § 12111(9)(B); 29 C.F.R. § 1630.2(o)(2). "The plaintiff bears the [*5]  burden of identifying an accommodation, and of demonstrating that the accommodation allows him to perform the job's essential functions." *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1255-56 (11th Cir. 2001).

*Brown v. Advanced Concept Innovs., LLC*, No. 21-11963, 2022 U.S. App. LEXIS 29956, at *4-5 (11th Cir. Oct. 27, 2022)

While Defendants vehemently deny any discrimination, Plaintiff's allegations of alleged leave benefits appear to misinterpret the statutory basis for her claims. Plaintiff alleged she *cannot* perform her job, not merely the essential functions. *See DE1 generally*. Plaintiff alleged *she* would not engage in the interactive process, not Defendants. [DE1 ¶¶47-50]. Plaintiff declined to provide advance notice of her absences. [DE1 ¶48]. Instead, Plaintiff demanded her employer simply wait and see if she should show up to work without notice. "T]he employee has the burden of identifying an accommodation and demonstrating that it is reasonable. In ADA failure-to-accommodate cases, we've held that an employer's duty to provide a reasonable accommodation is not triggered unless a specific demand for an accommodation has been made." *Avena v. Imperial Salon & Spa, Inc.*, 740 F. App'x 679, 681 (11th Cir. 2018). Here, Plaintiff's allegations that she asked to take leave were not refused. [*See generally* DE1]. Instead, Plaintiff alleged it was discriminatory to request when Plaintiff would return to work. Plaintiff stated she *could not* make specific requests because she "could not control the timing of the pain…" [DE1 ¶48]. It is axiomatic that, combined with

Plaintiff's refusal to provide at least two (2) hours prior notice that such a request is not reasonable on its face. Plaintiff essentially required her employer to hire an additional person on standby in case she decides, without even so much as two (2) hours' notice, that she will not come into work. Plaintiff does not clearly plead if she seeks damages under discrimination, hostile work environment, or for her alleged "constructive discharge," – she vaguely alleged all in eleven (11) nearly identical counts.

### *Plaintiff failed to plead a claim for constructive discharge*

Plaintiff failed to state a claim for constructive discharge. "Constructive discharge occurs when an employer deliberately makes an employee's working conditions intolerable and thereby forces him to quit his job….[the Court does] not consider a plaintiff's subjective feelings about his employer's actions, but whether a reasonable person in the plaintiff's position would be compelled to resign." *Transito Osorio Tzoc v. M.A.X. Trailer Sales & Rental, Inc., No*. 13-23859-CIV, 2015 U.S. Dist. LEXIS 64653, at *26-27 (S.D. Fla. May 18, 2015)(internal quotations and citations omitted). Plaintiff states, "On or around February 10, 2024….Vargas asked if she would be attending work." [DE1 ¶50]. Next, Plaintiff concludes that, "Ms. Alvarez realized she could no longer continue to endure the Defendants' harassing and discriminatory treatment on account of her pregnancy. Ms. Alvarez felt as if she had no choice but to resign from her position in the interests of her health and safety, and that of her unborn child." [DE1 ¶51]. Plaintiff does not plead facts regarding her working conditions, let alone that conditions were intolerable or deliberate. Plaintiff failed to allege any treatment *specific* to her which was deliberate, let alone so intolerable that any employee would be compelled to resigned. Plaintiff's Complaint failed to even approach retaliation or constructive discharge.

## <u>CONCLUSION</u>

Plaintiff's Complaint should be dismissed for and for failure to state a claim that would entitle her to relief. Plaintiff's Complaint should be dismissed, with prejudice, or in the alternative, ordered to file a more definite statement to set forth facts, not conclusions, to satisfy the pleading standards under Federal Rules of Civil Procedure 12(b)(6).

WHEREFORE, Defendants, GOAT HOSPITALITY GROUP LLC and WGOAT15 LLC, respectfully request this Honorable Court to enter an order granting this Motion, dismissing Plaintiff's Complaint in whole or in part, or require Plaintiff to plead with more specificity, and grant such other and further relief as this Court deems just, equitable, and proper.

DATED: March 19, 2025            Respectfully submitted,

**PATHMAN LAW, LLC**
*Counsel for Defendants*
One Biscayne Tower, Suite 2400
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 379-2425
Telefax No.: (305) 379-2420

By: /s/ *Tara E. Faenza, Esq.*
Tara E. Faenza, Esq.
Florida Bar No.: 106928
tfaenza@pathmanlaw.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 19, 2025 a copy of the foregoing was served on all counsel of record identified on the Service List below via CM/ECF.

By: /s/ *Tara E. Faenza, Esq.*
TARA E. FAENZA, ESQ.

### Service List

**Kyle T. MacDonald, Esq.**
Florida Bar No.: 1038749
DEREK SMITH LAW GROUP, PLLC
520 BRICKELL KEY DRIVE, SUITE O-301
MIAMI, FL 33131
Telephone No.: (305) 946-1884
Email: Kyle@dereksmithlaw.com
*Counsel for Plaintiff*