## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CAROL ALVAREZ                       Case No. 1:24-CV-24135-JEM
    *Plaintiff,*

v.

GOAT HOSPITALITY GROUP LLC,
and WGOAT15 LLC,
    *Defendants.*
_____/

### DEFENDANTS' MOTION TO DISMISS
### PLAINTIFF'S AMENDED COMPLAINT

COMES NOW, Defendants, GOAT HOSPITALITY GROUP LLC ("GOAT"), and WGOAT15 LLC ("ADDIKT") (GOAT and WGOAT15 collectively "Defendants"), by and through undersigned counsel, respectfully moves this Honorable Court to dismiss Plaintiff's, CAROL ALVAREZ ("Plaintiff"), Amended Complaint for failure to state a claim, and states in support as follows:

1. On October 24, 2024, Plaintiff filed her Complaint alleging employment discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e ("Title VII"); the Pregnant Workers Fairness Act, 42 U.S.C. § 2000gg ("PWFA"); the Florida Civil Rights Act of 1992, § 760.01, Florida Statutes ("FCRA"); and the Miami-Dade County Human Rights Ordinance, Miami-Dade County, Fla., Code, ch. 11A, art. IV, § 11A–26 ("MDHRO") against Defendant. [DE 1].

2. On March 17, 2025, GOAT and ADDIKT timely moved to dismiss Plaintiff's Complaint. [DE11].[1] On March 28, 2025, Plaintiff filed her Amended Complaint. [DE15]. Despite attempts to meet the pleading standard, the Amended Complaint persists in pleading legal

---

[1] Due to a scrivener's error, GOAT's and ADDIKT's response was missing the first five pages. [DE11] Therefore, GOAT and ADDKIT amended their original Motion to Dismiss filed on March 17, 2025, amended only as to explain the scrivener's error. [DE13].

conclusion, rather than facts, and fails to plausibly plead a case under any statutes pled. *See generally* DE15. GOAT and ADDIKT therefore must move to dismiss Plaintiff's Amended Complaint for failure to state a claim.

## BACKGROUND

Plaintiff's Amended Complaint is a wandering, aimless mishmash of generalized grievances. Plaintiff was a short-term employee of ADDIKT, hired (allegedly) in September of 2023 as a Line Cook until February 10, 2024, slightly more than four (4) months. *See generally id.* Plaintiff also alleges that, at the time of her voluntary resignation, she would have been eight (8) months pregnant. *Id.* ¶¶50, 51, 56. Plaintiff complains her supervisors did not celebrate her pregnancy. *Id.* ¶¶33. No such statute requires an employer or its employees to celebrate pregnancy. Plaintiff alleges that her hours were "drastically cut." *Id.* ¶35. Irrespective of the veracity of the allegation, Plaintiff also complains she was unable to work without frequent meal and bathroom breaks, as well as substantial time off. *Id.* 42. Plaintiff complains she was required to ensure coverage and advise of breaks, rather than being able to take breaks when she wanted and for as long as she wanted. *Id.* ¶¶42-47. Plaintiff also alleges she could not work – at all. *Id.* ¶57. Plaintiff protests she was required to provide two (2) hours' notice before absences. *Id.* ¶54. Plaintiff complains she was requested to provide medical documentation for absences. *Id.* Plaintiff next complains when her supervisor requested to know her return to work date. *Id.* ¶56. Plaintiff appears to allege that, by virtue of being pregnant, and not being celebrated for her pregnancy, she was entitled under federal, Florida, and local law to have a substantial schedule to earn maximum wages, while being unable to perform multiple tasks of her role, frequently taking breaks to eat, use the phone/restroom, skip work on days without prior notice to the employer, and return to work at her discretion. *See generally id.*

Plaintiff merely alleges that her subjective feelings of discomfort and any criticism, including eating of the job, taking excessive and long breaks, being absent from the kitchen, and not providing adequate notice of attendance – are all due to her pregnancy. *See generally id*. Plaintiff alleges she voluntarily resigned because she was asked to return to work or provide a return date. *Id.* ¶56. Plaintiff does not allege that she was not permitted to take time off. *See generally id.* Instead, Plaintiff complains she was requested to provide reasonable notice or medical documentation for absences. *Id.* ¶ 53-56. Plaintiff does not allege she was not provided meal or bathroom breaks, but that she was requested to advise prior to such breaks and/or that her breaks were not excessive. *Id.* ¶ 44-48.

Plaintiff's Amended Complaint establishes she was unable to get along with *any* superior she worked with in her very short-term employment. Worse, Plaintiff readily admits that she applied for Family Medical Leave Act ("FMLA") time off, despite being employed not even half the time required to apply for such leave. *Id. 8.*[2] Much like Plaintiff's ill-conceived attempt to seek leave under the FMLA, she is not entitled to any relief for her Amended Complaint. This Court should dismiss Plaintiff's Amended Complaint for persisting deficiencies.

## ARGUMENT

### I. Standard of Review

This Court should dismiss Plaintiff's Amended Complaint for failure to state a claim, as previously argued. A court must dismiss a complaint failing to establish factual allegations to state a claim, under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff's Amended Complaint fails to plead sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A plaintiff

---

[2] Noting the FMLA requires that an employer have more than fifty (50) employees within a seventy-five (75) mile radius, and Plaintiff could not and does not allege that, an employee must have worked at least 1,250 hours in the previous twelve (12) months, which Plaintiff could not allege.

establishes facial plausibility by pleading facts, not legal conclusions, that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *See id.* Plaintiff's Complaint was attacked by a 12(b)(6) motion to dismiss. Plaintiff's filing of an Amended Complaint appears to be a tacit concession of the insufficiency of Plaintiff's original Complaint. [DE 1]. Although Plaintiff does not need detailed factual allegations to state a claim for relief, a plaintiff must establish factual grounds of entitlement to relief with more than mere labels and conclusions. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff persists in attempting to fashion generalized "facts" to disguise formulaic recitations of the elements of causes of action, which simply do not suffice. *Id.* "A court must dismiss a plaintiff's claims if she failed to nudge her "claims across the line from conceivable to plausible." *Id at 570*. Plaintiff's Amended Complaint is a meandering generalized, and at times, nonsensical spattering of grievances, which does not satisfy this standard. Despite being advised of the pleading standards and the standard of law for each of Plaintiff's languishing eleven (11) counts in her Amended Complaint, Plaintiff continues to suffer the same severe deficiencies. Therefore, this Court should dismiss Plaintiff's Amended Complaint for failure to provide an adequate basis for the possibility of granting relief. *See* Fed. R. Civ. P. 12(b)(6).

**IV. Plaintiff Failed to State a Claim for Relief**

Plaintiff's Amended Complaint continues to fail to state adequate facts to plausibly demonstrate she is entitled to relief under Title VII, the PWFA, the FCRA, or the MDHRO. Plaintiff persists in engaging in a verbose series of allegations towards every supervisor and human resource professional – then *assuming* all interactions which did not meet her subjective expectations were "discrimination" due to pregnancy. Plaintiff's Amended Complaint persists in the apparent misapprehension of the law and legal conclusions. "[C]onclusory allegations,

unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt. v. Jaharis,* 297 F.3d 1182, 1188 (11th Cir. 2002) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)). "[T]he complaint must not merely allege misconduct, but must demonstrate that the pleader is entitled to relief." *Hernandez v. Equal Emp't Opportunity Comm'n*, Case Number: 20-22721-CIV-MORENO, at *3 (S.D. Fla. Mar. 19, 2021) (internal citations and quotations omitted). Plaintiff failed to plead minimum facts for the elements of a sexual harassment claim under Title VII, PWFA, the FCRA, or the MDHRO.

***Plaintiff's Amended Complaint Failed to Plead Joint Employer / Statutory Number of Employees***

Plaintiff's Amended Complaint failed to plead facts such as to require the Court to consider the two separate Defendants, ADDIKT and GOAT, as "joint employers." Plaintiff concluded the two separate Defendants had allegedly, "interrelated operations centralized management and collectively exercised shared authority and control." (DE15 ¶7). Once again, Plaintiff fails to allege *how* such operations are interrelated. *Id. generally.* Plaintiff alleges only that one entity administered payroll while another entity performed human resources functions *Id.* ¶ 8. Plaintiff merely concludes that ADDIKT and GOAT had "interrelated operations, centralized management, and economic dependance." *Id. generally.* Plaintiff does not allege any facts pertaining to ownership of the entities, whether they are affiliated, subsidiaries, or the like. Plaintiff does not allege the nature of each company, such that a Court could reasonably conclude joint employer status. Respectfully, after being attacked by a motion to dismiss, Plaintiff fails to state more than barefaced legal conclusion without a hint of factual support.

Plaintiff's Amended Complaint persists in its failure to allege who her alleged harassers, presumably RF, MC and AV, worked for, whether for GOAT or ADDIKT. Plaintiff failed to plead any fact, including that either Defendant meets the standard under *any statute*, to meet the minimum number of employees. "To be considered a joint employer, an entity must exercise sufficient control over the terms and conditions of a plaintiff's employment. Plaintiff's conclusory allegations….are insufficient to support a Title VII claim under a joint employer theory." *Waldron v. Signal Specialties, Inc.*, No. 21-14295-CIV-CAN, 2022 U.S. Dist. LEXIS 14175, at *5-6 (S.D. Fla. Jan. 25, 2022) (internal quotations and citations omitted). Now, Plaintiff alleges that ADDIKT and GOAT "solely and/or jointly employed at least fifteen (15) employees of more…" [DE 10]. ADDIKT and GOAT are unable to respond to this vague conclusion as to whether Plaintiff relies upon the entities combined or separately to reach fifteen (15) employees, For these continuing reasons, this Complaint must be dismissed.

***Plaintiff failed to plead a claim for discrimination and/or hostile work environment***

Plaintiff's Amended Complaint, once again, fails to state a claim for relief under Title VII, the FCRA, and the MDCRO. Both the FCRA and the MDCRO are reviewed under the same standard as Title VII. "[P]arallel hostile work environment sexual harassment claims… brought pursuant to § 760.10 (7) of the Florida Civil Rights Act and … pursuant to § 11A-26(1) of the Miami-Dade County Human Rights Ordinance…..The Florida Civil Rights Act is modeled after Title VII, and thus, claims brought under it are analyzed by federal courts using the same framework …." *Harkins v. Hillstone Rest. Grp., Inc.*, No. 24-23800-CIV-MORE, 2025 U.S. Dist. LEXIS 28775, at *23 (S.D. Fla. Feb. 18, 2025).

> A plaintiff makes out a *prima facie* case of sex or pregnancy discrimination under Title VII or the FCRA by establishing she or: "(1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) he

was replaced by a person outside his protected class or was treated less favorably than a similarly-situated individual outside his protected class.

*Melendez v. Town of Bay Harbor Islands*, No. 14-22383-CIV, 2014 U.S. Dist. LEXIS 164959, at *8-9 (S.D. Fla. Nov. 25, 2014). While Plaintiff alleged she was a member of a protected class, she failed to allege (1) any adverse employment action or (2) that she was treated differently than any other employee. "[A]n adverse employment action is a *serious and material* change in the terms, conditions, or privileges of employment. A tangible employment action constitutes significant change in employment status such as hiring, firing, failing to promote, reassignment with significantly different responsibilities or a decision causing a significant change in benefits." *Melendez v. Town of Bay Harbor Islands*, No. 14-22383-CIV, 2014 U.S. Dist. LEXIS 164959, at *11 (S.D. Fla. Nov. 25, 2014). In Plaintiff's first Complaint, she alleged that "her work hours were being reduced." [DE1 ¶31]. Upon Amendment, Plaintiff asserts that "Carallo drastically cut Ms. Alvarez's scheduled work hours, which, in turn, substantially reduced Ms. Alvarez's pay." [DE 15¶35]. Plaintiff asks the Court to assume without any facts to support, that she was the only person whose hours were reduced, and therefore the only person treated differently. *See generally id.* Without more facts, such failed as a matter of law, because Plaintiff failed to allege that other employees also did not have their hours reduced and such is not a "serious and material" change in the terms, conditions, or privileges of employment. *See Melendez*. Such is the persisting claim in the original Complaint and prior motion to dismiss. Adding a few words to try to pretend to reach "serious and material" changes is unpersuasive. Instead, Plaintiff simply states she advised she was pregnant, and her hours were reduced (albeit "drastically"), without further factual support. *See generally id.* Employers are free to reduce employees' hours, even if a person is pregnant. That is what Plaintiff alleged. Worse, Plaintiff alleges in facts prior to this allegation that she suffered, "persistent fatigue, frequent nausea, episodes of lightheadedness,

difficulty standing for prolonged periods, and an inability to perform heavy lifting, among others." *Id.* ¶29. Plaintiff first complains she was not scheduled enough hours to work, but next complains *too many* hours and not enough breaks, time off, meals and rest periods, and work required. *See id. generally.* Plaintiff's Amended Complaint is nonsensical in its complaints, which span a whopping four (4) months. Plaintiff appears not to be able to decide if she worked enough or was required to work too much.

In the Amended Complaint, Plaintiff concedes that the Human Resources professional investigated Plaintiff's allegations (*See* DE15 ¶38-39) and the alleged "harassers" were no longer employed shortly after. Plaintiff's allegations that her employers were "angry" and "not celebrating" her pregnancy, along with her subjective perception that she "felt she was being demeaned solely for her pregnancy," does not allege unlawful discrimination or hostile work environment. Instead, Plaintiff seeks a court to require employers to celebrate employees' pregnancies – such is not required under any statute. Plaintiff's Amended Complaint appears to admit to poor performance and strained relationships with each superior, but concluding, without a factual basis that criticism and poor relationship were "due to her pregnancy," simply because she "felt she was being demanded solely for her pregnancy." *Id.* ¶34. Based upon Plaintiff's Amended Complaint, if she was as "seven months" pregnant in January 2024 [*id.* ¶¶50-51], she would have been at least eight (8) months pregnant in mid-February 2024, upon her voluntary resignation. [DE15 ¶56]. Therefore, in September, when she was allegedly hired, Plaintiff would have been likely three (3) to four (4) months pregnant. *See generally id.* Assuming the employer did not know her condition, and Plaintiff was not showing he condition at that time, the employer hired her.

> To state a claim for a hostile work environment based on sex, a plaintiff must plausibly allege, among other things, that she was subject[ed] to unwelcome sexual harassment,

the harassment was sufficiently severe or pervasive to alter the terms and conditions of [her] employment, and there is a basis for holding the employer liable.

*Little v. CSRA, Inc.*, No. 19-14866, at *6-7 (11th Cir. Oct. 30, 2020)(citing *Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 808 (11th Cir. 2010) (en banc).)

Plaintiff must assert that this harassment was *due* to her pregnancy, not simply, while she is pregnant. Plaintiff asserts a few sporadic comments directed towards her gender, not pregnancy, with two (2) examples. Sporadic, limited comments, even if offensive fail as a matter of law to establish a hostile work environment. "Even if offensive or racially derogatory, 'sporadic and isolated' comments are not enough to create a hostile work environment." *Ivey v. Crestwood Med. Ctr.*, No. 23-11936, 2024 U.S. App. LEXIS 7059, at *4 (11th Cir. Mar. 26, 2024) *See McCann v. Tillman*, 526 F.3d 1370, 1379 (11th Cir. 2008). Regardless, Plaintiff alleged two (2) claims each under Title VII, FCRA, and MDCRO as separate claims, one for "discrimination" and the other for "hostile work environment." For this reason, the Court should dismiss claims I and III, claims for "discrimination" and "hostile work environment" under Title VII, and Counts VI and VIII under the FCRA, and Counts IX and XI under the MDCRO.

### *Plaintiff failed to plead a claim retaliation*

Plaintiff failed to state a claim for relief under Title VII, the FCRA, the MDCRO and the PWFA by failing to plead facts pertaining to multiple core elements of her retaliation claims. Both the FCRA and the MDCRO are reviewed under the same standard as Title VII. "To prove a prima facie case for retaliation, the Plaintiff must establish that: "(1) she engaged in an activity protected under Title VII; (2) she suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse employment action." *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008)." *Kessler v. Zimmerman Advert., Ltd. Liab. Co.*, No. 17-cv-61691-DPG, 2017 U.S. Dist. LEXIS 185120, at *4 (S.D. Fla. Nov. 8, 2017). Plaintiff's

allegations continue to remain noting more than hollow conclusions of law without support. Plaintiff alleged that simply advising an employer that she is pregnant, is, in and of itself, a "protected activity." *See* generally DE15 . Instead, Plaintiff's Amended Complaint to Human Resources professional, EG, would constitute protected activity. (DE15  ¶50). Following this complaint, Plaintiff alleged *no retaliation* as a result of that complaint. Initially, Plaintiff alleged the opposite, that the Human Resources professional investigated and that the two persons complained about, RF and MC, were no longer working with her. *Id.* ¶¶ 38-39. Plaintiff alleges that she complained of her third alleged supervisor, AV. *Id.* ¶50. Again, Plaintiff alleged that EG investigated her complaints. *Id.* ¶50. Following this complaint, Plaintiff alleged *no* change, but instead "continuing" conduct of any unchanging nature. *Id. generally.* Careful review of the Amended Complaint demonstrates that Plaintiff actually alleges *compliance* with applicable statutes. *Id. generally*. Instead, Plaintiff must concede she was given bathroom and meal breaks. *Id.* ¶¶ 44-48. Yet, Plaintiff desired the ability to take unlimited breaks, for undefined times, to eat when she wanted to do, leave the workplace to the point people had to call her cell phone to find her, and requested reasonable two (2) hours' notice for absences and doctor's notes. *Id*. Plaintiff's Amended Complaint asserts the employer attempted to manage its operations and staff, while Plaintiff assets that she "could not control the timing of the pain," as an excuse for failing to provide notice. *Id. generally* and ¶54. Applicable statutes require *reasonable* accommodations, not complete discretion and freedom to determine one's own preferred accommodations, regardless of the effects on the employer. Worse,  Plaintiff alleged that no actions were taken against her because of her complaints to EG. Instead, she makes the same allegations for all counts.

Plaintiff next alleged that, when she was in the hospital and had to miss work, that AV requested documentation from her medical provider and to provide two (2) hours advice notice

prior to requiring time off. *Id.* ¶48. Plaintiff failed to plead facts that any other employee would not be required to provide medical documentation after hospitalization or provide two (2) hours' notice. Plaintiff's Amended Complaint merely *includes* claims for retaliation, without any different allegations, separate from alleged "discrimination." *See Kessler v. Zimmerman Advert., Ltd. Liab. Co.*, No. 17-cv-61691-DPG, 2017 U.S. Dist. LEXIS 185120, at *5-6 (S.D. Fla. Nov. 8, 2017). For these reasons, Plaintiff's Amended Complaint and claims of retaliation should be dismissed.

**Plaintiff's Amended Complaint is Impermissibly Vague**

Plaintiff's Amended Complaint remains vague as to not provide clear notice as to the nature of her claims, even what facts apply to which alleged "employer" or how Plaintiff reaches statutory minimums (alone or combined). Plaintiff does not distinguish if she seeks damages under a hostile work environment, discriminatory termination, or constructive discharge. Plaintiff claims *all* those facts are discrimination, retaliation, and hostile work environment mixed with gender and pregnancy. Plaintiff asserts that she was engaging in protected activity to seek "leave benefits," which is puzzling. Neither Title VII, the FCRA, PWFA, or the MDHRO requires that employers provide leave benefits. None of the statues require anything other than a "reasonable accommodation" which would allow Plaintiff to perform the essential job functions.

> Given the parallel structure of the statutes, this Court analyzes state-law disability discrimination claims under the FCRA using the same framework as it does for claims made under the federal Americans with Disabilities Act (ADA)."). An otherwise "qualified individual" is someone "able to perform the essential functions of the employment position that [s]he holds or seeks with or without reasonable accommodation." *D'Angelo*, 422 F.3d at 1226. Reasonable accommodations may include job restructuring, modified work schedules, or reassignment to a vacant position. 42 U.S.C. § 12111(9)(B); 29 C.F.R. § 1630.2(o)(2). "The plaintiff bears the [*5] burden of identifying an accommodation, and of demonstrating that the accommodation allows him to perform the job's essential functions." *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1255-56 (11th Cir. 2001).

*Brown v. Advanced Concept Innovs., LLC*, No. 21-11963, 2022 U.S. App. LEXIS 29956, at *4-5 (11th Cir. Oct. 27, 2022)

Defendants vehemently deny any discrimination, Plaintiff's complaints pertaining to alleged leave benefits misinterpret the statutory basis for her claims. Plaintiff alleged she *cannot* perform her job, not merely the essential functions. *See DE15 generally*. Plaintiff alleged *she* would not engage in the interactive process, not Defendants. [DE15 ¶¶42-52]. Plaintiff declined to provide advance notice of her absences. [DE15 ¶48]. Plaintiff attempts to make the *conclusion* that she was not "never offered any alternative" to try to grasp at scratching the surface at the interactive process. Yet, Plaintiff's Amended Complaint is flush with multiple examples of the interactive process. *Id generally.* Plaintiff requested breaks. *Id.* The employer requested some notice and reasonable amounts of time for breaks to the bathroom and eating. *Id.* Such demonstrates a process by which the employer presents reasonable accommodation, which Plaintiff rejects. Plaintiff requested time off. *Id.* ¶ 55. The employer granted that request, taking no efforts to discipline or fire for absences. *Id.* ¶ 55. The employer required some advance notice of two (2) hours prior to a shift. *Id.* 54. Such is an interactive process. Plaintiff instead demanded her employer simply wait and see if she should show up to work without notice because she could "not control the timing of her pain." *Id.* ¶54. The employer requested to know when she would return to work. *Id.* ¶56. Plaintiff was enraged by the request for a return date from medical leave, instead resigning. *Id.* ¶56. The employer permitting time off is an accommodation given due to Plaintiff's pregnancy. The employer's request to know a return date is the "reasonable" aspect of the accommodation to be able to plan schedules, arrange for coverage, and otherwise operate a restaurant. "T]he employee has the burden of identifying an accommodation and demonstrating that it is reasonable. In ADA failure-to-accommodate cases, we've held that an employer's duty to provide a reasonable accommodation is not triggered unless a specific demand for an

accommodation has been made." *Avena v. Imperial Salon & Spa, Inc.*, 740 F. App'x 679, 681 (11th Cir. 2018). Plaintiff's requests are not alleged to have been refused. [*See generally* DE15 ]. Instead, Plaintiff alleged it was discriminatory to request when Plaintiff would return to work. Plaintiff stated she *could not* make specific requests because she "could not control the timing of the pain…" [DE15 ¶54]. It is axiomatic that, combined with Plaintiff's refusal to provide at least two (2) hours prior notice that such a request is not reasonable on its face. Plaintiff essentially required her employer to hire an additional person on standby in case she decides, without even so much as two (2) hours' notice, that she will not come into work. Plaintiff does not clearly plead if she seeks damages under discrimination, hostile work environment, or for her alleged "constructive discharge," – she vaguely alleged all in eleven (11) nearly identical counts.

### *Plaintiff failed to plead a claim for constructive discharge*

Plaintiff failed to state a claim for constructive discharge. "Constructive discharge occurs when an employer deliberately makes an employee's working conditions intolerable and thereby forces him to quit his job….[the Court does] not consider a plaintiff's subjective feelings about his employer's actions, but whether a reasonable person in the plaintiff's position would be compelled to resign." *Transito Osorio Tzoc v. M.A.X. Trailer Sales & Rental, Inc., No.* 13-23859-CIV, 2015 U.S. Dist. LEXIS 64653, at *26-27 (S.D. Fla. May 18, 2015)(internal quotations and citations omitted). Plaintiff states, "On or around February 10, 2024….Vargas asked if she would be attending work." [DE15 ¶56]. Next, Plaintiff attempts to conclude her amended allegation, "By this point, Ms. Alvarez recognized that Defendants' unrelenting hostility and refusal to accommodate her pregnancy rendered her work environment intolerable. Ms. Alvarez felt as if she had no choice but to resign, as remaining under these oppressive conditions threatened her own safety and well-being, and that of her unborn child." [DE15 ¶57]. Plaintiff's new "facts" are pure

legal conclusion, attempting to insert the word "intolerable," and stating *conclusions* of law. *See id. generally.* Plaintiff does not plead facts regarding her working conditions, let alone that conditions were intolerable or deliberate. Plaintiff failed to allege any treatment *specific* to her which was deliberate, let alone so intolerable that any employee would be compelled to resign. Plaintiff's Amended Complaint failed to even approach retaliation or constructive discharge.

## CONCLUSION

This Court should dismiss Plaintiff's Amended Complaint for failure to state a claim that would entitle her to relief, or in the alternative, ordered to file a more definite statement to set forth facts, not conclusions, to satisfy the pleading standards under Federal Rules of Civil Procedure 12(b)(6).

WHEREFORE, Defendants, GOAT HOSPITALITY GROUP LLC and WGOAT15 LLC, respectfully request this Honorable Court to enter an order granting this Motion, dismissing Plaintiff's Amended Complaint in whole or in part, or require Plaintiff to plead with more specificity, and grant such other and further relief as this Court deems just, equitable, and proper.

DATED: April 11, 2025     Respectfully submitted,

**PATHMAN LAW, LLC**
*Counsel for Defendants*
One Biscayne Tower, Suite 2400
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 379-2425
Telefax No.: (305) 379-2420

By: /s/ *Tara E. Faenza, Esq.*
Tara E. Faenza, Esq.
Florida Bar No.: 106928
tfaenza@pathmanlaw.com

P a g e | **15**

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on April 11, 2025 a copy of the foregoing was served on all counsel of record identified on the Service List below via CM/ECF.

                                     By: /s/ *Tara E. Faenza, Esq.*
                                     TARA E. FAENZA, ESQ.

## **Service List**

**Kyle T. MacDonald, Esq.**
Florida Bar No.: 1038749
DEREK SMITH LAW GROUP, PLLC
520 BRICKELL KEY DRIVE, SUITE O-301
MIAMI, FL 33131
Telephone No.: (305) 946-1884
Email: Kyle@dereksmithlaw.com
*Counsel for Plaintiff*