**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CAROL ALVAREZ                        Case No. 1:24-cv-24135-JEM
   *Plaintiff*

v.

GOAT HOSPITALITY GROUP LLC, and
WGOAT15 LLC
   *Defendants*
_____/

## **CONFERRAL REPORT**

Plaintiff, CAROL ALVAREZ ("Plaintiff"), GOAT HOSPITALITY GROUP LLC ("GOAT") and WGOAT15 LLC ("ADDIKT") (collectively "Defendants"), by and through undersigned counsel, pursuant to S.D. Fla. L.R. 16.1(b) and the Court's Order dated March 25, 2025 (ECF No. 14), met by on April 15, 2025, and hereby file this Joint Scheduling Report: Information required by S.D. Fla. L.R. 16.1(B):

  A. Likelihood of Settlement

The Parties are, in good faith, exploring settlement possibilities as contemplated by S.D. Fla. L.R. 16.1(B)(5), as this case progresses. The Parties are hopeful for early settlement in this matter as they continue to engage in settlement discussions.

  B. The Likelihood of Appearance in the Action of Additional Parties

The parties do not anticipate any additional parties at this time but reserve the right to add parties as provided by the Federal Rules of Civil Procedure.

  C. *Pursuant to DE 14, this section is not required for this Conferral Report.*

  D. Proposal for Formulation and Simplification of Issues

The parties do not have a proposal for formulation and simplification of issues at this time. The Parties agree to work in good faith to agree upon stipulations of fact and as to the admissibility and authenticity of documents when appropriate.

E.  <u>The Necessity or Desirability of Amendments to the Pleadings</u>

The parties do not anticipate any additional amendments to the pleadings at this time but reserve the right to do so as provided by the Federal Rules of Civil Procedure. This Honorable Court has set a deadline for amendments to pleadings on or before July 25, 2025.

F.  <u>Possibility of Obtaining Admissions of Fact, Documents That Would Avoid the Necessity of Proof, Stipulations Regarding the Authenticity of the Documents, Electronic Stored Documents and the Need for Advanced Rulings from the Court on Admissibility</u>

The parties believe there is a likelihood of obtaining admissions of issues of fact, documents that will avoid unnecessary proof or stipulations regarding authenticity of documents. The parties will attempt to resolve the issues of admissibility but will seek advance rulings from the Court on the issues that they are unable to resolve.

G.  <u>Suggestions to Avoid Unnecessary Proof and Cumulative Evidence</u>

The parties do not have any suggestions to avoid unnecessary proof and cumulative facts at this time. However, the parties will work together to avoid unnecessary proof and the presentation of cumulative evidence as the case proceeds through discovery to trial.

H.  <u>Suggestion on Advisability of Referring Matters to the Magistrate or Master</u>

The Parties consent to a Magistrate Judge for discovery purposes only. Defendants request, and will file under separate cover, for a Settlement Conference before Magistrate Judge Eduardo Sanchez, within forty-five (45) days of this Conferral Report. The parties do not agree to additional matters being referred to a Magistrate Judge at this time.

I.  <u>Preliminary Estimate of the time Required for Trial</u>

The parties estimate that three (3) to four (4) days will be necessary for a jury trial in this matter.

J.  <u>Requested Dates for Conferences before Trial, and a Final Pretrial Conference, and Trial</u>

The parties request that a pre-trial conference occur on the Wednesday before the commencement of the trial period.

K. The trial in this matter will be by jury.

### Outline of the Legal Elements of Each Claim and Defense

Pursuant to DE 14, this Conferral Report includes the following:

(1) whether the trial will be jury or non-jury; **This shall be a trial by jury.**

(2) an outline of the legal elements of each claim and defense raised by the pleadings (the parties are advised that this section shall not be a summary of allegations, but should be modeled on pattern substantive jury instructions applicable in this Court);[1]

### Count I – Title VII Discrimination (Pregnancy)

In this case, CAROL ALVAREZ alleges pregnancy discrimination under both the McDonnell-Douglas framework and a mixed-motive theory. Under McDonnell-Douglas, she must show that (1) she was pregnant, (2) she was qualified for the position, (3) she suffered an adverse employment action, and (4) the action occurred under circumstances giving rise to an inference of discrimination. Under the mixed-motive theory, she must show that (1) she suffered an adverse employment action and (2) her pregnancy was a motivating factor in the decision.

**Defenses**

Both Defendants deny that CAROL ALVAREZ has stated a claim for relief which can be granted pertaining to this Count. Despite conferral and amendment to the Complaint, Plaintiff fails to identify which allegations pertain to which elements of each claim. For

---

[1] The final text of the claims and defenses as presented in this report were prepared by each of the respective parties' counsel.

example, Plaintiff does not identify what the alleged "adverse action" was and any damages as a result, at least in any factual manner. This statement shall not serve to limit or waive any potential or actual defenses to this count.

GOAT denies CAROL ALVAREZ's claims and asserts that:

1. GOAT is not an employer under Title VII and not within the jurisdiction of this Court for these claims, as it employs less than fifteen (15) employees.

2. GOAT is not a joint employer, in that GOAT and ADDIKT are owned by different entities/persons, are different businesses, and do not have centralized operations. GOAT provided payroll and human resources services to ADDIKT, along with other clients.

3. GOAT is not a joint employer, in that, GOAT did not make any adverse employment actions towards CAROL ALVAREZ. GOAT further asserts that all actions it took were for legitimate, non-discriminatory reasons.

4. GOAT further asserts that it "(a) exercised reasonable care to prevent and promptly correct any sexually harassing behavior, and (b) that CAROL ALVAREZ unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998); *see also Burlington Indus., Inc. v. Ellerth*, 524 U.S. 765 (1998).

5. GOAT asserts that CAROL ALVAREZ did not suffer any adverse employment action, including but not limited to pay rates, numbers of hours scheduled, terms and conditions of employment, promotion, or termination.

6. GOAT asserts that CAROL ALVAREZ voluntarily resigned and was not constructively discharged.

7. GOAT asserts that CAROL ALVAREZ was not qualified for the job, in that she was unable to meet the essential requirements of the job, and that she had requested "maternity leave," meaning she would be unable or unwilling to work following the birth of her child.

8. GOAT asserts that the requirements to advise of breaks, limit breaks during the working hours, and to provide advance notice of any absences, as well as extensive absences requiring doctor's notes were a business necessity, as reasonably required to permit business operations, in order to remain operational, and that no other options were reasonably available.

9. GOAT asserts that all requirements were based upon legitimate, non-discriminatory basis, and pertained to the requirements of the position.

10. GOAT asserts that it did not treat CAROL ALVAREZ any differently for her gender, pregnancy or any protected activity. GOAT, who was not her employer, provided the same benefits and accommodations available to other employees with medical conditions that require accommodations, to the extent those accommodations don't cause undue hardship. GOAT did not treat CAROL ALVAREZ differently than non-pregnant employees of their clients, with similar limitations. CAROL ALVAREZ requested "accommodations" which would cause an undue hardship.

11. GOAT treated CAROL ALVAREZ exactly the same as it would have treated her absent her alleged complaint(s) of gender and/or pregnancy discrimination and neither her gender, pregnancy, or complaint(s) were a motivating factor in any employment action.

12. GOAT asserts that CAROL ALVAREZ did not work for GOAT and was not qualified to work for GOAT in any capacity, as it is a restaurant consulting company and does not employ Line Cooks.

13. GOAT asserts that it has defenses under the after-acquired information doctrine.

14. GOAT asserts that CAROL ALVAREZ failed to mitigate her damages.

15. GOAT asserts that, if CAROL ALVAREZ could prove they were a joint employer and prevail, that she is not entitled to damages at ADDIKT closed two (2) weeks after her resignation, and that any emotional distress was not caused by any action or inaction by GOAT and/o ADDIKT, and therefore, punitive damages are inappropriate and inapplicable.

16. GOAT has yet to file its answer and affirmative defenses and reserves the right to any and all defenses so permissible and applicable via filing its pleadings and/or any amendments to any filings.

ADDIKT denies CAROL ALVAREZ's claims and asserts that:

1. ADDIKT is not a joint employer, in that GOAT and ADDIKT are owned by different entities/persons, are different businesses, and do not have centralized operations. GOAT provided payroll and human resources services to ADDIKT, along with other clients.

2. ADDIKT asserts that all actions it took were for legitimate, non-discriminatory reasons.

3. ADDIKT further asserts that it "(a) exercised reasonable care to prevent and promptly correct any sexually harassing behavior, and (b) that CAROL ALVAREZ

unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998); *see also Burlington Indus., Inc. v. Ellerth*, 524 U.S. 765 (1998).

4. ADDIKT asserts that CAROL ALVAREZ did not suffer any adverse employment action, including but not limited to pay rates, numbers of hours scheduled, terms and conditions of employment, promotion, or termination.

5. ADDIKT asserts that CAROL ALVAREZ voluntarily resigned and was not constructively discharged.

6. ADDIKT asserts that CAROL ALVAREZ was not qualified for the job, in that she was unable to meet the essential requirements of the job, and that she had requested "maternity leave," meaning she would be unable or unwilling to work following the birth of her child.

7. ADDIKT asserts that the requirements to advise of breaks, limit breaks during the working hours, and to provide advance notice of any absences, as well as extensive absences requiring doctor's notes were a business necessity, as reasonably required to permit business operations, in order to remain operational, and that no other options were reasonably available.

8. ADDIKT asserts that it did not treat CAROL ALVAREZ any differently for her gender, pregnancy or any protected activity. ADDIKT provided the same benefits and accommodations available to other employees with medical conditions that require accommodations, to the extent those accommodations don't cause undue hardship. ADDIKT did not treat CAROL ALVAREZ differently than non-pregnant employees of

their clients, with similar limitations. CAROL ALVAREZ requested "accommodations" which would cause an undue hardship.

9. ADDIKT asserts that all requirements were based upon legitimate, non-discriminatory basis, and pertained to the requirements of the position.

10. ADDIKT treated CAROL ALVAREZ exactly the same as it would have treated her absent her alleged complaint(s) of gender and/or pregnancy discrimination and neither her gender, pregnancy, or complaint(s) were a motivating factor in any employment action.

11. ADDIKT asserts that it ceased operating within two (2) weeks of CAROL ALVAREZ's voluntary resignation, and that it could not have employed her regardless, as a result. ADDIKT has had no operations since that date, making CAROL ALVAREZ's applicable "lost wages" minimal at best.

12. ADDIKT asserts that that any emotional distress was not caused by any action or inaction by GOAT and/or ADDIKT, and therefore, punitive damages are inappropriate and inapplicable.

13. ADDIKT asserts that CAROL ALVAREZ failed to mitigate her damages.

14. ADDIKT has yet to file its answer and affirmative defenses and reserves the right to any and all defenses so permissible and applicable via filing its pleadings and/or any amendments to any filings.

**Count II – Title VII (Pregnancy) Retaliation**

In this case, CAROL ALVAREZ alleges retaliation under Title VII, which requires Plaintiff show that (1) she engaged in protected activity, (2) she suffered a materially

adverse employment action, and (3) the protected activity was causally connected to the adverse action.

**Defenses**

Both Defendants deny that CAROL ALVAREZ has stated a claim for relief which can be granted pertaining to this Count. Despite amendment to the Complaint, Plaintiff fails to identify which allegations pertain to which elements of each claim. For example, Plaintiff does not identify what the alleged "protected activity" or "adverse action" were and any damages as a result, at least in any factual manner. This statement shall not serve to limit or waive any potential or actual defenses to this count.

GOAT and ADDIKT assert the same defenses as articulated in Count I, and as they may plead, when required to answer.

**Count III – Title VII Hostile Work Environment (Pregnancy)**

In this case, CAROL ALVAREZ alleges a hostile work environment under Title VII, which requires Plaintiff to show that (1) she was subjected to unwelcome conduct, (2) the conduct was based on her pregnancy, (3) the conduct was sufficiently severe or pervasive to alter the terms and conditions of employment, and (4) the employer is liable for the conduct.

**Defenses**

Both Defendants deny that CAROL ALVAREZ has stated a claim for relief which can be granted pertaining to this Count. Despite conferral and amendment to the Complaint, Plaintiff fails to identify which allegations pertain to which elements of each claim. For example, Plaintiff does not identify what the alleged "unwelcome conduct" was and any

damages as a result, at least in any factual manner. This statement shall not serve to limit or waive any potential or actual defenses to this count.

GOAT and ADDIKT assert the same defenses as articulated in Counts I and I, and as they may plead, when required to answer. GOAT and ADDIKT further assert that this claim is duplicative of Count I. GOAT and ADDIKT further assert that CAROL ALVAREZ cannot prove by a preponderance of the evidence that any alleged discrimination was due to gender or pregnancy, and that, if such existed, that such was not severe and/or pervasive such as to interfere with the terms and conditions of employment.

**Count IV – Pregnant Workers Fairness Act ("PWFA")**

In this case, CAROL ALVAREZ alleges discrimination under the Pregnant Workers Fairness Act based on both a failure to accommodate and disparate treatment. Under the failure to accommodate theory, Plaintiff must show that (1) she had a known limitation arising from pregnancy, childbirth, or a related condition, (2) she was qualified to perform the essential functions of the job with or without reasonable accommodation, (3) she requested a reasonable accommodation, (4) the employer failed to provide that accommodation, and (5) the requested accommodation would not have imposed an undue hardship. Under the disparate treatment theory, Plaintiff must show that (1) she had a known limitation related to pregnancy or childbirth, (2) she was subjected to an adverse employment action, and (3) her pregnancy-related limitation was a motivating factor in the employer's decision.

**Defenses**

Both Defendants deny that CAROL ALVAREZ has stated a claim for relief which can be granted pertaining to this Count. Despite conferral and amendment to the Complaint,

Plaintiff fails to identify which allegations pertain to which elements of each claim. For example, Plaintiff does not identify what the alleged "known limitations" or "reasonable accommodation" were and any damages as a result, at least in any factual manner. This statement shall not serve to limit or waive any potential or actual defenses to this count.

GOAT and ADDIKT assert the same defenses as articulated in prior Counts and as they may plead, when required to answer. GOAT and/or ADDIKT further state that the employer, ADDIKT, provided reasonable accommodations, acknowledged in the Amended Complaint, of: frequent meal and rest breaks and time off upon request. ADDIKT asserts that the requests for paid time off, unlimited time off without prior notice (employer required 2 hours notice), notification of breaks to the employer, and refusal to state return dates, represent unreasonable demands and demonstrate undue hardship.

**Count V – Pregnant Workers Fairness Act ("PWFA") Retaliation**

In this case, CAROL ALVAREZ alleges retaliation under the PWFA, which requires Plaintiff to show that (1) she engaged in protected conduct under the statute, (2) she suffered a materially adverse employment action, and (3) the protected conduct was a motivating factor in the employer's decision.

**Defenses**

Both Defendants deny that CAROL ALVAREZ has stated a claim for relief which can be granted pertaining to this Count. Despite conferral and amendment to the Complaint, Plaintiff fails to identify which allegations pertain to which elements of each claim. For example, Plaintiff does not identify what the alleged "protected activity" or "adverse action" were and any damages as a result, at least in any factual manner. This statement shall not serve to limit or waive any potential or actual defenses to this count.

GOAT and ADDIKT assert the same defenses as articulated in prior Counts and as they may plead, when required to answer.

### Count VI – Florida Civil Rights Act ("FRCA") Discrimination

In this case, CAROL ALVAREZ alleges discrimination under the Florida Civil Rights Act based on pregnancy and/or sex. Under the McDonnell-Douglas framework, Plaintiff must show that (1) she was pregnant or otherwise within a protected class, (2) she was qualified for the position, (3) she suffered an adverse employment action, and (4) the action was motivated by discriminatory intent. Alternatively, under a mixed-motive theory, Plaintiff must show that (1) she suffered an adverse employment action and (2) her protected status was a motivating factor in the decision.

**Defenses**

Both Defendants deny that CAROL ALVAREZ has stated a claim for relief which can be granted pertaining to this Count. Despite conferral and amendment to the Complaint, Plaintiff fails to identify which allegations pertain to which elements of each claim. For example, Plaintiff does not identify what the alleged "adverse action" was and any damages as a result, at least in any factual manner. This statement shall not serve to limit or waive any potential or actual defenses to this count.

GOAT and ADDIKT assert the same defenses as articulated in prior Counts and as they may plead, when required to answer.

### Count VII – Florida Civil Rights Act ("FRCA") Retaliation

In this case, CAROL ALVAREZ alleges retaliation under the Florida Civil Rights Act, which requires Plaintiff to show that (1) she engaged in protected activity under the

Act, (2) she suffered an adverse employment action, and (3) the adverse action was causally related to the protected conduct.

**Defenses**

Both Defendants deny that CAROL ALVAREZ has stated a claim for relief which can be granted pertaining to this Count. Despite conferral and amendment to the Complaint, Plaintiff fails to identify which allegations pertain to which elements of each claim. For example, Plaintiff does not identify what the alleged "protected activity" or "adverse action" were and any damages as a result, at least in any factual manner. This statement shall not serve to limit or waive any potential or actual defenses to this count.

GOAT and ADDIKT assert the same defenses as articulated in prior Counts, and as they may plead, when required to answer.

**Count VIII – FRCA Hostile Work Environment (Pregnancy)**

In this case, CAROL ALVAREZ alleges a hostile work environment under the Florida Civil Rights Act, which requires Plaintiff to show that (1) she was subjected to unwelcome conduct, (2) the conduct was based on her pregnancy or sex, (3) the conduct was sufficiently severe or pervasive to alter the terms and conditions of her employment, and (4) the employer is liable for the conduct.

**Defenses**

Both Defendants deny that CAROL ALVAREZ has stated a claim for relief which can be granted pertaining to this Count. Despite conferral and amendment to the Complaint, Plaintiff fails to identify which allegations pertain to which elements of each claim. For example, Plaintiff does not identify what the alleged "protected activity" or "adverse

action" were and any damages as a result, at least in any factual manner. This statement shall not serve to limit or waive any potential or actual defenses to this count.

GOAT and ADDIKT assert the same defenses as articulated in prior Counts, and as they may plead, when required to answer. GOAT and ADDIKT further assert that this claim is duplicative of Count I. GOAT and ADDIKT further assert that CAROL ALVAREZ cannot prove by a preponderance of the evidence that any alleged discrimination was due to gender or pregnancy, and that, if such existed, that such was not severe and/or pervasive such as to interfere with the terms and conditions of employment.

**Count IX – Miami Dade Human Rights Ordinance ("MDHRO") Discrimination (Pregnancy)**

In this case, CAROL ALVAREZ alleges discrimination under the Miami-Dade Human Rights Ordinance based on both disparate treatment and failure to accommodate. Under the McDonnell-Douglas framework for disparate treatment, Plaintiff must show that (1) she was pregnant or otherwise within a protected class, (2) she was qualified for the position, (3) she suffered an adverse employment action, and (4) the action occurred under circumstances giving rise to an inference of discrimination. Alternatively, under a mixed-motive theory, Plaintiff must show that (1) she suffered an adverse employment action and (2) her pregnancy was a motivating factor in the decision.

**Defenses**

Both Defendants deny that CAROL ALVAREZ has stated a claim for relief which can be granted pertaining to this Count. Despite conferral and amendment to the Complaint, Plaintiff fails to identify which allegations pertain to which elements of each claim. For example, Plaintiff does not identify what the alleged "protected activity" or "adverse

action" were and any damages as a result, at least in any factual manner. This statement shall not serve to limit or waive any potential or actual defenses to this count.

GOAT and ADDIKT assert the same defenses as articulated in prior Counts and as they may plead, when required to answer.

### Count X – MDHRO Retaliation

In this case, CAROL ALVAREZ alleges retaliation under the Miami-Dade Human Rights Ordinance, which requires Plaintiff to show that (1) she engaged in protected activity under the ordinance, (2) she suffered a materially adverse employment action, and (3) the adverse action was causally connected to her protected conduct.

### Defenses

Both Defendants deny that CAROL ALVAREZ has stated a claim for relief which can be granted pertaining to this Count. Despite conferral and amendment to the Complaint, Plaintiff fails to identify which allegations pertain to which elements of each claim. For example, Plaintiff does not identify what the alleged "protected activity" or "adverse action" were and any damages as a result, at least in any factual manner. This statement shall not serve to limit or waive any potential or actual defenses to this count.

GOAT and ADDIKT assert the same defenses as articulated in prior Counts, and as they may plead, when required to answer.

### Count XI – MDHRO Hostile Work Environment (Pregnancy)

In this case, CAROL ALVAREZ alleges a hostile work environment under the Miami-Dade Human Rights Ordinance, which requires Plaintiff to show that (1) she was subjected to unwelcome conduct, (2) the conduct was based on her pregnancy or sex, (3)

the conduct was sufficiently severe or pervasive to alter the terms and conditions of her employment, and (4) the employer is responsible for the conduct.

**Defenses**

Both Defendants deny that CAROL ALVAREZ has stated a claim for relief which can be granted pertaining to this Count. Despite conferral and amendment to the Complaint, Plaintiff fails to identify which allegations pertain to which elements of each claim. For example, Plaintiff does not identify what the alleged "protected activity" or "adverse action" were and any damages as a result, at least in any factual manner. This statement shall not serve to limit or waive any potential or actual defenses to this count.

GOAT and ADDIKT assert the same defenses as articulated in prior Counts, and as they may plead, when required to answer. GOAT and ADDIKT further assert that this claim is duplicative of Count IX. GOAT and ADDIKT further assert that CAROL ALVAREZ cannot prove by a preponderance of the evidence that any alleged discrimination was due to gender or pregnancy, and that, if such existed, that such was not severe and/or pervasive such as to interfere with the terms and conditions of employment.

*****

(3) a good-faith estimate of the specific dollar valuation of actual damages and other relief at issue; and

    A.    **PLAINTIFF:** Plaintiff's preliminary damages estimates are as follows:

1. Lost Wages: Plaintiff is seeking lost wages and is still in the process of calculating the relevant amounts. However, assuming two years of back pay, Plaintiff estimates her lost wages to be in the amount of $84,864 at this time.

Plaintiff is also seeking front pay, which can be estimated in the amount of $84,864, based on a 2-year award, for total estimated lost wages of $169,728.

2. Other Damages: Plaintiff is also seeking damages in the form of emotional distress damages and punitive damages, which will be based on the facts as they are determined through discovery and ultimately determined by a jury. Plaintiff will also seek attorney's fees and costs as a prevailing party.

**GOAT: This Defendant asserts that it is not an employer under any statute and therefore no damages are applicable to this Defendant. This Defendant further asserts that, if PLAINTIFF could prove it was an employer, and prove her case, that her damages are zero or at a maximum of two (2) weeks pay, as ADDIKT, GOAT's client, closed its operations two (2) weeks after her voluntary resignation. GOAT asserts that Plaintiff is not entitled to "two years of back pay," as Plaintiff was barely employed by ADDIKT for a few months, according to the Amended Complaint. Plaintiff also does not allege any damages in the form of unpaid pages in her Complaint, which would permit the recovery of back pay. Further, Plaintiff is not entitled to recover "front pay" from GOAT, as GOAT was merely a payroll and human resources company who worked for the benefit of ADDIKT. Regardless, as mentioned, ADDIKT closed all operations two (2) weeks after Plaintiff's voluntary termination. Plaintiff cannot collect wages she would have earned, but for any alleged discriminatory actions, if the business is not open. Further,**

>    **Plaintiff alleges in her Amended Complaint that she was unable to work during the period of time she voluntarily resigned, and, that by asking her to return to work, she was forced to resign. Given that Plaintiff alleges the inability to work, with or without accommodation, she would not be entitled to any front pay.**

**ADDIKT:** This Defendant asserts that Plaintiff is not entitled to any damages, but that, if PLAINTIFF could prove any violation, that her damages are at a maximum to two (2) weeks of wages, as ADDIKT closed two (2) weeks after Plaintiff's voluntary resignation. ADDIKT further asserts that PLAINTIFF was unable to work due to her pregnancy, and would not be entitled to any wages during the period of time she would not have worked due to her pregnancy, regardless. ADDIKT asserts that Plaintiff is not entitled to "two years of back pay," as Plaintiff was barely employed by for a few months, according to the Complaint. Plaintiff also does not allege any damages in the form of unpaid pages in her Complaint, which would permit the recovery of back pay. Regardless, as mentioned, ADDIKT closed all operations two (2) weeks after Plaintiff's voluntary termination. Plaintiff cannot collect wages she would have earned, but for any alleged discriminatory actions, if the business is not open. Further, Plaintiff alleges in her Amended Complaint that she was unable to work during the period of time she voluntarily resigned, and, that by asking her to return to work, she was forced to resign. Given that Plaintiff alleges the inability to work, with or without accommodation, she would not be entitled to any front pay.

(4) the need for variance from the discovery limitations imposed by Local Rule and/or the Federal Rules of Civil Procedure, including the grounds supporting the requested variance. Unilateral submissions are prohibited. **At this time, the Parties do not anticipate any variance**

**from the discovery limitations imposed by Local Rule and/or the Federal Rules of Civil Procedure. However, the parties will work together to avoid unnecessary motion practice to prior to seeking relief before this Court.**

Dated: May 23, 2025

Respectfully submitted,

| | |
|---|---|
| Tara E. Faenza, Esq. | Kyle Thomas MacDonald, Esq. |
| PATHMAN LAW, LLC. | MACDONALD LAW, PLLC |
| *Attorneys for Defendant* | *Attorneys for Plaintiff* |
| One Biscayne Tower, Suite 2400 | 420 SW 7th Street, Suite 1118 |
| 2 South Biscayne Boulevard | Miami, FL 33130 |
| Miami, FL 33131 | T: (786) 500-9995 |
| T: (305) 379-2425 | E: kyle@macdonaldemploymentlaw.com |
| E: t tfaenza@pathmanlaw.com | |
| | |
| By: */s/ Tara E. Faenza* | By: */s/ Kyle Thomas MacDonald* |
| Tara E. Faenza, Esq. | Kyle Thomas MacDonald, Esq. |
| Florida Bar No. 106928 | Florida Bar No. 1038749 |