**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CAROL ALVAREZ,

    Plaintiff,         CASE NO.: 1:24-CV-24135-JEM

v.

GOAT HOSPITALITY GROUP LLC,
and WGOAT15 LLC,

    Defendants.
_____/

**PLAINTIFF'S _UNOPPOSED_ MOTION FOR CONTINUANCE AND EXTENSION**
**OF PRETRIAL DEADLINES**

  Plaintiff, CAROL ALVAREZ, pursuant to Federal Rule of Civil Procedure 16(b) and Local Rule 7.6, respectfully moves this Court for an Order amending the current Scheduling Order [DE 14] to continue all remaining pretrial deadlines and the trial date in this matter for a period of sixty (60) days. Plaintiff has conferred with Defendants who have agreed that a sixty-day continuance is appropriate. This is the first request for such a continuance. In support, Plaintiff states as follows:

**BACKGROUND**

  1.  The Court entered its Scheduling Order on March 25, 2025, setting this cause for trial during the two-week period beginning March 23, 2026. The Order established several key deadlines, including a discovery completion date of November 13, 2025, and a dispositive motion deadline of December 12, 2025.

  2.  Since the entry of the Scheduling Order, the Parties have engaged in discovery and Plaintiff has worked diligently to advance this litigation. Defendants' Motion to Dismiss the Amended Complaint has been fully briefed and remains pending before the Court. The resolution

of that motion may impact the scope of remaining discovery and will inform the identification of necessary witnesses and claims to be pursued.

3. The initial phase of discovery has underscored the factual complexity of the claims and defenses at issue. The Parties have determined that a complete factual record will require additional time beyond the current discovery deadline. Plaintiff anticipates the need to depose several key fact witnesses, including current and former managers and employees of both Defendants. The process of coordinating, scheduling, and conducting these depositions, in addition to resolving any ancillary discovery issues that may arise, will practicably extend beyond the current discovery deadline of November 13, 2025.

4. The original timeline, while proposed in good faith, did not fully account for the logistical demands required for the comprehensive discovery this matter warrants, particularly in light of the pending dispositive motion and the holiday period that coincides with the current deadlines.

5. A continuance of the existing deadlines is necessary to complete discovery in an orderly fashion. A continuance will also enable the Parties to engage in more meaningful and productive settlement discussions at mediation, with the benefit of a fully developed evidentiary record, which serves the interests of judicial economy.

## **MEMORANDUM OF LAW**

Federal Rule of Civil Procedure 1 commands that the rules be construed and administered "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. A scheduling order is a principal tool for managing the course of litigation. *See* Fed. R. Civ. P. 16(b). Once entered, a schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The decision to modify a scheduling order is committed

2

to the sound and broad discretion of the trial court. *See Arabian Am. Oil Co. v. Scarfone*, 939 F.2d 1472, 1479 (11th Cir. 1991).

To establish good cause under Rule 16(b)(4), a party seeking to extend the dates in a scheduling order must demonstrate "the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sytems, Inc.*, 133 F.3d 1417 1418 (11th Cir. 1998) (quoting FED. R. CIV. P. 16 advisory committee's notes).

### A. Plaintiff Has Acted with Diligence

Plaintiff has been diligent in prosecuting this action. It is precisely through these diligent efforts—not a lack thereof—that the need for a schedule modification has become apparent. This initial discovery phase has underscored the factual complexity of the claims and defenses, necessitating a series of depositions to adequately develop the evidentiary record. Plaintiff reasonably anticipates that a complete factual record can only be developed through depositions of key individuals identified in initial disclosures and through forthcoming written discovery responses. The current scheduling constraints arise not from a failure of diligence, but from the practical realities of coordinating and executing necessary discovery in a factually intensive case, compounded by the Court's pending ruling on Defendants' Motion to Dismiss.

### B. Good Cause Exists to Modify the Scheduling Order

With diligence established, good cause exists here to amend the case management deadlines. A continuance is necessary to fulfill the central purpose of discovery: ensuring that the case is resolved based on a "full and accurate understanding of the true facts." *Weiss v. Standard Ins. Co.*, No. 08-80712-CIV, 2009 U.S. Dist. LEXIS 53951, at *4 (S.D. Fla. June 25, 2009).

The need for additional time is driven by several factors. First, the Court's pending ruling on Defendants' Motion to Dismiss, which has been fully briefed for over 90 days, may narrow the

scope of discovery and inform Plaintiff's deposition strategy. Second, the Parties require adequate time to coordinate and conduct depositions of key fact witnesses at both Defendant entities. Third, the current deadlines fall during the Thanksgiving and end-of-year holiday periods, creating practical scheduling difficulties. Forcing the Parties to proceed with truncated discovery would undermine their ability to properly evaluate their positions, prepare for dispositive motions, or engage in informed settlement negotiations. Such a result would disserve the overriding goal of the Federal Rules to achieve a just determination on the merits.

Granting this continuance serves the interests of judicial economy and the fair administration of justice. A fully developed factual record will enable the Parties to participate in a more meaningful and productive mediation, potentially resolving the case without further Court intervention. Furthermore, it will allow for the preparation of well-supported dispositive motions, which can streamline the issues for trial. Because Defendants do not oppose this request and it is brought for the proper purpose of ensuring a just and orderly resolution, an extension is warranted "in the interest of justice." *See BP Prods. N. Am. v. Super Stop #701, Inc.*, No. 08-61301-CIV, 2009 U.S. Dist. LEXIS 131620, at *7 (S.D. Fla. Sept. 1, 2009) (granting continuance to permit additional depositions and concluding that extension was warranted "in the interest of justice"). Accordingly, good cause exists to grant the relief requested.

C. **Proposed Modified Schedule**

To ensure the orderly progression of this matter, Plaintiff proposes the following modified deadlines, which reflect a continuance of approximately sixty (60) days:

a. **All discovery, including expert discovery, shall be completed: January 12, 2026**

    b. **All Daubert, summary judgment, and other dispositive motions must be filed: February 11, 2026**

    c. **Mediation shall be completed: March 23, 2026**

    d. **All pretrial motions and memoranda of law must be filed: April 9, 2026**

    e. **Joint Pretrial Stipulation must be filed: April 23, 2026**

    f. **Proposed jury instructions and/or proposed findings of fact and conclusions of law must be filed: May 11, 2026**

    g. **Trial Period: The two-week calendar beginning May 18, 2026**

This schedule allows for the completion of fact discovery and proper trial preparation while advancing the case in a timely manner. By allocating reasonable time for each critical litigation phase, the proposed schedule promotes judicial economy, conserves the parties' resources, and serves the overriding goal of resolving this matter on a complete and fairly developed record. For these reasons, Plaintiff respectfully requests that the Court adopt the modified schedule set forth above.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion and enter an Order adopting the proposed modified scheduling deadlines, and for any additional relief the Court deems just and proper.

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(3), I hereby certify that undersigned counsel conferred with counsel for the Defendants, who advised that Defendants agree that a sixty (60) day continuance of the discovery and pretrial deadlines is appropriate and does not oppose the relief sought herein.

Dated this 21st day of October, 2025,

Respectfully submitted,

**MACDONALD LAW, PLLC**

*/s/ Kyle T. MacDonald*
Kyle T. MacDonald, Esq.
Florida Bar No.: 1038749

420 SW 7th Street, Suite 1118
Miami, FL 33130
Tel: (786) 500-9675
kyle@macdonaldemploymentlaw.com

**VERIFICATION PURSUANT TO LOCAL RULE 7.6[1]**

I, Kyle T. MacDonald, declare under penalty of perjury that the foregoing is true and correct. Executed this 21st day of October, 2025.

*/s/ Kyle T. MacDonald*
Kyle T. MacDonald, Esq.
Florida Bar No.: 1038749

---

[1] Local Rule 7.6 requires motions for a continuance be "supported by affidavit setting forth a full showing of good cause." Accordingly, the parties are filing a verified motion, which "if sworn before a notary or executed in accordance with 28 U.S.C. § 1746, can be treated as an affidavit." *See Mora v. Nico's Transp.,* No. 08-20184-CIV-GOLD/McALILEY, 2008 U.S. Dist. LEXIS 125900, at *4 (S.D. Fla. May 8, 2008) (citing *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1444, n. 35 (11th Cir. 1991)).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document is being served on October 21, 2025, on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By: /s/ *Kyle T. MacDonald*
Kyle T. MacDonald, Esq.

## SERVICE LIST

**PATHMAN LAW, LLC**

Tara E. Faenza, Esq.
Florida Bar No.: 106928
tfaenza@pathmanlaw.com
Alejandra Muñiz Marcial, Esq.
Florida Bar No.: 1019266
amunizmarcial@pathmanlaw.com
One Biscayne Tower, Suite 2400
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 379-2425
Telefax No.: (305) 379-2420

*Counsel for Defendants GOAT HOSPITALITY GROUP LLC and WGOAT15 LLC*