UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CAROL ALVAREZ,

        Plaintiff,

v.

GOAT HOSPITALITY GROUP LLC,
and WGOAT15 LLC,

        Defendants.
_____/

CASE NO.: 1:24-CV-24135-JEM

UNITED STATES MAGISTRATE
JUDGE EDUARDO I. SANCHEZ

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES AND INITIAL DISCLOSURES

Plaintiff, CAROL ALVAREZ, pursuant to Federal Rule of Civil Procedure 37(a)(3), hereby moves to compel Defendants, GOAT HOSPITALITY GROUP LLC and WGOAT15 LLC, to cure critical deficiencies in their untimely discovery responses. Despite receiving a two-week extension, Defendants served responses fifteen days late, thereby waiving all objections under Local Rule 26.1(e)(2)(A). Despite this waiver, Defendants continue to withhold relevant evidence and the factual basis for their affirmative defenses. Furthermore, Defendants explicitly refuse to provide a privilege log as mandated by Local Rule 26.1(e)(2)(C). For these reasons, Plaintiff requests an Order compelling compliance and awarding reasonable expenses under Rule 37(a)(5)(A).

## BACKGROUND

Defendants' discovery responses were originally due October 6, 2025. Plaintiff granted a two-week extension, making the responses due October 20, 2025. Defendants failed to serve responses by that date. On October 24, 2025, Defendants stated responses would be provided by October 29, 2025. Defendants did not serve responses on that date. On October 29, Defendants

stated responses would be provided by November 1, 2025. Defendants did not serve responses on that date. On November 3, 2025, Defendants stated responses would be provided that day. Defendants did not serve responses on that date. Defendants served their responses on November 4, 2025—fifteen days after the October 20 deadline.

On November 5, 2025, Plaintiff conferred with Defendants via email, noting the automatic waiver of objections and requesting a privilege log pursuant to the local rules. Defendants declined to withdraw their objections or provide a privilege log. On November 20, 2025, Defendants served amended responses that continue to assert waived objections and lack required withholding statements.

## ARGUMENT

### I.      Defendants' Objections Are Waived Under Local Rule 26.1(e)(2)(A).

Local Rule 26.1(e)(2)(A) provides that "[a]ny ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived." S.D. Fla. L.R. 26.1(e)(2)(A). Defendants served their responses fifteen days late. Consequently, by the plain language of the Local Rules, they have waived all objections not based on privilege.

Courts in this District routinely enforce this waiver. *See Bluegreen Vacations Unlimited, Inc. v. Timeshare Termination Team, LLC*, No. 20-cv-25318, 2022 U.S. Dist. LEXIS 189323, at *10-11 (S.D. Fla. Oct. 17, 2022) ("[F]ailure to timely respond to discovery requests results in waiver of any objections.") (quoting *Whitwam v. JetCard Plus, Inc.*, 304 F.R.D. 664, 666 (S.D. Fla. 2015))); *see also Reese v. Alorica, Inc.*, No. 23-CV-24670-LENARD/Elfenbein, ECF No. 40 (S.D. Fla. June 4, 2024) (holding that because defendant "failed to respond to Plaintiff's discovery requests in a timely manner, all objections — except those based on attorney-client or work-product privilege — are waived").

Defendants cannot unilaterally resurrect these waived objections and attempt to circumvent the requirements of the Local Rules. Accordingly, the Court should order Defendants to produce all documents responsive to Plaintiff's Requests for Production and answer all Interrogatories without objection.

### II.     Defendants Must Provide Complete Discovery Responses.

Even assuming *arguendo* that Defendants had not waived their objections by providing untimely responses, which they have, their objections are entirely without merit. Defendants are withholding evidence central to liability and their own affirmative defenses.

#### A.     Evidence of a Joint Employment Relationship (RFPs 29, 31 & Interrogatory 4)

Plaintiff's Requests for Production 29 and 31 seek profit and loss statements and corporate formation documents. These records are essential to determining joint employer liability under Eleventh Circuit precedent. As the Eleventh Circuit has made clear, the following factors must be evaluated in determine joint employment, among others: (1) the nature and degree of control over the employee and who exercises that control; (2) who exercises the power to determine the employee's pay rate; (3) who is responsible for preparing the payroll and paying wages; (4) who has the opportunity for profit and loss; and (5) the ownership of the property or facilities where the employee works. *See Scott v. Sarasota Doctors Hosp., Inc.*, 688 F. App'x 878, 888-89 (11th Cir. 2017).

Defendants objected to these requests as "not reasonably calculated to lead to admissible evidence." Those objections should be overruled. Plaintiff requires the profit and loss statements and corporate formation documents to analyze exactly these factors. Similarly, Interrogatory 4 asks for the facts and persons involved in the determination that Defendants are not joint employers. While Defendants provided a narrative response, they assert privilege as to subparts

3

(a) and (b) without providing a privilege log to support those claims. Defendants must either answer the interrogatory fully or provide a privilege log identifying what specific information is being withheld.

### B.   Failure to Provide Withholding Statements

Federal Rule 34(b)(2)(C) requires that "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection." Defendants assert objections to multiple requests, including RFPs 29 and 31, but fail to state whether responsive documents are being withheld on those bases. Without withholding statements, Plaintiff cannot determine whether Defendants are producing all non-objectionable documents or improperly withholding responsive materials.

### III.   Defendants Must Provide Initial Disclosures Under Rule 26(a)(1)

Federal Rule 26(a)(1) requires parties to serve initial disclosures. Despite multiple conferral attempts and Plaintiff's repeated requests, Defendants have never served initial disclosures. Without these mandatory disclosures identifying individuals with discoverable information, relevant documents, damages computations, and insurance agreements, Plaintiff cannot adequately prepare for depositions or assess discoverable evidence. The Court should order Defendants to serve complete initial disclosures within seven days.

### IV.   Defendants Must Provide a Privilege Log Under Local Rule 26.1(e)(2)(C).

Local Rule 26.1(e)(2)(C) mandates that "a privilege log shall be prepared with respect to all documents, electronically stored information, things and oral communications withheld on the basis of a claim of privilege or work product protection." The privilege log must be served within fourteen days following service of any response from which information is withheld based on privilege. L.R. 26.1(e)(2)(D). In their responses, Defendants have withheld information and

documents on the basis of attorney-client privilege and marital privilege. This includes, but is not limited to, information related to the joint employer determination and communications between Derek Gonzalez, owner of GOAT Hospitality Group LLC, and Lisa Gonzalez, owner of WGOAT15 LLC. Despite multiple conferral attempts on this issue, Defendants refuse to produce a privilege log without any meaningful legal basis to support their position.

Without a privilege log, Plaintiff cannot evaluate Defendants' privilege assertions. This is critical as to Defendants' purported claims of marital privilege. There is no blanket marital privilege for business communications between spouses acting as corporate owners. *See Kleiman v. Wright*, No. 18-80176-CV, 2020 U.S. Dist. LEXIS 40195, at *10-11 (S.D. Fla. Mar. 9, 2020). Communications between Derek Gonzalez and Lisa Gonzalez regarding Plaintiff's employment and restaurant operations are business communications, not private marital communications. Without a privilege log, Plaintiff cannot challenge improper privilege assertions.

### V. Plaintiff is Entitled to Attorney's Fees.

Under Federal Rule of Civil Procedure 37(a)(5)(A), the Court must require the party whose conduct necessitated the motion to pay reasonable expenses. Defendants' failure to serve timely responses, serve initial disclosures, or comply with the unambiguous requirements of the Local Rules was not substantially justified and demonstrates a disregard for their discovery obligations.

### CONCLUSION

Plaintiff respectfully requests that the Court compel Defendants to, within seven (7) days: (a) serve initial disclosures; (b) serve a privilege log; (c) produce documents responsive to RFP Nos. 29 and 31 without objections and with compliant withholding statements; (d) serve complete responses to Interrogatory No. 4 without objection; and (e) award Plaintiff reasonable attorney's fees and costs incurred in bringing this Motion.

**CERTIFICATE OF CONFERRAL**

Pursuant to Local Rule 7.1(a)(3), undersigned counsel certifies that he has conferred with counsel for Defendants in a good faith effort to resolve the issues raised in this Motion and has been unable to do so.

Dated this 20th day of November, 2025,

        Respectfully submitted,

        **MACDONALD LAW, PLLC**

        */s/ Kyle T. MacDonald*
        Kyle T. MacDonald, Esq.
        Florida Bar No.: 1038749

        420 SW 7th Street, Suite 1118
        Miami, FL 33130
        Tel: (786) 500-9675
        kyle@macdonaldemploymentlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document is being served on November 20, 2025, on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ Kyle T. MacDonald*
Kyle T. MacDonald, Esq.

## SERVICE LIST

**PATHMAN LAW, LLC**

Tara E. Faenza, Esq.
Florida Bar No.: 106928
tfaenza@pathmanlaw.com
Alejandra Muñiz Marcial, Esq.
Florida Bar No.: 1019266
amunizmarcial@pathmanlaw.com
One Biscayne Tower, Suite 2400
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 379-2425
Telefax No.: (305) 379-2420

*Counsel for Defendants GOAT HOSPITALITY GROUP LLC and WGOAT15 LLC*