# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**COUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No.: 1:24-cv-24135-JEM

CAROL ALVAREZ
     *Plaintiff,*

v.

GOAT HOSPITALITY GROUP LLC and
WGOAT15 LLC
     *Defendants.*

_____/

## <u>DEFENDANT GOAT HOSPITALITY GROUP LLC'S AMENDED RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION</u>

Defendant GOAT HOSPITALITY GROUP LLC ("GOAT"), by and through undersigned counsel, and pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby responds to Plaintiff's First Request for Production as follows:

### <u>RESPONSES</u>

1.    The complete personnel file of Plaintiff CAROL ALVAREZ, including but not limited to: (a) employment applications, resumes, and offer letters; (b) employment agreements, contracts, or offer letters; (c) I-9, W-4, and all other new-hire paperwork; (d) all documents concerning job duties, job descriptions, or work responsibilities; (e) all documents concerning compensation, including salary and benefits information; (f) all performance evaluations, reviews, or appraisals; (g) all documents concerning any commendation, award, or praise; (h) all documents concerning any complaint, criticism, warning, counseling, or disciplinary action of any kind; (i) all documents concerning attendance, absenteeism, or requests for any form of leave; (j) all documents signed by Plaintiff acknowledging receipt of any employee handbook or policy; and (k) all documents concerning her separation from employment, including termination memoranda and exit interview notes.

<u>Response</u>:

**Attached to the extent such documents exist.**

2.    The complete personnel file of RICHARD FUENTES, including but not limited to: (a) employment applications, resumes, and offer letters; (b) all documents concerning job duties and compensation; (c) all performance evaluations; (d) all documents concerning any complaints made by or against him; (e) all disciplinary records; and (f) all documents concerning his separation from employment.

**Response**:

**Defendant objects to this request because it is not reasonably calculated to lead to admissible evidence, specifically all information requested pertaining to any payment, resumes, or the entirety of the personnel file. Notwithstanding and without waiving the foregoing objections, Defendant is not in possession of these documents directed towards Richard Fuentes, as he was not an employee.**

3.      The complete personnel file of MAXIMILLIANO CARVALLO, including but not limited to: (a) employment applications, resumes, and offer letters; (b) all documents concerning job duties and compensation; (c) all performance evaluations; (d) all documents concerning any complaints made by or against him; (e) all disciplinary records; and (f) all documents concerning his separation from employment.

**Response**:

**Defendant objects to this request because it is not reasonably calculated to lead to admissible evidence, specifically all information requested pertaining to any payment, resumes, or the entirety of the personnel file. Notwithstanding and without waiving the foregoing objections, Defendant attaches the documents associated with the investigation of the complaint in this case. Prior to Plaintiff's Complaint, no other complaints existed.**

4.      The complete personnel file of ERIC GARCIA, including but not limited to: (a) employment applications, resumes, and offer letters; (b) all documents concerning job duties and compensation; (c) all performance evaluations; (d) all documents concerning any complaints made by or against him; (e) all disciplinary records; and (f) all documents concerning his separation from employment.

**Response**:

**Defendant objects to this request because it is not reasonably calculated to lead to admissible evidence, specifically all information requested pertaining to any payment, resumes, or the entirety of the personnel file.  Notwithstanding and without waiving the foregoing objections, no complaints exist pertaining to Mr. Garcia. For reasons unrelated to the Plaintiff, Mr. Garcia was separated from WGOAT 15, LLC.**

5.      The complete personnel file of ABELARDO 'TITO' VARGAS, including but not limited to: (a) employment applications, resumes, and offer letters; (b) all documents concerning job duties and compensation; (c) all performance evaluations; (d) all documents concerning any complaints made by or against him; (e) all disciplinary records; and (f) all documents concerning his separation from employment.

**Response**:

**Defendant objects to this request because it is not reasonably calculated to lead to admissible evidence, specifically all information requested pertaining to any payment, resumes, or the entirety of the personnel file. Notwithstanding and without waiving the**

foregoing objections, Defendant attaches the documents associated with the investigation of the complaint in this case. Prior to Plaintiff's Complaint, no other complaints existed.

6.      All organizational charts for Defendant GOAT Hospitality Group LLC and WGOAT15 LLC in effect from January 1, 2023, to the present.

**Response**:

**Defendant objects to this request because it is not reasonably calculated to lead to admissible evidence. As it relates to WGOAT 15 LLC, the company does not exist.**

7.      All documents concerning any instance of alleged poor performance or misconduct by Plaintiff ALVAREZ during her employment.

**Response**:

**Defendant asserts that the evidence exists in oral testimony.**

8.      All documents, communications, reports, and records, from January 1, 2022, to the present, related to any complaint of discrimination, harassment, or retaliation made by any employee against any manager or supervisor at the ADDIKT restaurant.

**Response**:

**Defendant objects to this request because it is not reasonably calculated to lead to admissible evidence, specifically in that this is not limited to any of the persons alleged in this Complaint. Notwithstanding and without waiving the foregoing objections, Defendant attaches the documents associated with the investigation of the complaint in this case.**

9.      The complete investigation file for each complaint identified in the preceding request, including but not limited to investigator notes, witness statements, evidence gathered, and final investigation reports.

**Response**:

**Defendant attaches the documents associated with the investigation of the complaint in this case.**

10.     All communications from January 1, 2023, to the present, between any of Defendants' managers or officers regarding the termination or constructive discharge of Plaintiff ALVAREZ.

**Response**:

**None. Plaintiff resigned. The written resignation of Plaintiff is attached, with communications associated therewith.**

11.     All non-privileged internal communications from January 1, 2023, to the present, between Defendants' managers or officers discussing Plaintiff ALVAREZ or the claims asserted in this lawsuit.

**Response**:

**To the extent non-privileged, attached.**

12.     All communications from January 1, 2022, to the present, that support the contention that any of Plaintiff ALVAREZ's allegations are false or fabricated.

**Response**:

**Attached.**

13.     All communications from January 1, 2022, to the present, between RICHARD FUENTES, MAXIMILLIANO CARVALLO, ERIC GARCIA, or ABELARDO VARGAS and any other of Defendants' employees, relating to Plaintiff ALVAREZ.

**Response**:

**Defendant objects to the extent such communications are not in the care, custody or control of Defendant. Otherwise, attached.**

14.     All documents and communications provided to any federal, state, or local government agency (including the EEOC, FCHR, and MDCHR) regarding Plaintiff ALVAREZ, including Defendants' complete investigation file and all submitted position statements.

**Response**:

**Attached.**

15.     All sworn or unsworn statements, from January 1, 2023, to the present, taken from any witness concerning the subject matter of this litigation.

**Response**:

**Attached.**

16.     All documents relating to Defendants' policies or procedures regarding sexual harassment which were in effect from January 1, 2022, to the present.

**Response**:
**Attached.**

17.     All documents relating to Defendants' policies or procedures regarding pregnancy discrimination which were in effect from January 1, 2022, to the present.

**Response**:

**Attached.**

18.     All documents relating to Defendants' policies or procedures regarding retaliation which were in effect from January 1, 2022, to the present.

**Response**:

**Attached.**

19.     All documents relating to Defendants' policies or procedures regarding the investigation of employee complaints which were in effect from January 1, 2022, to the present.

**Response**:

**Attached.**

20.     All documents relating to Defendants' policies or procedures for employee discipline, including counseling, warnings, and termination, which were in effect from January 1, 2022, to the present.

**Response**:

**To the extent applicable, attached.**

21.     All versions of Defendants' employee handbook in effect from January 1, 2022, to the present.

**Response**:

**Attached.**

22.     All documents and training materials (including presentations, videos, and handouts) used for training non-managerial employees regarding the prevention of workplace harassment, discrimination, and retaliation from January 1, 2022, to the present.

**Response**:

**Attached.**

23.     All documents and training materials (including presentations, videos, and handouts) used for training managers and supervisors regarding the prevention of workplace harassment, discrimination, and retaliation from January 1, 2022, to the present.

**Response**:

**Attached.**

24.   All records from January 1, 2022, to the present, documenting the completion of training identified in the preceding two requests by any employee or manager, including all sign- in sheets or certifications.

**Response**:

**Defendant objects to this request because it is not reasonably calculated to lead to admissible evidence, specifically in that this is not limited to any of the persons alleged in this Complaint, specifically that it calls for "any employee or manager."**

25.   All documents relating to Defendants' policies or procedures regarding reasonable accommodations under the PWFA and other applicable laws, which were in effect from January 1, 2022, to the present.

**Response**:

**Attached.**

26.   All documents concerning money paid by Defendants to Plaintiff ALVAREZ from January 1, 2022, to the present, including all payroll records, W-2 forms, and 1099 forms.

**Response**:

**Attached.**

27.   All timesheets and clock-in/clock-out records for Plaintiff ALVAREZ for the duration of her employment.

**Response**:

**Defendants assert that GOAT does not have access to these records. ADDIKT is no longer functional and does not have access to historical time-card records. All clock-in/clock-out records were maintained by a separate payroll processor, and back-ups were not provided. Defendant GOAT has engaged in a diligent search and has provided or will supplement any document production with all clock-in/clock-out records for Plaintiff.**

28.   All insurance policies pursuant to which any portion of the claims alleged in this case may be indemnified.

**Response**:

**None.**

29.     Monthly profit and loss statements and revenue reports for the ADDIKT restaurant from January 1, 2022, to the present date.

**Response**:

**Defendant objects to this request because it is not reasonably calculated to lead to admissible evidence, Defendants have not alleged that they do not qualify for any of the alleged statutes due to revenue, which is not a qualifying element. Notwithstanding and without waiving the foregoing objections, ADDIKT was not profitable and ceased to operate two weeks after Plaintiff's voluntary resignation. For the purposes of clarity, GOAT does not maintain or keep profit and loss statements and revenue reports for ADDIKT, as the companies are separate.**

30.     All documents concerning any reduction in force, layoff, or significant reduction in employee hours at the ADDIKT restaurant from September 2023 through February 2024.

**Response**:

**Defendant objects to this request because it is not reasonably calculated to lead to admissible evidence. Notwithstanding and without waiving the foregoing objections, Defendant attaches the termination of lease agreement demonstrating the ceased operations.**

31.     All articles of incorporation, bylaws, and minutes of any board of directors or member meetings for GOAT Hospitality Group LLC and WGOAT15 LLC from January 1, 2022, to the present.

**Response**:

**Defendant objects to this request because it is not reasonably calculated to lead to admissible evidence. As it relates to any documents, none exist except those publicly available on Sunbiz.**

32.     All documents reflecting the document retention and destruction policy for Defendants in effect from January 1, 2022, to the present.

**Response**:

**Defendant objects to this request because it is not reasonably calculated to lead to admissible evidence.**

33.     All documents from January 1, 2023, to August 31, 2023, that reflect or refer to the day-to-day involvement of any common officers or managers between GOAT Hospitality Group LLC and WGOAT15 LLC.

**Response**:

**Defendant objects to this request because it is not reasonably calculated to lead to admissible evidence. Notwithstanding and without waiving the foregoing objections, there are no common officers and managers between GOAT and WGOAT 15 LLC during the relevant periods. For the purposes of clarity: none.**

34.  All documents from January 1, 2023, to August 31, 2023, that reflect or refer to any centralized control of labor relations between GOAT Hospitality Group LLC and WGOAT15 LLC.

**Response**:

**Defendant objects to this request because it asks for a compilation, summary, or analysis of documents or information. Creating such a compilation or summary would require undue effort and is beyond the scope of standard discovery requests. Defendant objects to the extent that such information requests privileged and/or attorney work product. For the purposes of clarity: none.**

35.  All documents related to any complaint, whether formal or informal, made by Plaintiff ALVAREZ to any manager or Human Resources representative concerning her pregnancy, requests for accommodation, or treatment by other employees.

**Response**:

**Defendant responds that Plaintiff complained about sexual harassment, not about pregnancy discrimination. Defendant attaches all documents pertaining to any such complaint, doctor's notes, but does not have any records reflecting any request for accommodation. GOAT has conducted a diligent search of its records and provided all in its care, custody, or control.**

36.  All documents, including notes, emails, and memoranda, concerning any investigation into the complaints made by Plaintiff ALVAREZ.

**Response**:

**Attached. All documents provided by either GOAT or ADDIKT employees are provided as is and were not created on any company-owned device. Therefore, neither GOAT nor ADDIKT have access to personal cell phones of former employees of GOAT and/or ADDIKT, respectively. ADDIKT has conducted a diligent search of its records and provided all in its care, custody, or control.**

37.  All documents showing the scheduled work hours for Plaintiff ALVAREZ for each week of her employment.

**Response**:

**Defendant objects to this request because it is not reasonably calculated to lead to admissible evidence.**

38.  All documents showing the scheduled work hours for all other non-pregnant Line Cooks for each week between October 2023 and December 2023.

**Response**:

**Defendant objects to this request because it is not reasonably calculated to lead to admissible evidence.**

39.  All documents related to Plaintiff ALVAREZ's request for medical leave in or around February 2024, including the FMLA paperwork referenced in the Amended Complaint.

**Response**:

**Attached. Defendant notes that neither Plaintiff nor Defendant qualify for the FMLA alone or combined and Plaintiff would not qualify for FMLA leave regardless, as she was not employed long enough.**

40.  All communications between ABELARDO VARGAS and Plaintiff ALVAREZ regarding her need for restroom breaks or meal breaks.

**Response**:

**Defendant is not aware of any communications between ABDELARDO VARGAS and Plaintiff regarding any alleged need for restroom breaks or meal breaks. Neither GOAT nor ADDIKT have access to personal cell phones of former employees of ADDIKT, respectively. GOAT has conducted a diligent search of its records and provided all in its care, custody, or control – which are none.**

41.  All communications between ERIC GARCIA and Plaintiff ALVAREZ regarding her lifting restrictions.

**Response**:

**Defendant is not aware of any communications between ABDELARDO VARGAS and Plaintiff regarding any alleged lifting restrictions. Neither GOAT nor ADDIKT have access to personal cell phones of former employees of ADDIKT, respectively. GOAT has conducted a diligent search of its records and provided all in its care, custody, or control – which are none.**

42.  All written policies or guidelines regarding employee breaks, including for meals and restroom use, that were in effect during Plaintiff's employment.

**Response**:

**None.**

43.    All documents reflecting any disciplinary action taken against RICHARD FUENTES or MAXIMILLIANO CARVALLO as a result of Plaintiff's complaints.

**Response**:

**None.**

44.    The complete personnel files of any other employees who complained about pregnancy-related discrimination or harassment from January 1, 2022, to the present.

**Response**:

**Defendant objects to this request because it is not reasonably calculated to lead to admissible evidence in that it does not limit this request to WGOAT 15 LLC. Notwithstanding and without waiving the foregoing objections, as it relates to WGOAT 15 LLC, none.**

45.    All documents that relate to or pertain to the severance offer made to Plaintiff, including but not limited to drafts of any severance agreements and communications regarding the terms of the offer.

**Response**:

**Defendant objects to the extent this explicitly seeks attorney-client privileged information and inadmissible settlement discussions.**

46.    All documents you intend to introduce at trial or in support of any motion for summary judgment.

**Response**:

**Defendant asserts it is continuing to engage in discovery and that the claims and defenses in this case remain in question, as a Motion to Dismiss remains pending before the Court.**

47.    All reports, notes, and correspondence prepared by any expert witness you intend to call in this matter.

**Response**:

**Defendant asserts it will disclose such information in accordance with the Court's trial orders.**

48.    All documents identified in your answers to Plaintiff's First Set of Interrogatories that have not already been produced.

**Response**:

**Attached.**

49.     All documents that relate to or support any affirmative defense you intend to assert in this action.

**Response**:

**Attached.**

Date: November 20, 2025                     **PATHMAN LAW, LLC**
                                            *Counsel for Defendants*
                                            One Biscayne Tower – Suite 2400
                                            2 South Biscayne Boulevard
                                            Miami, Florida 33131
                                            Telephone No.: (305) 379-2425
                                            Telefax No.: (305) 379-2420

                                            By: /s/ *Tara E. Faenza*_____
                                                Tara E. Faenza, Esq.
                                                Florida Bar No.: 106928
                                                tfaenza@pathmanlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 20, 2025, a true and correct copy of the foregoing was served on all counsel of record, identified on the Service List via CM/ECF.

                                            By: /s/ *Tara E. Faenza*_____
                                                Tara E. Faenza, Esq.
                                                Florida Bar No.: 106928
                                                tfaenza@pathmanlaw.com

**Service List**
Kyle T. MacDonald, Esq.
Counsel for Plaintiff
MacDonald Law, PLLC
420 SW 7th Street – Suite 1118
Miami, FL 33130
kyle@macdonaldemploymentlaw.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No.: 1:24-cv-24135-JEM

CAROL ALVAREZ
    *Plaintiff,*

v.

GOAT HOSPITALITY GROUP LLC and
WGOAT15 LLC
    *Defendants.*
_____/

## DEFENDANT WGOAT15 LLC'S AMENDED RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

Defendant WGOAT15 LLC ("ADDIKT"), by and through undersigned counsel, and pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby responds to Plaintiff's First Request for Production as follows:

### RESPONSES

1.    The complete personnel file of Plaintiff CAROL ALVAREZ, including but not limited to: (a) employment applications, resumes, and offer letters; (b) employment agreements, contracts, or offer letters; (c) I-9, W-4, and all other new-hire paperwork; (d) all documents concerning job duties, job descriptions, or work responsibilities; (e) all documents concerning compensation, including salary and benefits information; (f) all performance evaluations, reviews, or appraisals; (g) all documents concerning any commendation, award, or praise; (h) all documents concerning any complaint, criticism, warning, counseling, or disciplinary action of any kind; (i) all documents concerning attendance, absenteeism, or requests for any form of leave; (j) all documents signed by Plaintiff acknowledging receipt of any employee handbook or policy; and (k) all documents concerning her separation from employment, including termination memoranda and exit interview notes.

**Response**:

**Attached to the extent such documents exist.**

2.    The complete personnel file of RICHARD FUENTES, including but not limited to: (a) employment applications, resumes, and offer letters; (b) all documents concerning job duties and compensation; (c) all performance evaluations; (d) all documents concerning

any complaints made by or against him; (e) all disciplinary records; and (f) all documents concerning his separation from employment.

**Response**:

**Defendant objects to this request because it is not reasonably calculated to lead to admissible evidence, specifically all information requested pertaining to any payment, resumes, or the entirety of the personnel file. Notwithstanding and without waiving the foregoing objections, Defendant is not in possession of these documents directed towards Richard Fuentes, as he was not an employee.**

3.     The complete personnel file of MAXIMILLIANO CARVALLO, including but not limited to: (a) employment applications, resumes, and offer letters; (b) all documents concerning job duties and compensation; (c) all performance evaluations; (d) all documents concerning any complaints made by or against him; (e) all disciplinary records; and (f) all documents concerning his separation from employment.

**Response**:

**Defendant objects to this request because it is not reasonably calculated to lead to admissible evidence, specifically all information requested pertaining to any payment, resumes, or the entirety of the personnel file. Notwithstanding and without waiving the foregoing objections, Defendant attaches the documents associated with the investigation of the complaint in this case. Prior to Plaintiff's Complaint, no other complaints existed.**

4.     The complete personnel file of ERIC GARCIA, including but not limited to: (a) employment applications, resumes, and offer letters; (b) all documents concerning job duties and compensation; (c) all performance evaluations; (d) all documents concerning any complaints made by or against him; (e) all disciplinary records; and (f) all documents concerning his separation from employment.

**Response**:

**Defendant objects to this request because it is not reasonably calculated to lead to admissible evidence, specifically all information requested pertaining to any payment, resumes, or the entirety of the personnel file.  Notwithstanding and without waiving the foregoing objections, no complaints exist pertaining to Mr. Garcia. For reasons unrelated to the Plaintiff, Mr. Garcia was separated from GOAT due to restructuring of a specific project and change in ownership.**

5.     The complete personnel file of ABELARDO 'TITO' VARGAS, including but not limited to: (a) employment applications, resumes, and offer letters; (b) all documents concerning job duties and compensation; (c) all performance evaluations; (d) all documents concerning any complaints made by or against him; (e) all disciplinary records; and (f) all documents concerning his separation from employment.

**Response**:

**Defendant objects to this request because it is not reasonably calculated to lead to admissible evidence, specifically all information requested pertaining to any payment, resumes, or the entirety of the personnel file. Notwithstanding and without waiving the foregoing objections, Defendant attaches the documents associated with the investigation of the complaint in this case. Prior to Plaintiff's Complaint, no other complaints existed**

6.    All organizational charts for Defendant GOAT Hospitality Group LLC and WGOAT15 LLC in effect from January 1, 2023, to the present.

**Response**:

**Defendant objects to this request because it is not reasonably calculated to lead to admissible evidence. As it relates to ADDIKT, the company does not operate.**

7.    All documents concerning any instance of alleged poor performance or misconduct by Plaintiff ALVAREZ during her employment.

**Response**:

**Defendant asserts that the evidence exists in oral testimony.**

8.    All documents, communications, reports, and records, from January 1, 2022, to the present, related to any complaint of discrimination, harassment, or retaliation made by any employee against any manager or supervisor at the ADDIKT restaurant.

**Response**:

**Defendant objects to this request because it is not reasonably calculated to lead to admissible evidence, specifically in that this is not limited to any of the persons alleged in this Complaint. Notwithstanding and without waiving the foregoing objections, Defendant attaches the documents associated with the investigation of the complaint in this case.**

9.    The complete investigation file for each complaint identified in the preceding request, including but not limited to investigator notes, witness statements, evidence gathered, and final investigation reports.

**Response**:

**Defendant attaches the documents associated with the investigation of the complaint in this case.**

10.     All communications from January 1, 2023, to the present, between any of Defendants' managers or officers regarding the termination or constructive discharge of Plaintiff ALVAREZ.

**Response**:

**None. Plaintiff resigned. The written resignation of Plaintiff is attached, with communications associated therewith**

11.     All non-privileged internal communications from January 1, 2023, to the present, between Defendants' managers or officers discussing Plaintiff ALVAREZ or the claims asserted in this lawsuit.

**Response**:

**To the extent non-privileged, attached.**

12.     All communications from January 1, 2022, to the present, that support the contention that any of Plaintiff ALVAREZ's allegations are false or fabricated.

**Response**:

**Attached.**

13.     All communications from January 1, 2022, to the present, between RICHARD FUENTES, MAXIMILLIANO CARVALLO, ERIC GARCIA, or ABELARDO VARGAS and any other of Defendants' employees, relating to Plaintiff ALVAREZ.

**Response**:

**Defendant objects to the extent such communications are not in the care, custody or control of Defendant. Otherwise, attached.**

14.     All documents and communications provided to any federal, state, or local government agency (including the EEOC, FCHR, and MDCHR) regarding Plaintiff ALVAREZ, including Defendants' complete investigation file and all submitted position statements.

**Response**:

**Attached.**

15.     All sworn or unsworn statements, from January 1, 2023, to the present, taken from any witness concerning the subject matter of this litigation.

**Response**:

**Attached.**

16.    All documents relating to Defendants' policies or procedures regarding sexual harassment which were in effect from January 1, 2022, to the present.

**Response**:

**Attached.**

17.    All documents relating to Defendants' policies or procedures regarding pregnancy discrimination which were in effect from January 1, 2022, to the present.

**Response**:

**Attached.**

18.    All documents relating to Defendants' policies or procedures regarding retaliation which were in effect from January 1, 2022, to the present.

**Response**:

**Attached**

19.    All documents relating to Defendants' policies or procedures regarding the investigation of employee complaints which were in effect from January 1, 2022, to the present.

**Response**:

**To the extent applicable, attached.**

20.    All documents relating to Defendants' policies or procedures for employee discipline, including counseling, warnings, and termination, which were in effect from January 1, 2022, to the present.

**Response**:

**To the extent applicable, attached.**

21.    All versions of Defendants' employee handbook in effect from January 1, 2022, to the present.

**Response**:

**Attached.**


22.     All documents and training materials (including presentations, videos, and handouts) used for training non-managerial employees regarding the prevention of workplace harassment, discrimination, and retaliation from January 1, 2022, to the present.

**Response**:

**Attached.**

23.     All documents and training materials (including presentations, videos, and handouts) used for training managers and supervisors regarding the prevention of workplace harassment, discrimination, and retaliation from January 1, 2022, to the present.

**Response**:

**Attached.**

24.     All records from January 1, 2022, to the present, documenting the completion of training identified in the preceding two requests by any employee or manager, including all sign- in sheets or certifications.

**Response**:

**Defendant objects to this request because it is not reasonably calculated to lead to admissible evidence, specifically in that this is not limited to any of the persons alleged in this Complaint, specifically that it calls for "any employee or manager."**

25.     All documents relating to Defendants' policies or procedures regarding reasonable accommodations under the PWFA and other applicable laws, which were in effect from January 1, 2022, to the present.

**Response**:

**Attached.**

26.     All documents concerning money paid by Defendants to Plaintiff ALVAREZ from January 1, 2022, to the present, including all payroll records, W-2 forms, and 1099 forms.

**Response**:

**Attached.**

27.     All timesheets and clock-in/clock-out records for Plaintiff ALVAREZ for the duration of her employment.

**Response**:

**Defendants assert that ADDIKT is no longer functional and does not have access to historical time-card records. All clock-in/clock-out records were maintained by a separate payroll processor, and back-ups were not provided. Defendant ADDIKT has engaged in a diligent search and has provided or will supplement any document production with all clock-in/clock-out records for Plaintiff.**

28.     All insurance policies pursuant to which any portion of the claims alleged in this case may be indemnified.

**Response**:

**None.**

29.     Monthly profit and loss statements and revenue reports for the ADDIKT restaurant from January 1, 2022, to the present date.

**Response**:

**Defendant objects to this request because it is not reasonably calculated to lead to admissible evidence, Defendants have not alleged that they do not qualify for any of the alleged statutes due to revenue, which is not a qualifying element. Notwithstanding and without waiving the foregoing objections, ADDIKT was not profitable and ceased to operate two weeks after Plaintiff's voluntary resignation. For the purposes of clarity, such documents do not exist.**

30.     All documents concerning any reduction in force, layoff, or significant reduction in employee hours at the ADDIKT restaurant from September 2023 through February 2024.

**Response**:

**Defendant objects to this request because it is not reasonably calculated to lead to admissible evidence. Notwithstanding and without waiving the foregoing objections, Defendant attaches the termination of lease agreement demonstrating the ceased operations.**

31.     All articles of incorporation, bylaws, and minutes of any board of directors or member meetings for GOAT Hospitality Group LLC and WGOAT15 LLC from January 1, 2022, to the present.

**Response**:

**Defendant objects to this request because it is not reasonably calculated to lead to admissible evidence. As it relates to any documents, none exist except those publicly available on Sunbiz.**

32.     All documents reflecting the document retention and destruction policy for Defendants in effect from January 1, 2022, to the present.

**Response**:

**Defendant objects to this request because it is not reasonably calculated to lead to admissible evidence.**

33.     All documents from January 1, 2023, to August 31, 2023, that reflect or refer to the day-to-day involvement of any common officers or managers between GOAT Hospitality Group LLC and WGOAT15 LLC.

**Response**:

**Defendant objects to this request because it is not reasonably calculated to lead to admissible evidence. Notwithstanding and without waiving the foregoing objections, there are no common officers and managers between GOAT and WGOAT 15 LLC during the relevant periods.  For the purposes of clarity: none.**

34.     All documents from January 1, 2023, to August 31, 2023, that reflect or refer to any centralized control of labor relations between GOAT Hospitality Group LLC and WGOAT15 LLC.

**Response**:

**Defendant objects to this request because it asks for a compilation, summary, or analysis of documents or information. Creating such a compilation or summary would require undue effort and is beyond the scope of standard discovery requests. Defendant objects to the extent that such information requests privileged and/or attorney work product. For the purposes of clarity: none.**

35.     All documents related to any complaint, whether formal or informal, made by Plaintiff ALVAREZ to any manager or Human Resources representative concerning her pregnancy, requests for accommodation, or treatment by other employees.

**Response**:

**Defendant responds that Plaintiff only complained about sexual harassment, not about pregnancy discrimination. Defendant attaches all documents pertaining to any such complaint, doctor's notes, but does not have any records reflecting any request for**

**accommodation other than for time off. ADDIKT has conducted a diligent search of its records and provided all in its care, custody, or control.**

36.     All documents, including notes, emails, and memoranda, concerning any investigation into the complaints made by Plaintiff ALVAREZ.

**Response**:

**Attached. All documents provided by either GOAT or ADDIKT employees are provided as is and were not created on any company-owned device. Therefore, neither GOAT nor ADDIKT have access to personal cell phones of former employees of GOAT and/or ADDIKT, respectively. ADDIKT has conducted a diligent search of its records and provided all in its care, custody, or control.**

37.     All documents showing the scheduled work hours for Plaintiff ALVAREZ for each week of her employment.

**Response**:

**Defendant objects to this request because it is not reasonably calculated to lead to admissible evidence.**

38.     All documents showing the scheduled work hours for all other non-pregnant Line Cooks for each week between October 2023 and December 2023.

**Response**:

**Defendant objects to this request because it is not reasonably calculated to lead to admissible evidence.**

39.     All documents related to Plaintiff ALVAREZ's request for medical leave in or around February 2024, including the FMLA paperwork referenced in the Amended Complaint.

**Response**:

**Attached. Defendant notes that neither Plaintiff nor either Defendant qualify for the FMLA.**

40.     All communications between ABELARDO VARGAS and Plaintiff ALVAREZ regarding her need for restroom breaks or meal breaks.

**Response**:

**Defendant is not aware of any communications between ABDELARDO VARGAS and Plaintiff regarding any alleged need for restroom breaks or meal breaks. Neither GOAT nor ADDIKT have access to personal cell phones of former employees of GOAT and/or ADDIKT, respectively. ADDIKT has conducted a diligent search of its records and provided all in its care, custody, or control – which are none.**

41.    All communications between ERIC GARCIA and Plaintiff ALVAREZ regarding her lifting restrictions.

**Response**:

**Defendant is not aware of any communications between ABDELARDO VARGAS and Plaintiff regarding any alleged lifting restrictions. Neither GOAT nor ADDIKT have access to personal cell phones of former employees of GOAT and/or ADDIKT, respectively. ADDIKT has conducted a diligent search of its records and provided all in its care, custody, or control – which are none.**

42.    All written policies or guidelines regarding employee breaks, including for meals and restroom use, that were in effect during Plaintiff's employment.

**Response**:

**None.**

43.    All documents reflecting any disciplinary action taken against RICHARD FUENTES or MAXIMILLIANO CARVALLO as a result of Plaintiff's complaints.

**Response**:

**None.**

44.    The complete personnel files of any other employees who complained about pregnancy-related discrimination or harassment from January 1, 2022, to the present.

**Response**:

**None.**

45.    All documents that relate to or pertain to the severance offer made to Plaintiff, including but not limited to drafts of any severance agreements and communications regarding the terms of the offer.

**Response**:

**Defendant objects to the extent this explicitly seeks attorney-client privileged information and inadmissible settlement discussions.**

46.     All documents you intend to introduce at trial or in support of any motion for summary judgment.

**Response**:

**Defendant asserts it is continuing to engage in discovery and that the claims and defenses in this case remain in question, as a Motion to Dismiss remains pending before the Court.**

47.     All reports, notes, and correspondence prepared by any expert witness you intend to call in this matter.

**Response**:

**Defendant asserts it will disclose such information in accordance with the Court's trial orders.**

48.     All documents identified in your answers to Plaintiff's First Set of Interrogatories that have not already been produced.

**Response**:

**Attached**

49.     All documents that relate to or support any affirmative defense you intend to assert in this action.

**Response**:
**Attached**

Date: November 20, 2025

**PATHMAN LAW, LLC**
*Counsel for Defendants*
One Biscayne Tower – Suite 2400
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 379-2425
Telefax No.: (305) 379-2420

By: */s/ Tara E. Faenza*
      Tara E. Faenza, Esq.
      Florida Bar No.: 106928
      tfaenza@pathmanlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on November 20, 2025, a true and correct copy of the foregoing

was served on all counsel of record, identified on the Service List via CM/ECF.


By: <u>/s/ *Tara E. Faenza*</u>
Tara E. Faenza, Esq.
Florida Bar No.: 106928
tfaenza@pathmanlaw.com


**<u>Service List</u>**
Kyle T. MacDonald, Esq.
Counsel for Plaintiff
MacDonald Law, PLLC
420 SW 7th Street – Suite 1118
Miami, FL 33130
kyle@macdonaldemploymentlaw.com