UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-24135-CIV-MARTINEZ/SANCHEZ

CAROL ALVAREZ,

    Plaintiff,

v.

GOAT HOSPITALITY GROUP LLC, and
WGOAT15 LLC,

    Defendants.
_____/

**ORDER ON PLAINTIFF'S MOTION TO COMPEL
DISCOVERY RESPONSES AND INITIAL DISCLOSURES**

On December 11, 2025, this Court held a hearing on Plaintiff's Motion to Compel Discovery Responses and Initial Disclosures. ECF No. 25.[1] Defendants had not filed any response to Plaintiff's motion. *See* ECF No. 26. The Court announced its rulings on the issues raised on the record of the hearing, together with supporting reasoning. This Order memorializes those rulings on the docket.

After careful review of Plaintiff's motion, the pertinent portions of the record, including Defendants' discovery responses, the applicable law, and the parties' arguments at the December 11 hearing, and the Court otherwise being fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** that:

(1) Plaintiff's request to compel initial disclosures is **DENIED AS MOOT** because Defendants had provided their initial disclosures to Plaintiff, before seeing Plaintiff's motion to compel, on the same date that Plaintiff filed the instant motion.

---

[1] The Honorable Jose E. Martinez, United States District Judge, referred this case to the undersigned for all discovery motions. ECF No. 14.

(2) Plaintiff's request to compel Defendants to serve a privilege log is **DENIED AS MOOT** given defense counsel's representation that the only grounds upon which privilege was being asserted was attorney-client privileged communications between Defendants and their counsel after the commencement of this action and work product created after the commencement of this action, neither of which need to be included in a privilege log under Local Rule 26.1(e)(2)(c).

(3) Plaintiff's general request to compel Defendants to provide Plaintiff with a statement of the documents withheld in response to Plaintiff's discovery requests is **DENIED AS MOOT** given the representation of Defendants' counsel that no documents were withheld other than documents that were privileged attorney-client communications occurring after the commencement of this action and work product created after the commencement of this action.

(4) Plaintiff's request to compel Defendants to respond to Interrogatory No. 4 is **DENIED AS MOOT** because Defendants had fully responded to that request.

(5) Plaintiff's request to compel Defendants to produce documents in response to Request for Production ("RFP") No. 29 is **DENIED AS MOOT** given that Defendants had responded—and confirmed at the hearing—that the requested documents do not exist. *See* ECF No. 25-2 at 8, 19.

(6) Plaintiff's request to compel Defendants to produce documents in response to RFP No. 31 is **DENIED AS MOOT** given that Defendants had responded—and confirmed at the hearing—that no responsive documents exist other than "those publicly available on Sunbiz" and that Plaintiff does not seek separate production of those publicly-available documents. *See* ECF No. 25-2 at 8, 20.

(7) Plaintiff's request for reasonable attorney's fees and costs incurred in bringing this motion is **DENIED** given that Defendants' discovery responses and production were substantially justified notwithstanding the objections that they raised and that the

circumstances present in this case otherwise make an award of expenses unjust under Fed. R. Civ. P. 37(a)(5).

**DONE AND ORDERED** in Chambers in Miami, Florida, this 11th day of December 2025.

_____
EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc:    Hon. Jose E. Martinez
       Counsel of Record