**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CAROL ALVAREZ,

        Plaintiff,

v.	CASE NO.: 1:24-CV-24135-RKA

GOAT HOSPITALITY GROUP LLC,
and WGOAT15 LLC,

        Defendants.
_____/

**PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER DENYING**
**MOTION TO COMPEL DISCOVERY RESPONSES AND INITIAL DISCLOSURES**

Plaintiff, CAROL ALVAREZ, by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 72(a), hereby respectfully files the following Objections to the United States Magistrate Judge Eduardo I. Sanchez's December 11, 2025, Order Denying Motion to Compel Discovery Responses and Initial Disclosures [ECF No. 29], and states as follows:

**I.	INTRODUCTION**

Plaintiff respectfully objects to the Magistrate Judge's December 11, 2025, Order denying Plaintiff's Motion to Compel [ECF No. 29]. The Order warrants reversal because it is contrary to law and rests on factual findings that are clearly erroneous.

Specifically, Plaintiff objects on the following grounds: (1) the Order fails to enforce the mandatory waiver provision of Local Rule 26.1(e)(2)(A), effectively rendering the Rule discretionary despite its unambiguous language stating that objections shall be waived if not timely raised; (2) the Order finds substantial justification where the record is devoid of any facts supporting that conclusion, as Defendants filed no response and presented no meaningful justification for their non-compliance; (3) the Order circumvents Rule 34(b)(2)(C) by allowing

1

oral representations at a hearing to cure the written withholding statement requirement, thereby defeating the Rule's notice requirement; and (4) the Order reads a subjective awareness requirement into Rule 37's objective fee-shifting mandate where none exists. The Order relies on legal standards that contradict the Federal Rules and makes factual findings unsupported by the record. Accordingly, Plaintiff respectfully requests that this Court sustain these objections and reverse the Order.

## II. PROCEDURAL & FACTUAL BACKGROUND

1. Defendants' discovery responses were due October 20, 2025, following a two-week extension granted by Plaintiff. ECF No. 25 at 1. Defendants failed to meet this deadline. After providing three separate assurances that responses would be forthcoming on October 24, October 29, and November 3, Defendants served responses on November 4, 2025, which was fifteen days late. *Id.* at 2.

2. Defendants failed to serve mandatory Rule 26(a)(1) Initial Disclosures for nearly the entire discovery period. Defendants only served them on November 20, 2025, shortly after Plaintiff filed the Motion to Compel. ECF No. 29 at 1.

3. Defendants failed to provide written withholding statements in their responses as required by Rule 34(b)(2)(C), or a privilege log as required under the Local Rules. This left Plaintiff with no record of what documents were being withheld on the basis of their objections.

4. On November 20, 2025, Plaintiff filed her Motion to Compel. Defendants' response was due by November 28, 2025, pursuant to Magistrate Judge Sanchez's Discovery Procedures, and by December 4, 2025, pursuant to Local Rule 7.1(c). Defendants missed both deadlines and failed to file any response. The Order acknowledges that Defendants had not filed any response to Plaintiff's motion. *Id.*

2

### III.     STANDARD OF REVIEW

Pursuant to the Federal Magistrate's Act, a district court reviews a magistrate judge's ruling on non-dispositive matters under the clearly-erroneous or contrary-to-law standard. *Jordan v. Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322, 1327 (11th Cir. 2020) (citing 28 U.S.C. § 636(b)(1)(A)); *see also* Fed. R. Civ. P. 72(a). Discovery motions are non-dispositive matters subject to this standard. *Jordan*, 947 F.3d at 1327; *see also Maynard v. Bd. of Regents*, 342 F.3d 1281, 1286 (11th Cir. 2003). This is an exacting standard. *Cox Enters., Inc. v. News-J. Corp.*, 794 F.3d 1259, 1272 (11th Cir. 2015). To be clearly erroneous, a decision must strike the court as more than just maybe or probably wrong; it must strike the court as wrong with the force of a five-week-old, unrefrigerated dead fish. *Id.* at 1272 n.92 (quoting *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988)). In the absence of a legal error, a district court may reverse only if there was an abuse of discretion by the magistrate judge. *S.E.C. v. Merkin*, 283 F.R.D. 699, 700 (S.D. Fla. 2012) (Graham, J.) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 401 (1990)).

A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure. *Bradford Emergency Grp., LLC v. Blue Cross & Blue Shield of Fla., Inc.*, 2022 U.S. Dist. LEXIS 177775, at *4 (S.D. Fla. Sept. 29, 2022) (Singhal, J.) (quoting *Pigott v. Sanibel Dev., LLC*, 2008 U.S. Dist. LEXIS 55806, at *5 (S.D. Ala. July 23, 2008)).

### IV.     ARGUMENT

#### A. The Order Is Contrary to Law Because It Contravened the Mandatory Waiver Provision of Local Rule 26.1(e)(2)(A).

The Order is contrary to law because it effectively nullifies the mandatory waiver provision of the Local Rules. Local Rule 26.1(e)(2)(A) provides that any ground not stated in an objection

"within the time provided **shall be waived**." *See* S.D. Fla. L.R. 26.1(e)(2)(A). By permitting Defendants to maintain objections asserted fifteen days after the deadline, the Magistrate Judge treated the Local Rule's mandatory waiver command as discretionary. The Rule operates as a strict forfeiture provision whereby parties who fail to seek an extension or serve timely responses lose the right to object, a mandate consistently enforced in this District. *See e.g., Bluegreen Vacations Unlimited, Inc. v. Timeshare Termination Team, LLC*, 2022 U.S. Dist. LEXIS 189323, at *10-11 (S.D. Fla. Oct. 17, 2022) ("The plain language of the Local Rule indicates that the failure to timely object results in waiver"); *see also Whitwam v. JetCard Plus, Inc.*, 304 F.R.D. 664, 666 (S.D. Fla. 2015). Most critically, the Local Rule "does not contain a good cause exception," nor is the Court required "to undertake such an inquiry." *Bluegreen Vacations*, 2022 U.S. Dist. LEXIS 189323, at *10.

Defendants served their responses fifteen days late without seeking an extension. ECF No. 25 at 2. Under the plain language of the Local Rule, their non-privilege objections were automatically waived. Despite this, the Order credited these late-filed objections to deny Plaintiff's Motion to Compel, effectively reading a good cause exception into the Rule where none exists. By giving effect to objections that were waived, the Order contravened the text and spirit of Local Rule 26.1(e)(2)(A). Accordingly, the Order should be reversed, and the Court should find that all non-privilege objections have been waived.

## B. The Finding of "Substantial Justification" Is Clearly Erroneous Where Defendants Offered No Justification.

The Magistrate Judge's finding that Defendants' conduct was substantially justified is clearly erroneous because it is unsupported by the record and supplies a justification that Defendants themselves failed to provide.

"The burden of establishing substantial justification (or other exception) is on the losing party." *Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2013 U.S. Dist. LEXIS 170299, at *14 (S.D. Fla. Dec. 3, 2013) (citing *Kramer Sci. Lab. Prods. Corp. v. Golf Med. Corp.*, No. 11-61610-CIV, 2011 U.S. Dist. LEXIS 136272, at *5 (S.D. Fla. Nov. 28, 2011)). Substantial justification is present only when "reasonable people could differ as to the appropriateness of the contested action." *Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

Under Local Rule 7.1(c), failure to file a memorandum of law alone may be deemed sufficient cause for granting the motion by default. S.D. Fla. L.R. 7.1(c). Furthermore, "[a] party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed." *Sanchez v. ABC Pro. Tree Servs. Inc.*, No. 21-14223-CIV, 2022 U.S. Dist. LEXIS 47858, at *2-3 (S.D. Fla. Mar. 17, 2022) (quoting *Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014)).

In this case, Defendants filed no response to the Motion to Compel. ECF No. 29 at 1. They offered no written argument, no sworn statements, and no legal authority to demonstrate that reasonable people could differ regarding their non-compliance. By defaulting on the motion, Defendants failed to carry their burden. The Order should not supply a justification that the party itself failed to argue or present. By finding substantial justification for a party that failed to even file a response, the Magistrate Judge committed clear error. A finding of justification on a silent record should strike any reasonable person with the force of a five-week-old, unrefrigerated dead fish. *Cox Enters.*, 794 F.3d at 1272 n.92. Therefore, the Order must be reversed.

### C. The Order Is Contrary to Law Because It Violated Rule 34(b)(2)(C) by Permitting Oral Representations to Cure Written Deficiencies.

The Order is contrary to law because it allows oral representations to satisfy the written requirements of Rule 34. By doing so, the Order effectively rewrites the Federal Rules to permit discovery via oral proffer, a practice that contradicts the text and purpose of Rule 34.

Rule 34(b)(2)(C) commands that an objection "must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C). This requirement ensures the requesting party receives clear, written notice of the scope of production *at the time the response is served*, not months later at a hearing. This written notice is critical to enable parties to evaluate the sufficiency of production without unnecessary motion practice.

Defendants failed to state in their written responses whether they were withholding documents based on their relevance objections. The Order excused this failure based on defense counsel's oral representations at the hearing. ECF No. 29 at 2. This ruling inverts the proper role of discovery compliance. Rule 34(b)(2)(C) places the burden on the responding party to provide written notice of what is being withheld at the time the response is served. By allowing Defendants to cure this deficiency through oral representations months later, the Order shifts that burden to Plaintiff. It forces Plaintiff to file a motion to compel, attend a hearing, and waste judicial resources to extract basic information that Rule 34 required Defendants to provide in writing from the outset. Accordingly, the Order should be reversed, and Defendants must be compelled to provide compliant written withholding statements.

### D. The Magistrate Judge Erred as a Matter of Law by Imposing a Subjective Awareness Standard on Rule 37(a)(5)(A).

Finally, the Magistrate Judge's application of Rule 37(a)(5)(A) is contrary to law because it imposes a subjective awareness requirement that does not exist in the Rule's text. Federal Rule

6

of Civil Procedure 37(a)(5)(A) mandates the award of expenses if the requested discovery is provided "after the motion was filed." Fed. R. Civ. P. 37(a)(5)(A). The Rule establishes a strictly objective trigger: the filing of the motion. The drafters selected this bright-line standard to provide clarity and prevent gamesmanship. If they intended the trigger to be when the opposing party became aware of the motion, they would have included it in the text of Rule 37. They did not.

Here, the undisputed facts establish that Plaintiff filed the Motion to Compel on November 20, 2025, at 6:06 p.m. ECF No. 25. Defendants served their initial disclosures via email eighteen minutes later, at 6:24 p.m. The motion was filed first; the disclosures were served thereafter. Notably, Rule 26(a)(1) requires parties to serve initial disclosures without awaiting a discovery request, yet Defendants failed to serve them throughout discovery and only did so after Plaintiff filed the subject motion. Under Rule 37(a)(5)(A)'s plain text, fees are mandatory absent a substantial justification for the non-compliance or other circumstances making an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). The Order, however, denied fees on the ground that Defendants provided disclosures "before seeing Plaintiff's motion." ECF No. 29. This distinction appears nowhere in Rule 37's text and ignores the policy articulated in the Rule. *See Procaps S.A.*, 2013 U.S. Dist. LEXIS 170299, at *17. The objective trigger is filing, not an individual's subjective awareness of the filing.

The Order's interpretation creates an unworkable standard that rewards delay and invites gamesmanship. Under the Order's logic, a party could indefinitely withhold discovery, wait for the motion to be electronically filed, immediately serve the missing discovery, and avoid fees or other consequences by claiming service occurred "before seeing" the motion. This is precisely the behavior Rule 37's objective trigger was designed to prevent. Moreover, the Order penalizes Plaintiff for diligently filing the motion that finally prompted compliance after Defendants failed

7

to serve initial disclosures despite multiple conferral attempts and ample opportunity to comply. This is contrary to law. Accordingly, the Order must be reversed, and Plaintiff should be awarded reasonable expenses and attorney's fees.

## CONCLUSION

The Magistrate Judge's Order is contrary to law and rests on clearly erroneous factual findings. The Order: (1) violates Local Rule 26.1(e)(2)(A)'s mandatory waiver provision by giving effect to objections served fifteen days late; (2) finds substantial justification where Defendants filed no response and offered no justification; (3) allows oral representations to cure Rule 34's written statement requirement; and (4) rewrites Rule 37(a)(5)(A) to impose a subjective awareness standard that does not exist in the Rule's text.

For the foregoing reasons, Plaintiff respectfully requests that this Court sustain these objections, reverse the Order [ECF No. 29], and enter an order: (a) ordering Defendants to serve responses to Plaintiff's discovery requests without objections other than those based on privilege; (b) compelling Defendants to provide written withholding statements as required by Rule 34(b)(2)(C); (c) awarding Plaintiff reasonable expenses and attorney's fees under Rule 37(a)(5)(A); and (d) awarding any further relief the Court deems just and proper.

Dated this 23rd day of December, 2025,

Respectfully submitted,

**MACDONALD LAW, PLLC**

*/s/ Kyle T. MacDonald*
Kyle T. MacDonald, Esq.
Florida Bar No.: 1038749

420 SW 7th Street, Suite 1118
Miami, FL 33130
Tel: (786) 500-9675
kyle@macdonaldemploymentlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document is being served on December 23, 2025, on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ Kyle T. MacDonald*
Kyle T. MacDonald, Esq.

## SERVICE LIST

**PATHMAN LAW, LLC**

Tara E. Faenza, Esq.
Florida Bar No.: 106928
tfaenza@pathmanlaw.com
Alejandra Muñiz Marcial, Esq.
Florida Bar No.: 1019266
amunizmarcial@pathmanlaw.com
One Biscayne Tower, Suite 2400
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 379-2425
Telefax No.: (305) 379-2420

*Counsel for Defendants GOAT HOSPITALITY GROUP LLC and WGOAT15 LLC*