# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CAROL ALVAREZ                          Case No. 1:24-CV-24135-JEM
    *Plaintiff,*

v.

GOAT HOSPITALITY GROUP LLC,
and WGOAT15 LLC,
    *Defendants.*
_____/

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER DENYING MOTION TO COMPEL DISCOVERY RESPONSES AND INITIAL DISCLOSURES**

COMES NOW, Defendants, GOAT HOSPITALITY GROUP LLC ("GOAT"), and WGOAT15 LLC ("ADDIKT") (GOAT and WGOAT15 collectively "Defendants"), by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure **72(a)** and **28 U.S.C. § 636(b)(1)(A)**, respectfully submits this Response in Opposition to respond in Opposition to Plaintiff's, CAROL ALVAREZ ("Plaintiff"), Objections to Magistrate Judge's Order Denying Motion to Compel Discovery Responses and Initial Disclosures, and states in support as follows:

**INTRODUCTION**

Plaintiff filed the instant case on October 24, 2024, alleging employment discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e ("Title VII"); the Pregnant Workers Fairness Act, 42 U.S.C. § 2000gg ("PWFA"); the Florida Civil Rights Act of 1992, § 760.01, Florida Statutes ("FCRA"); and the Miami-Dade County Human Rights Ordinance, Miami-Dade County, Fla., Code, ch. 11A, art. IV, § 11A–26 ("MDHRO") against Defendants. [DE 1]. GOAT and ADDIKT timely moved to dismiss Plaintiff's Complaint. [DE11]. Plaintiff filed her Amended Complaint. [DE15]. Defendants moved to Dismiss Plaintiff's Amended Complaint [DE 16]; Plaintiff responded in opposition to Defendants' Motion to Dismiss Amended

Complaint. [DE 20]. This Court has yet to rule on the outstanding Motion to Dismiss Amended Complaint.

For background, Plaintiff alleges she was a short-term Line Cook for Defendant ADDIKT from September of 2023 to February 10, 2024, about four (4) months. *See generally* DE15. She alleges she resigned[1] while approximately eight (8) months pregnant on medical leave. *Id.* ¶¶50, 51, 56. Plaintiff complains she was unable to work without frequent breaks and substantial time off – or that she could not work at all. *Id.* ¶ ¶42, 57. Plaintiff *does not* mention that ADDIKT ceased operations two (2) weeks after Plaintiff resigned. Neither Defendant has any employees; Defendant GOAT, is a non-operational consulting firm that did not employ Line Cooks. If Plaintiff could prevail, and Defendants assert she could not, any recovery would be limited, and that *presumes* that Plaintiff was able to work after her resignation. *Id. generally.* Plaintiff appears to persist solely for attorneys' fees and costs, irrespective of whether her claim has merit. Similarly, Plaintiff filed her Motion to Compel [DE25], regardless that Defendants clearly stated in responses that, other than anything privileged, no information or documents exist or can be provided. The purpose is transparently solely for attorneys' fees and costs. Plaintiff failed to candidly advise the Court that Defendants served Initial Disclosures *the same day,* her Motion to Compel was filed, and prior to the hearing. [*see* DE29]. Plaintiff does not seek any documents not produced; Defendants responded the documents do not exist. Plaintiff demands that Defendants' counsel provide a privilege log which would solely consist of *communications exclusively in the defense of this matter*, which could not have any evidentiary value to this case. Plaintiff transparently seeks solely attorneys' fees and costs, and increased defense costs to prepare a "privilege log," in

---

[1] While Plaintiff alleges she was "constructively discharged," she does assert that she submitted her resignation and was not fired.

bringing this opposition before the Court. The Magistrate correctly ruled on the issues, which were extensively argued at a hearing before the Court on December 11, 2025[2]. Plaintiff merely attempts to relitigate prior arguments presented and rejected, failing to meet the standard required to overturn a Magistrate's ruling. Accordingly, the Objections should be **OVERRULED**, and the Magistrate's Order DE29 should be **affirmed/adopted in full**.

### ARGUMENT

This Court should OVERRULE Plaintiff's Objections and AFFIRM/ADOPT IN FULL the Magistrate's Rule in the Order on Plaintiff's Motion to Compel [DE29], as argued below and for the reasons in the record. A court may only modify or set aside a Magistrate's ruling when it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). This standard is extremely deferential, and objections may not be used to relitigate issues already decided. "The District Judge 'shall consider the appeal and shall set aside any portion of the Magistrate Judge's order found to be ***clearly erroneous or contrary to law***' … A finding is clearly erroneous when 'although there is evidence to support it, the reviewing court on the entire evidence is left with the ***definite and firm conviction that a mistake has been committed***.'" *Khoury v. Miami-Dade Cty.*, No. 20-21841-CIV-JEM, 2021 U.S. Dist. LEXIS 20065, at *2-3 (S.D. Fla. Jan. 28, 2021)(citing to *Pullman-Standard v. Swint*, 456 U.S. 273, 285 n.14, 102 S. Ct. 1781, 72 L. Ed. 2d 66 (1982); *see also Johnson v. Hamrick*, 296 F.3d 1065, 1074 (11th Cir. 2002).)(emphasis added). Here, the Magistrate properly applied the applicable law pertaining to Initial Disclosures, as being "DENIED AS MOOT because Defendants had provided their initial Disclosures to Plaintiff, before seeing Plaintiff's motion to compel, on the same date that Plaintiff filed the instant Motion." DE29, ¶1. Further, the Magistrate

---

[2] Defendants note extensive oral argument, per DE28 Paperless Order, indicating that counsel argued for 1 hour and 19 minutes. [DE28]

provided reasoning that, either Defendants fully responded to the Interrogatory in question, that documents do not exist (from the response to the Request), or that, "Plaintiff does not seek separate production of those public-available documents." *Id.* Given that Plaintiff only seeks for Defendants to prepare a privilege log comprised *exclusively* of communications between attorney and client for this case, Plaintiff's main concern is the denial of attorneys' fees and costs under Fed. R. Civ. P. 37(a)(5). Certainly, Plaintiff cannot require the Court to compel documents which *do not exist. See McCarthy v. Am. Airlines,* No. 07-61016-Civ-Cohn/Hopkins, 2008 U.S. Dist. LEXIS 137311 (S.D. Fla. Mar. 19, 2008). Plaintiff's meandering nine (9) page opposition to the Magistrate's Order cannot even begin to whisper at the stringent standard under applicable law to show clear error. Plaintiff transparently seeks to endlessly litigate, even when the relief sought is moot – or impossible, Defendants should not be further prejudiced to needlessly relitigate such issues.

## CONCLUSION

WHEREFORE, Defendants, GOAT HOSPITALITY GROUP LLC and WGOAT15 LLC, respectfully request this Honorable Court to OVERRULE Plaintiff's Objections and AFFIRM / ADOPT the Magistrate Judge's Order / Report and Recommendation in its entirety, and grant such other and further relief as this Court deems just, equitable, and proper.

DATED: January 6, 2026

Respectfully submitted,

**PATHMAN LAW, LLC**
*Counsel for Defendants*
One Biscayne Tower, Suite 2400
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 379-2425
Telefax No.: (305) 379-2420

By: /s/ *Tara E. Faenza, Esq.*
Tara E. Faenza, Esq.
Florida Bar No.: 106928
tfaenza@pathmanlaw.com

P a g e | 5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 6, 2026 a copy of the foregoing was served on all counsel of record identified on the Service List below via CM/ECF.

By: /s/ *Tara E. Faenza, Esq.*
TARA E. FAENZA, ESQ.

## Service List

**Kyle T. MacDonald, Esq.**
Florida Bar No.: 1038749
MACDONALD LAW, PLLC
420 SW 7TH ST SUITE 1118
MIAMI, FL 33130
Telephone No.: (786) 500-9675
Email: kyle@macdonaldemploymentlaw.com
*Counsel for Plaintiff*