UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-24135-ALTMAN/Sanchez

**CAROL ALVAREZ**,

    *Plaintiff*,

v.

**GOAT HOSPITALITY GROUP LLC,** *et al.*,

    *Defendants.*

_____/

## ORDER AFFIRMING MOTION TO COMPEL ORDER

Our Plaintiff, Carol Alvarez, has appealed Magistrate Judge Eduardo I. Sanchez's December 11, 2025, Order denying Alvarez's Motion to Compel [ECF No. 25]. *See generally* Order Denying Motion to Compel (the "Motion to Compel Order") [ECF No. 29]. Alvarez objects to the Motion to Compel Order on several grounds. *See* Objections to the Order Denying Motion to Compel ("Objections") [ECF No. 32] at 1–2 ("Plaintiff objects on the following grounds: (1) the Order fails to enforce the mandatory waiver provision of Local Rule 26.1(e)(2)(A) . . . (2) the Order finds substantial justification where the record is devoid of any facts supporting that conclusion . . . (3) the Order circumvents Rule 34(b)(2)(C) by allowing oral representations at a hearing to cure the written withholding statement requirement . . . and (4) the Order reads a subjective awareness requirement into Rule 37's objective fee-shifting mandate where none exists."). After careful review, we **OVERRULE** her objections.

### THE LAW

"Pursuant to the Federal Magistrate's Act, a district court reviews a magistrate judge's ruling on non-dispositive matters under the clearly-erroneous or contrary-to-law standard." *Jordan v. Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322, 1327 (11th Cir. 2020) (citing 28 U.S.C. § 636(b)(1)(A)); *see also* FED.

R. CIV. P. 72(a) ("When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide . . . [t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."). And "a routine pretrial discovery motion . . . is not included in [28 U.S.C. § 636(b)(1)(A)'s] list of dispositive motions." *Jordan*, 947 F.3d at 1327; *see also Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dep't of Educ. ex rel. Univ. of S. Fla.*, 342 F.3d 1281, 1286 (11th Cir. 2003) ("We review the district court's rulings on discovery issues for abuse of discretion.").

This is an "exacting standard." *Cox Enters., Inc. v. News-J. Corp.*, 794 F.3d 1259, 1272 (11th Cir. 2015). "To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." *Id.* at 1272 n.92 (quoting *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988)). "In the absence of a legal error, a district court may reverse only if there was an 'abuse of discretion' by the magistrate judge." *S.E.C. v. Merkin*, 283 F.R.D. 699, 700 (S.D. Fla. 2012) (Graham, J.) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 401 (1990)). "A magistrate judge's order is 'contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Bradford Emergency Grp., LLC v. Blue Cross & Blue Shield of Fla., Inc.*, 2022 WL 4545177, at *1 (S.D. Fla. Sept. 29, 2022) (Singhal, J.) (quoting *Pigott v. Sanibel Dev., LLC*, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008)).

## ANALYSIS

After careful review, we find no error with Magistrate Judge Sanchez's Motion to Compel Order. Magistrate Judge Sanchez carefully described why each of the Plaintiff's requests were moot based on his findings from a December 11, 2025, hearing on Alvarez's Motion and his review of the pertinent record and authorities. *See* Motion to Compel Order at 1–2 (explaining why each of the Plaintiff's requests was moot). For example, Magistrate Judge Sanchez denied as moot the "Plaintiff's request to compel [the] Defendants to respond to Interrogatory No. 4" because the "Defendants had

fully responded to that request." *Id.* at 2; *see also ibid.* ("Plaintiff's request to compel Defendants to produce documents in response to Request for Production No. 29 is **DENIED AS MOOT** given that Defendants had responded—and confirmed at the hearing—that the requested documents do not exist.").

Put simply, nothing in the Motion to Compel Order "strike[s] us as wrong with the force of a five-week-old, unrefrigerated dead fish." *Cox Enters.*, 794 F.3d at 1272.

### CONCLUSION

Accordingly, we **AFFIRM** Magistrate Judge Sanchez's December 11, 2025, Motion to Compel Order [ECF No. 29]. Alvarez's Objections to the Motion to Compel Order [ECF No. 32] are **OVERRULED**. The Defendants' Motion for Extension of Time to Respond to the Plaintiff's Objections [ECF No. 33] is **DENIED as moot**.

**DONE AND ORDERED** in the Southern District of Florida on January 11, 2026.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record