# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

CAROL ALVAREZ,                                    **Case No.: 1:24-cv-24135-RKA**
     *Plaintiff,*

v.

GOAT HOSPITALITY GROUP LLC and
WGOAT15 LLC
     *Defendants.*

_____/

### DEFENDANTS', GOAT HOSPITALITY GROUP LLC and WGOAT15 LLC, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF CAROL ALVAREZ' AMENDED COMPLAINT

COME NOW, Defendants GOAT HOSPITALITY GROUP LLC ("GOAT"), and WGOAT15 LLC ("ADDIKT"), (collectively "DEFENDANTS"), by and through undersigned counsel, and hereby file their Answer and Affirmative Defenses to Plaintiff's, CAROL ALVAREZ's ("PLAINTIFF") Amended Complaint:

### INTRODUCTION

1.      Admitted only that PLAINTIFF alleges claims of pregnancy and sex discrimination and retaliation against a former employer and unaffiliated, separate company. DENY any allegation or inference of a violation of law, wrongdoing, or liability by PLAINTIFF for any relief sought, and demand strict proof.

2.      Admitted only that PLAINTIFF alleges claims under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e ("Title VII"); the Pregnant Worker's Fairness Action, 42 U.S.C. § 2000gg ("PWFA"); the Florida Civil Rights Act of 1992, § 760.01, Florida Statutes ("FCRA"); and the Miami-Dade County Human Rights Ordinance, Miami-Dade Couty Fla., Code ch. 11A, art. IV, § 11a-26 ("MDHRO") against both DEFENDANTS. Deny that DEFENDANTS are joint employers or that any of the statutes apply towards GOAT, except the MDHRO, as GOAT, at all times, had less than fifteen (15) employees. Otherwise, DENY any allegation or inference of a violation of

law, wrongdoing, or liability by PLAINTIFF for any relief sought, and demand strict proof.

3.      DENY that PLAINTIFF resides in Miami-Dade County; ADMITS that PLAINTIFF is an individual female.

4.      DENIES, and demand strict proof.

5.      DENIES, and demand strict proof.

6.      DENIES as to GOAT; ADMITS that ADDIKT was PLAINTIFF's sole employer.

7.      DENY, and demand strict proof.

8.      DENY, and demand strict proof.

9.      DENY, and demand strict proof.

10.     DENY as it relates to GOAT; ADMITS as it relates to ADDIKT having employed more than fifteen (15) employees.

11.     DENIES that GOAT employed PLAINTIFF. ADMITS that ADDIKT employed PLAINTIFF at the location of 485 Brickell Avenue, Miami, FL 33131.

12.     To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

13.     DENIES as it relates to GOAT for the PWFA, ADMITS for ADDIKT as it relates to both statutes.

14.     DENY.

15.     DENY.

## JURISDICTION AND VENUE

16.     ADMIT only to this Court's jurisdiction. DENY all other allegations and any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, and demand strict proof.

17.     ADMIT only as to venue. Otherwise DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof.

## ADMINISTRATIVE PREREQUISITES

18.     To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

19.     ADMIT.

20.     ADMIT.

21.     ADMIT.

22.     ADMIT.

23.     ADMIT. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

24.     To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

## FACTUAL ALLEGATIONS

25.     DEFENDANTS are without sufficient information to admit or DENY the duration of PLAINTIFF'S pregnancy and demand strict proof. Otherwise, ADMIT that PLAINTIFF was pregnant during at least a period of her employment with ADDIKT, and at all times, female.

26.     DENY as to GOAT; ADMIT as to ADDIKT that PLAINTIFF was a Line Cook, who began working in October 2023.

27.     DENY; PLAINTIFF exhibited issues with her performance early in her employment with ADDIKT, including but not limited to frequent tardiness, refusal to accept instruction, failure to prepare food within health code standards (serving raw or severely

undercooked food), leaving the "line" for personal telephone calls, eating in the kitchen, in violation of health code.

28. DEFENDANTS are without sufficient information to admit or DENY and demand strict proof.

29. DENY and demand strict proof.

30. DENY and demand strict proof.

31. DENY other than to ADMIT that PLAINTIFF did advise her employer, ADDIKT of her pregnancy at some point, and demand strict proof.

32. DENY and demand strict proof.

33. DENY and demand strict proof.

34. DENY and demand strict proof.

35. DENY and demand strict proof.

36. DENY and demand strict proof.

37. DENY and demand strict proof, other than to ADMIT that PLAINTIFF reported a complaint that Carabello provided "too much instruction" and that PLAINTIFF felt he "wanted her." DENY as it relates to Fuentes. DENY that Eric Garcia was employed by ADDIKT. DENY that Garcia held supervisory authority over PLAINTIFF, including the power to hire, fire, demote, and promote PLAINTIFF.

38. DENY and demand strict proof. GOAT, as the outside Human Resources contractor to ADDIKT, conducted a thorough investigation of PLAINTIFF's allegations with multiple ADDIKT employees, communicating same to PLAINTIFF. No other employees corroborated PLAINTIFF's allegations; however, Garcia coached Caraballo, and no alleged "harassment" or illegal activity was reported by PLAINTIFF again.

39.     ADMIT that Caraballo was no longer employed with ADDIKT. Fuentes was not an employee of either ADDIKT or GOAT.

40.     ADMIT.

41.     DENY and demand strict proof.

42.     DENY and demand strict proof.

43.     DENY and demand strict proof. PLAINTIFF admitted she did not request any accommodations.

44.     DENY and demand strict proof.

45.     DENY and demand strict proof.

46.     DENY and demand strict proof.

47.     DENY and demand strict proof.

48.     DENY and demand strict proof.

49.     DENY and demand strict proof.

50.     DENY and demand strict proof.

51.     DENY and demand strict proof.

52.     DENY and demand strict proof.

53.     ADMIT only that PLAINTIFF, on or around February 7, 2024, called into work 45 minutes before her shift because she visited a hospital. DENY that such medical time off was pregnancy-related pain.

54.     ADMIT in part; ADDIKT's policy was to require three (3) hours prior notice before cancelling a shift, and Vargas requested two (2) hours advance notice.

55.     ADMIT.

56.     ADMIT only that Vargas requested to know whether PLAINTIFF would be reporting to work, in order to create schedules. DENY any demand to work or requested violation of any medical leave.

57.     DENY and demand strict proof.

58.     DENY and demand strict proof; PLAINTIFF resigned voluntarily.

59.     DENY and demand strict proof.

60.     DENY and demand strict proof.

61.     DENY and demand strict proof; PLAINTIFF did not make any pregnancy-related accommodation requests, and all requests for time off were granted by ADDIKT.

62.     DENY and demand strict proof.

63.     DENY and demand strict proof.

64.     DENY and demand strict proof.

65.     DENY and demand strict proof.

66.     DENY and demand strict proof.

67.     DENY and demand strict proof.

## COUNT I
### 42 U.S.C. § 2000e-2
### *Title VII Discrimination*

68.     DEFENDANTS incorporate their responses to paragraphs 25 through 67, as if fully set forth herein.

69.     To the extent PLAINTIFF recites statute, no response is required; otherwise, DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

70.     To the extent PLAINTIFF recites statute, no response is required; otherwise, DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

71.     To the extent PLAINTIFF recites statute, no response is required; otherwise, DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

72.     ADMIT.

73.     DENY and demand strict proof.

74.     To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

75.     DENY and demand strict proof.

76.     DENY and demand strict proof.

77.     DENY and demand strict proof.

78.     DENY and demand strict proof.

79.     DENY and demand strict proof.

80.     DENY and demand strict proof.

81.     DENY and demand strict proof

82.     ADMIT only that PLAINTIFF requests that her attorney's fees and costs be awarded. Otherwise, DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph

contains legal contention, characterization, and/or conclusion, no response is required and is denied.

## COUNT II
### 42 U.S.C. § 2000e-3
### *Title VII Retaliation*

83.    DEFENDANTS incorporate their responses to paragraphs 25 through 67, as if fully set forth herein.

84.    To the extent PLAINTIFF recites statute, no response is required; otherwise, DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

85.    ADMIT.

86.    DENY and demand strict proof.

87.    DENY and demand strict proof.

88.    DENY and demand strict proof

89.    DENY and demand strict proof.

90.    DENY and demand strict proof.

91.    DENY and demand strict proof.

92.    DENY and demand strict proof.

93.    DENY and demand strict proof.

94.    DENY and demand strict proof.

95.    DENY and demand strict proof.

96.    ADMIT only that PLAINTIFF requests that her attorney's fees and costs be awarded. Otherwise, DENY any allegation or inference of a violation of law, wrongdoing, or

liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

**COUNT III**
**42 U.S.C. § 2000e-2**
***Title VII Hostile Work Environment***

97.     DEFENDANTS incorporate their responses to paragraphs 25 through 67, as if fully set forth herein.

98.     To the extent PLAINTIFF recites statute, no response is required; otherwise, DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

99.     To the extent PLAINTIFF recites statute, no response is required; otherwise, DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

100.    To the extent PLAINTIFF recites statute, no response is required; otherwise, DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

101.    ADMIT.

102.    DENY and demand strict proof.

103.    DENY and demand strict proof.

104.    DENY and demand strict proof.

105.    DENY and demand strict proof.

106.    DENY and demand strict proof.

107.    DENY and demand strict proof.

108.    DENY and demand strict proof.

109.    DENY and demand strict proof.

110.    ADMIT only that PLAINTIFF requests that her attorney's fees and costs be awarded. Otherwise, DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

**COUNT IV**
**42 U.S.C. § 2000gg-1**
***PWFA Discrimination***

111.    DEFENDANTS incorporate their responses to paragraphs 25 through 67, as if fully set forth herein.

112.    To the extent PLAINTIFF recites statute, no response is required; otherwise, DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

113.    To the extent PLAINTIFF recites statute, no response is required; otherwise, DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

114.     To the extent PLAINTIFF recites statute, no response is required; otherwise, DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

115.     To the extent PLAINTIFF recites statute, no response is required; otherwise, DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

116.     To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

117.     DENY and demand strict proof.

118.     DENY and demand strict proof.

119.     DENY and demand strict proof.

120.     DENY and demand strict proof.

121.     DENY and demand strict proof.

122.     DENY and demand strict proof.

123.     DENY and demand strict proof.

124.     DENY and demand strict proof.

125.     DENY and demand strict proof.

126.     ADMIT only that PLAINTIFF requests that her attorney's fees and costs be awarded. Otherwise, DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph

contains legal contention, characterization, and/or conclusion, no response is required and is denied.

**COUNT V**
**42 U.S.C. § 2000gg-2 (f)**
*PWFA Retaliation*

127.    DEFENDANTS incorporate their responses to paragraphs 25 through 67, as if fully set forth herein.

128.    To the extent PLAINTIFF recites statute, no response is required; otherwise, DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

129.    To the extent PLAINTIFF recites statute, no response is required; otherwise, DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

130.    DENY and demand strict proof.

131.    DENY and demand strict proof.

132.    DENY and demand strict proof.

133.    DENY and demand strict proof.

134.    DENY and demand strict proof.

135.    DENY and demand strict proof.

136.    DENY and demand strict proof.

137.    DENY and demand strict proof. DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the

extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

138.    DENY and demand strict proof. DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

139.    DENY and demand strict proof. DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

140.    ADMIT only that PLAINTIFF requests that her attorney's fees and costs be awarded. Otherwise, DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

**COUNT VI**
**§ 760.10 (1), Fla. Stat.**
***FCRA Discrimination***

141.    DEFENDANTS incorporate their responses to paragraphs 25 through 67, as if fully set forth herein.

142.    To the extent PLAINTIFF recites statute, no response is required; otherwise, DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

143.    ADMIT only that PLAINTIFF was a member of protected class(es). DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

144.    To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

145.    DENY and demand strict proof. DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

146.    DENY and demand strict proof. DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

147.    DENY and demand strict proof. DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

148.    DENY and demand strict proof. DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

149.     DENY and demand strict proof. DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

150.     DENY and demand strict proof. DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

151.     DENY and demand strict proof. DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

152.     DENY and demand strict proof. DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

153.     ADMIT only that PLAINTIFF requests that her attorney's fees and costs be awarded. Otherwise, DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

<u>**COUNT VII**</u>
**§ 760.10 (1), Fla. Stat.**
***FCRA Retaliation***

154.    DEFENDANTS incorporate their responses to paragraphs 25 through 67, as if fully set forth herein.

155.    To the extent PLAINTIFF recites statute, no response is required; otherwise, DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

156.    ADMIT only that PLAINTIFF was a member of protected class(es). DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

157.    DENY and demand strict proof. DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

158.    DENY and demand strict proof. DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

159.    DENY and demand strict proof. DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

160.     DENY and demand strict proof. DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

161.     DENY and demand strict proof. DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

162.     DENY and demand strict proof. DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

163.     DENY and demand strict proof. DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

164.     DENY and demand strict proof. DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

165.     DENY and demand strict proof. DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the

extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

166.    DENY and demand strict proof. DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

167.    ADMIT only that PLAINTIFF requests that her attorney's fees and costs be awarded. Otherwise, DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

<u>**COUNT VIII**</u>
**§ 760.10 (1), Fla. Stat.**
*FCRA Hostile Work Environment*

168.    DEFENDANTS incorporate their responses to paragraphs 25 through 67, as if fully set forth herein.

169.    To the extent PLAINTIFF recites statute, no response is required; otherwise, DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

170.    ADMIT only that PLAINTIFF was a member of protected class(es). DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

171.    DENY and demand strict proof. DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

172.    DENY and demand strict proof. DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

173.    DENY and demand strict proof. DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

174.    DENY and demand strict proof. DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

175.    DENY and demand strict proof. DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

176.    DENY and demand strict proof. DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the

extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

177.    DENY and demand strict proof. DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

178.    ADMIT only that PLAINTIFF requests that her attorney's fees and costs be awarded. Otherwise, DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

### COUNT IX
### § 11A-26 (1), Code of Miami-Dade County
*MDHRO Discrimination*

179.    DEFENDANTS incorporate their responses to paragraphs 25 through 67, as if fully set forth herein.

180.    To the extent PLAINTIFF recites statute, no response is required; otherwise, DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

181.    ADMIT only that PLAINTIFF was a member of protected class(es). DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

182.    To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

183.    DENY and demand strict proof. DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

184.    DENY and demand strict proof. DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

185.    DENY and demand strict proof. DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

186.    DENY and demand strict proof. DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

187.    DENY and demand strict proof. DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

188.    DENY and demand strict proof. DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

189.    DENY and demand strict proof. DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

190.    DENY and demand strict proof. DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

191.    ADMIT only that PLAINTIFF requests that her attorney's fees and costs be awarded. Otherwise, DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

## COUNT X
### § 11A-26 (4), Code of Miami-Dade County
### *MDHRO Retaliation*

192.    DEFENDANTS incorporate their responses to paragraphs 25 through 67, as if fully set forth herein.

193.    To the extent PLAINTIFF recites statute, no response is required; otherwise, DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any

relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

194.    ADMIT only that PLAINTIFF was a member of protected class(es). DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

195.    DENY and demand strict proof. DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

196.    DENY and demand strict proof. DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

197.    DENY and demand strict proof. DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

198.    DENY and demand strict proof. DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

199.     DENY and demand strict proof. DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

200.     DENY and demand strict proof. DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

201.     DENY and demand strict proof. DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

202.     DENY and demand strict proof. DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

203.     DENY and demand strict proof. DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

204.     DENY and demand strict proof. DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the

extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

205.   ADMIT only that PLAINTIFF requests that her attorney's fees and costs be awarded. Otherwise, DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied

**COUNT XI**
**§ 11A-26 (4), Code of Miami-Dade County**
***MDHRO Hostile Work Environment***

206.   DEFENDANTS incorporate their responses to paragraphs 25 through 67, as if fully set forth herein.

207.   To the extent PLAINTIFF recites statute, no response is required; otherwise, DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

208.   ADMIT only that PLAINTIFF was a member of protected class(es). DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied and demand strict proof. DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

209.    DENY and demand strict proof. DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

210.    DENY and demand strict proof. DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

211.    DENY and demand strict proof. DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

212.    DENY and demand strict proof. DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

213.    DENY and demand strict proof. DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

214.    DENY and demand strict proof. DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the

extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

215.    ADMIT only that PLAINTIFF requests that her attorney's fees and costs be awarded. Otherwise, DENY any allegation or inference of a violation of law, wrongdoing, or liability to PLAINTIFF for any relief sought, demand strict proof. To the extent this paragraph contains legal contention, characterization, and/or conclusion, no response is required and is denied.

## STATEMENT OF AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

DEFENDANT, GOAT HOSPITALITY GROUP LLC, lacks sufficient employees to fall under Title VII, or any other statute which has the same jurisdictional requirements. Title VII applies only to employers with fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. Since defendant employs fewer than fifteen employees, plaintiff's Title VII claims must be dismissed for lack of subject matter jurisdiction.

### SECOND AFFIRMATIVE DEFENSE

DEFENDANT, GOAT HOSPITALITY GROUP LLC, lacks sufficient employees to fall under the jurisdiction of the Pregnancy Discrimination Act. The Pregnancy Discrimination Act incorporates the same employee threshold requirements as Title VII. The Act applies only to employers covered under Title VII, requiring fifteen or more employees. Defendant's employee count falls below this statutory threshold, precluding coverage under the Pregnancy Discrimination Act.

### THIRD AFFIRMATIVE DEFENSE

DEFENDANT, GOAT HOSPITALITY GROUP LLC, lacks sufficient employees to fall under the jurisdiction of the Florida Civil Rights Act, which similarly requires employers to have fifteen or more employees to fall within its coverage. Defendant's workforce size exempts it from the Act's requirements and liability.

### FOURTH AFFIRMATIVE DEFENSE

DEFENDANT, GOAT HOSPITALITY GROUP LLC, lacks sufficient employees to fall under the jurisdiction of the Pregnant Workers Fairness Act, which similarly requires employers to have fifteen or more employees to fall within its coverage. Defendant's workforce size exempts it from the Act's requirements and liability.

### FIFTH AFFIRMATIVE DEFENSE

DEFENDANTS were not joint or co-employers. GOAT HOSPITALITY GROUP, LLC and WGOAT15, LLC did not share control over the terms of PLAINTIFF's employment with ADDIKT (WGOAT15, LLC). DEFENDANTS did not share control to hire, fire, schedule, discipline, control, supervise, schedule, or otherwise manage PLAINTIFF's work. GOAT did not contribute in any manner to PLAINTIFF's wages; only ADDIKT paid PLAINTIFF'S wages. The facilities in which PLAINTIFF performed her work were exclusively the property and//or possession of ADDIKT. GOAT is a Florida Limited Liability Company owned by one person. ADDIKT is a Delaware Limited Liability Company which was owned by a different person. GOAT performed consulting work for hospitality businesses. ADDIKT was a hotel restaurant servicing a hotel, residential buildings, and limited retail customers. GOAT exclusively owned and/or possessed its property and/or office location, which was separate from ADDIKT's location. GOAT and ADDIKT did not share any of the same employees, managers, operations, bank

accounts, or the like. GOAT and ADDIKT did not have centralized labor relations. GOAT provided payroll and Human Resources assistance to ADDIKT, like other clients, but had no power to control any of ADDIKT's employees, including PLAINTIFF.

### SIXTH AFFIRMATIVE DEFENSE

GOAT was not PLAINTIFF'S employer. GOAT did not hire or terminate PLAINTIFF. GOAT's sole role was to provide services to ADDIKT to administer payroll, onboard employees, and provide independent Human Resources consulting. PLAINTIFF performed no work for GOAT, could not perform work for GOAT, and was not qualified to perform any work for GOAT. GOAT did not control, schedule, manage, supervise, discipline, or otherwise have any involvement in PLAINTIFF's employment with ADDIKT, other than to perform administrative, back-office duties of administering payroll with ADP, a payroll provider, and uploading documents to the ADP website under ADDIKT's portal for its separate employees. GOAT did not have any control over the terms and conditions of PLAINTIFF'S employment with ADDIKT.

### SEVENTH AFFIRMATIVE DEFENSE

DEFENDANTS assert that, to the extent any statute applies to either or both DEFENDANTS, that PLAINTIFF has failed to establish a *prima facie* case of discrimination, hostile work environment, retaliation, constructive discharge, and/or any other cognizable claim in PLAINTIFF's Amended Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

DEFENDANTS assert that PLAINTIFF fails to establish any adverse employment action, in that she was not demoted, reduced in pay, or terminated. Instead, while on leave that PLAINTIFF requested, she voluntarily resigned.

### NINTH AFFIRMATIVE DEFENSE

DEFENDANTS assert that PLAINTIFF fails to establish a *prima facie* case of constructive discharge. PLAINTIFF must demonstrate, under an objective standard, that the employer, by its illegal discriminatory acts, made working conditions so difficult that a reasonable person in his or her position would feel compelled to resign. PLAINTIFF, at the time of her resignation, was on requested leave, which was granted. Upon being asked when/if she would return to work, PLAINTIFF resigned. PLAINTIFF was not subjected to any working conditions at the time, as she was not working. PLAINTIFF cannot demonstrate that working conditions were objectively intolerable to a reasonable person in her position, based upon illegal discriminatory acts. PLAINTIFF's resignation was voluntary and not compelled by discriminatory conduct.

### TENTH AFFIRMATIVE DEFENSE

DEFENDANTS assert that PLAINTIFF was not qualified to perform the work she was hired for, as a Line Cook. PLAINTIFF was unable or unwilling to perform the essential functions of the job as a Line Cook, with or without accommodations.

### ELEVENTH AFFIRMATIVE DEFENSE

DEFENDANTS assert that PLAINTIF did not engage in protected activity to complain of retaliation for her alleged sexual harassment complaint, alleged pregnancy discrimination, failure to accommodate, or other harassment. Therefore, PLAINTIFF cannot establish a *prima facie* case of retaliation and/or retaliation in the form of constructive discharge.

### TWELFTH AFFIRMATIVE DEFENSE

DEFENDANTS assert that PLAINTIFF did not request any accommodations pursuant to any disability or pregnancy. PLAINTIFF did present any request for any limits to her work until after taking her final requested leave for work. PLAINTIFF requested, and was granted, time off

from work on two (2) separate occasions, with the medical conditions being unrelated to pregnancy (sore throat and migraine). PLAINTIFF alleges, but fails to provide any evidence, that a doctor's note dated the day before she took time off from work, limited her activities. DEFENDANTS could not accommodate a request for an employee who refused to return to work. DEFENDANTS further assert that any doctor's note requesting accommodations was not provided to the employer or either DEFENDANT during PLAINTIFF'S employment.

<u>**THIRTHEENTH AFFIRMATIVE DEFENSE**</u>

DEFENDANTS state that any request PLAINTIFF may allege she requested, and was not accommodated, was either not related to her pregnancy or an undue hardship. PLAINTIFF objected to the request to provide at least two (2) hours prior notice of absence, which was reduced from three (3) hours, stating she could not control the timing of her pain. Without any prior notice of absence, ADDIKT cannot properly staff the kitchen, with the Line Cook being the primary role to prepare food. PLAINTIFF's request to frequently step out of the kitchen to use the restroom was not denied, but limited to ensure appropriate staff could continue to cook in an open kitchen and to limit such breaks as possible. A Line Cook being absent from the line for lengthy periods of time results in a non-operational kitchen which can no longer serve the restaurant, and brings the business to a halt, presenting potential consequences in its lease, contract with the hotel it was located it, and other consequences. PLAINTIFF's breaks were not for the purposes of restroom breaks; many were for the purposes of talking on her cellular phone. Further, PLAINTIFF's attempts to eat in the kitchen, where customer's food is prepared, would present possible violations pertaining to food safety, also jeopardizing ADDIKT's ability to operate.

## **FOURTEENTH AFFIRMATIVE DEFENSE**

DEFENDANTS engaged in a good-faith interactive process, if PLAINTIFF can establish any form of request for accommodations, including but not limited to, granting all requested time off without any adverse employment actions, planning proactively for PLAINTIFF's leave for maternity (although unpaid), planning proactively for a lactation room for PLAINTIFF when she returned to work, and did not deny any requests PLAINTIFF made in any manner. PLAINTIFF's requests were unrelated to pregnancy, but were nevertheless granted, with requests for her to provide advance notice of leave for ADDIKT to secure coverage of her shift(s) and to ensure that the kitchen was properly staffed to permit the operation of the restaurant.

## **FIFTEENTH AFFIRMATIVE DEFENSE**

DEFENDANTS assert that PLAINTIFF fails to allege a *prima facie* case of hostile work environment, in that PLAINTIFF cannot allege that any alleged conduct was severe or pervasive enough to affect the terms and conditions of employment, and was both objectively and subjectively offensive. Namely, as it relates to alleged sexual harassment, PLAINTIFF alleges errant comments during a short period of time, after which no further comments occurred. As it relates to other pregnancy discrimination, PLAINTIFF attempts to allege that legitimate and accurate critiques of performance constitute "discrimination." ADDIKT's critiques of PLAINTIFF's performance were for legitimate business reasons. PLAINTIFF also cannot establish any other similarly situated employee who was treated differently or better than her, or did not allegedly "suffer," the same conduct. Similarly, PLAINTIFF cannot connect the alleged "hostile" work environment to any protected class.

### SIXTEENTH AFFIRMATIVE DEFENSE

DEFENDANTS state there is no causal connection between any alleged adverse employment action, if PLAINTIFF could establish any, and any alleged protected activity or protected class(es).

### SEVENTEENTH AFFIRMATIVE DEFENSE

DEFENDANTS state that they are individually or jointly entitled to a *Faragher/Ellerth* defense in that the employer exercised reasonable care to prevent and correct promptly any harassing behavior, notably PLAINTIFF's admission that her complaint against her first supervisor was investigated immediately and that no harassment continued. Secondly, despite that the employer acted promptly to correct any alleged conduct, PLAINTIFF unreasonably failed to take advantage of any preventive or corrective opportunities by the employer or to avoid harm otherwise in failing to report any alleged retaliation or continuing harassment. PLAINTIFF requested to have time off from work, which was granted, and then PLAINTIFF voluntarily resigned.

### EIGHTEENTH AFFIRMATIVE DEFENSE

DEFENDANTS assert that they had no actual notice or knowledge of multiple allegations of illegal activity, including but not limited to alleged retaliation for a singular complaint about PLAINTIFF's first supervisor, alleged pregnancy discrimination, alleged hostile work environment, or any other claim other than the initial complaint, which was investigated and for which any complained of conduct persisted. DEFENDANTS state that ADDIKT had an employment policies handbook, which PLAINTIFF received and did not comply with reporting any alleged illegal activity following her initial complaint.

## NINETEENTH AFFIRMATIVE DEFENSE

DEFENDANTS assert that PLAINTIFF suffered no damages as a result of any alleged illegal conduct, including but not limited to lost wages and emotional distress damages. ADDIKT ceased operations two (2) weeks after PLAINTIFF voluntarily resigned, and PLAINTIFF has not provided any evidence that PLAINTIFF was able or willing to work during that period. DEFENDANT GOAT did not employ PLAINTIFF, and regardless, PLAINTIFF is not qualified for any work which could have been performed by PLAINTIFF.

## TWENTIETH AFFIRMATIVE DEFENSE

DEFENDANTS assert any damages which PLAINTIFF could attempt to prove were caused by PLAINTIFF's own actions or by third parties for which DEFENDANTS have no control over. Notably, PLAINTIFF had multiple personal matters in her past involving her children, domestic violence, and other events which caused her emotional distress, unrelated and out of the control of the employer. Further, PLAINTIFF's allegations that medical conditions like a sore throat or post-partum depression were caused by DEFENDANTS are impossible and non-sensical.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

DEFENDANTS assert that PLAINTIFF failed to mitigate her damages. PLAINTIFF declined to look for work, part or whole due to her inability to secure childcare for two young children, failure to treat any alleged emotional distress, her voluntary relocation, and failure to seek similar or adequate work.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

DEFENDANTS assert that PLAINTIFF failed to mitigate her damages, that after-acquired evidence would have precluded her reinstatement, that she voluntarily declined to work, and that

the employer ADDIKT ceased all operations two (2) weeks after PLAINTIFF's voluntary resignation. PLAINTIFF cannot establish any front pay for these reasons.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

DEFENDANTS assert that PLAINTIFF did not experience any conduct which could be considered severe or pervasive, that any such conduct was not the cause of any emotional distress, that pre-existing conditions pertaining to PLAINTIFF's mental health (such as past trauma, severe domestic violence, alienation of children, etc.) caused any alleged distress, and that, to the extent the employer was aware, reported alleged conduct was addressed, without any tangible employment action against PLAINTIFF.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

DEFENDANTS assert that each engaged in good faith efforts to prevent discrimination with policies, a Human Resources professional, and thoroughly and promptly investigated any and all complaints. DEFENDANTS assert that the investigation included multiple witnesses, including neutral witnesses, attempting to find corroborating evidence, and corrective action to counsel all supervisors. DEFENDANTS further assert that ongoing efforts to proactively seek information and follow up from PLAINTIFF on any potential issues resulted in PLAINTIFF failing to report, regardless of a culture of compliance with employment handbook policies. PLAINTIFF, despite having her initial complaint investigated, and having ceased any complained of behavior, failed to take advantage of the employer's policies and dedicated Human Resources contractor, to report any further alleged illegal activity. As a result, PLAINTIFF is not entitled to any punitive and/or liquidated damages, to the extent such are available.

## RESERVATION OF AFFIRMATIVE DEFENSES

Defendants reserve the right to allege any further affirmative defenses as discovery proceeds.


Dated: February 4, 2026

Respectfully submitted,

**PATHMAN LAW, LLC**
*Counsel for Defendants*
One Biscayne Tower – Suite 2400
2 South Biscayne Boulevard
Miami, FL 33131
Telephone No.: (305) 379-2425
Telefax No.: (305) 379-2420


By:     */s/ Tara E. Faenza, Esq.*
          Tara E. Faenza, Esq.
          Florida Bar No.: 106928
          tfaenza@pathmanlaw.com


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 4, 2026, a copy of the foregoing was served on all counsel of record identified on the Service List below via CM/ECF.


By:     */s/ Tara E. Faenza, Esq.*
          Tara E. Faenza, Esq.


**Service List**
**Kyle T. MacDonald, Esq.**
Florida Bar No.: 1038749
MacDonald Law, PLLC
420 SW 7th Street – Suite 1118
Miami, FL 33130
Telephone No.: (786) 500-9675
E-mail: kyle@macdonaldemploymentlaw.com
*Counsel for Plaintiff*