# EXHIBIT B

## SERVICE OF COURT DOCUMENTS - Case No. 1:24-cv-24135-RKA - Alvarez v. Goat Hospitality Group LLC et al.

**Tara Faenza** <tfaenza@pathmanlaw.com>  
To: Kyle MacDonald <kyle@macdonaldemploymentlaw.com>  
Cc: Beatriz Carta <bcarta@pathmanlaw.com>

Wed, Jan 28, 2026 at 3:05 PM

Mr. MacDonald:

You have propounded discovery, taken depositions, and now appear to believe you can continue to propound discovery and ask questions. That is incorrect. They have answered the questions in discovery and under oath in deposition already. There is no conferral. You are trying to create legal issues which do not exist and you have vexatiously litigated with a Motion to Compel, a hearing, and an objection. We are not continuing to answer the same questions again and again. This is not "for purposes of conferral under the Local Rules," or for "clarity on the position." It is transparent that you simply do not wish to pay for the deposition transcripts.



Tara E. Faenza, Esq.

Partner  
Pathman Law, LLC  
One Biscayne Tower, Suite 2400

2 South Biscayne Boulevard  
Miami, FL  33131  
T - 305-379-2425

C- 786-376-2272  
F - 305-379-2420  
tfaenza@pathmanlaw.com

www.pathmanlaw.com



This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited.  Please notify the sender of the delivery error by replying to this message, and then delete it from your system.

**From:** Kyle MacDonald <kyle@macdonaldemploymentlaw.com>
**Sent:** Wednesday, January 28, 2026 2:48 PM
**To:** Tara Faenza <tfaenza@pathmanlaw.com>
**Cc:** Beatriz Carta <bcarta@pathmanlaw.com>
**Subject:** Re: SERVICE OF COURT DOCUMENTS - Case No. 1:24-cv-24135-RKA - Alvarez v. Goat Hospitality Group LLC et al.

Tara,

Your email is unclear regarding Defendants' position on these issues. For purposes of conferral under the Local Rules, please confirm the following:

1. Is it Defendants' position that no tax return documents exist for either entity for the past five years, including in the possession of their CPA?
2. Is it Defendants' position that no bank statements exist for either entity for the past five years, including in the possession of Bank of America?
3. Is it Defendants' position that no QuickBooks records exist for either entity for the past five years?

We cannot engage in good faith conferral on this issue without clarity on Defendants' position. Accordingly, please advise.

--

**Kyle T. MacDonald, Esq.**

**MacDonald Law, PLLC**
**Miami Office:** 420 SW 7th St Suite 1118  |  Miami, FL 33130
**Office:** 786-500-9675  |  **Direct:** 786-500-9995
**Email:** kyle@macdonaldemploymentlaw.com
**MacDonaldEmploymentLaw.com  |  Attorney Referrals**
_____

*This email and any attachments are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or reliance on the contents is strictly prohibited. If you received this message in error, please notify the sender immediately and delete it. Communications may be subject to attorney-client privilege and work-product protection.*


On Wed, Jan 28, 2026 at 2:07 PM Tara Faenza <tfaenza@pathmanlaw.com> wrote:

> Dear Mr. MacDonald:
>
> We are no longer addressing this issue. Your continuous attempts to accuse me and my clients of lying, falsifying information, and otherwise – are not well-taken. We are no longer responding to this thread regarding documents. Should your client wish to pay for that deposition transcript and show me where the transcript states what you allege – I'm happy to review. As you know, I also typed contemporaneously and kept my own record, which does not reflect your impressions.
>
> Given the scant discovery produced by your client, it is remarkable that you have taken this approach. Our notes on discovery not turned over by your client and insufficient responses, will be addressed in writing today.
>
> Tara E. Faenza, Esq.

2



Tara E. Faenza, Esq.

Partner
Pathman Law, LLC
One Biscayne Tower, Suite 2400

2 South Biscayne Boulevard
Miami, FL  33131
T - 305-379-2425

C- 786-376-2272
F - 305-379-2420
tfaenza@pathmanlaw.com

www.pathmanlaw.com



This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited.  Please notify the sender of the delivery error by replying to this message, and then delete it from your system.

---

**From:** Kyle MacDonald <kyle@macdonaldemploymentlaw.com>
**Sent:** Wednesday, January 28, 2026 2:02 PM
**To:** Tara Faenza <tfaenza@pathmanlaw.com>
**Cc:** Beatriz Carta <bcarta@pathmanlaw.com>
**Subject:** Re: SERVICE OF COURT DOCUMENTS - Case No. 1:24-cv-24135-RKA - Alvarez v. Goat Hospitality Group LLC et al.

Tara,

The deposition testimony clearly established that the documents exist, that Defendants have access to those documents, whether directly or indirectly, and that Defendants did not make efforts to obtain them. This is not a matter of interpretation. Defendants are legally obligated to produce these documents.

This becomes even more problematic when considered in light of your prior representations to the Court that these documents do not exist. We would prefer to avoid seeking relief from the Court on these issues and are simply asking your clients to produce the documents and comply with their discovery obligations.

Please confirm by the end of the day tomorrow, Thursday, January 29, 2026, whether Defendants will be producing these documents, and if so, when we can expect to receive them. Otherwise, please advise of Defendants' position so that it can be accurately represented to the Court.

--

**Kyle T. MacDonald, Esq.**

**MacDonald Law, PLLC**

3

**Miami Office:** 420 SW 7th St Suite 1118  |  Miami, FL 33130
**Office:** 786-500-9675  |  **Direct:** 786-500-9995
**Email:** kyle@macdonaldemploymentlaw.com
**MacDonaldEmploymentLaw.com**  |  **Attorney Referrals**

_____
*This email and any attachments are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or reliance on the contents is strictly prohibited. If you received this message in error, please notify the sender immediately and delete it. Communications may be subject to attorney-client privilege and work-product protection.*

On Tue, Jan 27, 2026 at 5:24 PM Tara Faenza <tfaenza@pathmanlaw.com> wrote:

> Dear Mr. MacDonald:
>
> Please note that we will coordinate the mediation.
>
> We will not continue to respond to your emails regarding this issue. The statements below are not the testimony of the witnesses. If you recall, I objected to your question as to whether the Defendants filed taxes, "every year," citing Fifth Amendment protections. This caused you to have a laugh, until I explained that you are not asking if taxes were filed, but if they were filed *yearly*. This is a question that, if taxes were not filed timely yearly, could create some level of criminal exposure. My clients did not testify that they field taxes, "every year."  Regardless, such is irrelevant to this case, which is about alleged harassment.
>
> As to your client's responses, which we received at close to 7:00 pm before the deposition, we will provide a list of deficiencies and inappropriate objections to the responses. There are responses which are categorically false (like not having any other lawsuits since 2019), but we will only address the deficiencies. She did not provide her medical records – only the alleged doctor's notes, which showed that her time off did *not relate* to her pregnancy, but rather a sore throat and migraine.
>
> I will speak to my clients, but I do not believe they are supplementing documents, as they are not in their care, custody, or control.
>
> 
>
> Tara E. Faenza, Esq.
>
> Partner
> Pathman Law, LLC
> One Biscayne Tower, Suite 2400
>
> 2 South Biscayne Boulevard
> Miami, FL  33131
> T - 305-379-2425
>
> C- 786-376-2272
> F - 305-379-2420
> tfaenza@pathmanlaw.com
>
> www.pathmanlaw.com



This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited.  Please notify the sender of the delivery error by replying to this message, and then delete it from your system.

**From:** Kyle MacDonald <kyle@macdonaldemploymentlaw.com>
**Sent:** Tuesday, January 27, 2026 4:42 PM
**To:** Tara Faenza <tfaenza@pathmanlaw.com>
**Cc:** Beatriz Carta <bcarta@pathmanlaw.com>
**Subject:** Re: SERVICE OF COURT DOCUMENTS - Case No. 1:24-cv-24135-RKA - Alvarez v. Goat Hospitality Group LLC et al.

Tara,

Thank you for reaching out to Ms. Perry's office to coordinate scheduling.

With respect to the financial documents, the deposition testimony made clear that Defendants did not contact Bank of America to obtain account statements as part of this litigation. Had Defendants contacted Bank of America, the bank would have provided the account statements, as federal law requires financial institutions to maintain records even for inactive accounts. Similarly, the testimony made clear that Defendants file taxes annually and that their CPA, Josh Cormick, maintains their tax returns.

These documents were responsive to our discovery requests and were required to be produced during the discovery period. Defendants have a continuing obligation under Federal Rule of Civil Procedure 26(e) to supplement their discovery responses when they learn that prior responses were incomplete or incorrect. Defendants' obligation exists regardless of whether the formal discovery deadline has passed.

Your statements regarding Plaintiff's document production are not a valid basis, even if true, for Defendants to refuse to comply with their own discovery obligations. However, if there are specific deficiencies you believe exist, please let me know what those are and I am happy to address them in further detail.

Please confirm whether Defendants intend to produce the requested financial documents. If Defendants are refusing to produce these documents, please state that position clearly so that we may seek the Court's assistance in resolving this matter.

--

**Kyle T. MacDonald, Esq.**

**MacDonald Law, PLLC**
**Miami Office:** 420 SW 7th St Suite 1118  |  Miami, FL 33130
**Office:** 786-500-9675  |  **Direct:** 786-500-9995
**Email:** kyle@macdonaldemploymentlaw.com
**MacDonaldEmploymentLaw.com**  |  **Attorney Referrals**
───────────────────────────────────────────

*This email and any attachments are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or reliance on the contents is strictly prohibited. If you received this message in error, please notify the sender immediately and delete it. Communications may be subject to attorney-client privilege and work-product protection.*

On Tue, Jan 27, 2026 at 4:05 PM Tara Faenza <tfaenza@pathmanlaw.com> wrote:

> Dear Mr. MacDonald:
>
> Please note checking Sunbiz might assist.
>
> **GOAT HOSPITALITY GROUP LLC is Florida Limited Liability Company**
>
> EIN:
>
> One owner: Derek Gonzalez
>
> **WGOAT15 LLC is a *Delaware* Foreign Limited Liability Company**
>
> EIN:
>
> One owner: Lisa Gonzalez
>
> The entities do not shared owners, managers, location, bank accounts, or operations. The publicly available information shows this information clearly. The witnesses testified that WGOAT15 LLC was client of GOAT, for the purposes of payroll administration (ADP actually paid payroll and did the administration of reporting RT6 reports and taxes) and limited HR investigations.
>
> 
>
> Tara E. Faenza, Esq.
>
> Partner
> Pathman Law, LLC
> One Biscayne Tower, Suite 2400
>
> 2 South Biscayne Boulevard
> Miami, FL  33131
> T - 305-379-2425
>
> C- 786-376-2272
> F - 305-379-2420
> tfaenza@pathmanlaw.com
>
> www.pathmanlaw.com
>
> 
>
> This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of

the information contained in or attached to this message is strictly prohibited.  Please notify the sender of the delivery error by replying to this message, and then delete it from your system.

**From:** Tara Faenza
**Sent:** Tuesday, January 27, 2026 3:54 PM
**To:** 'Kyle MacDonald' <kyle@macdonaldemploymentlaw.com>
**Cc:** Alexandra Chancy <achancy@pathmanlaw.com>; Nancy Onega <NOnega@pathmanlaw.com>; Service <service@pst.law>; Beatriz Carta <bcarta@pathmanlaw.com>
**Subject:** RE: SERVICE OF COURT DOCUMENTS - Case No. 1:24-cv-24135-RKA - Alvarez v. Goat Hospitality Group LLC et al.

Dear Mr. MacDonald:

We will reach out to Ms. Perry's office for availability.

Please note that the Defendant testified that there were separate bank accounts, which are closed. They did not testify that they "never" reached out to Bank of America. They advised that Bank of America did not provide access to the banking records, which are not relevant to this dispute regardless. Secondly, as it relates to taxes, the testimony was, IF taxes were filed, then they would have been filed by their accountant.

Discovery has closed and you have attempted to litigate this issue already twice. We note, similarly, your client failed to provide her medical records, *any* mitigation documents, and produced her records in the form of videos, which do not show the attachments.



Tara E. Faenza, Esq.

Partner
Pathman Law, LLC
One Biscayne Tower, Suite 2400

2 South Biscayne Boulevard
Miami, FL  33131
T - 305-379-2425

C- 786-376-2272
F - 305-379-2420
tfaenza@pathmanlaw.com

www.pathmanlaw.com



This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of

7

the information contained in or attached to this message is strictly prohibited.  Please notify the sender of the delivery error by replying to this message, and then delete it from your system.

**From:** Kyle MacDonald <kyle@macdonaldemploymentlaw.com>
**Sent:** Tuesday, January 27, 2026 3:47 PM
**To:** Tara Faenza <tfaenza@pathmanlaw.com>
**Cc:** Alexandra Chancy <achancy@pathmanlaw.com>; Nancy Onega <NOnega@pathmanlaw.com>; Service <service@pst.law>; Beatriz Carta <bcarta@pathmanlaw.com>
**Subject:** Re: SERVICE OF COURT DOCUMENTS - Case No. 1:24-cv-24135-RKA - Alvarez v. Goat Hospitality Group LLC et al.

Tara,

We are agreeable to selecting Pamela Perry as mediator. Please let me know if your office will be reaching out to her to obtain availability.

Separately, we will need Defendants to produce copies of their tax returns and bank statements as soon as possible. During the deposition of Defendants' corporate representative, it was confirmed that their CPA, Josh Cormick, has copies of Defendants' tax returns. It was also confirmed that Defendants have inactive bank accounts at Bank of America and that Defendants never contacted Bank of America to obtain the statements. These documents were required to be produced in discovery.

Please confirm these documents will be produced and when we can expect to receive them by.

--

**Kyle T. MacDonald, Esq.**

**MacDonald Law, PLLC**
**Miami Office:** 420 SW 7th St Suite 1118  |  Miami, FL 33130
**Office:** 786-500-9675  |  **Direct:** 786-500-9995
**Email:** kyle@macdonaldemploymentlaw.com
**MacDonaldEmploymentLaw.com**  |  **Attorney Referrals**
_____

*This email and any attachments are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or reliance on the contents is strictly prohibited. If you received this message in error, please notify the sender immediately and delete it. Communications may be subject to attorney-client privilege and work-product protection.*


On Mon, Jan 26, 2026 at 3:47 PM Tara Faenza <tfaenza@pathmanlaw.com> wrote:

> Dear Kyle:
>
> Kindly note that we are conferring on the upcoming deadline to select mediator. We suggest the following mediators:
>
> Pamela Perry
>
> Valerie Kiffin Lewis
>
> Gary Costales
>
> Anne Bloom

8

Thank you, and please provide any mediators you would like us to consider.

Tara



Tara E. Faenza, Esq.

Partner
Pathman Law, LLC
One Biscayne Tower, Suite 2400

2 South Biscayne Boulevard
Miami, FL  33131
T - 305-379-2425

C- 786-376-2272
F - 305-379-2420
tfaenza@pathmanlaw.com

www.pathmanlaw.com



This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited.  Please notify the sender of the delivery error by replying to this message, and then delete it from your system.

**From:** Kyle MacDonald <kyle@macdonaldemploymentlaw.com>
**Sent:** Wednesday, January 21, 2026 6:42 PM
**To:** Tara Faenza <tfaenza@pathmanlaw.com>; Alexandra Chancy <achancy@pathmanlaw.com>; Nancy Onega <NOnega@pathmanlaw.com>; Service <service@pst.law>
**Subject:** SERVICE OF COURT DOCUMENTS - Case No. 1:24-cv-24135-RKA - Alvarez v. Goat Hospitality Group LLC et al.

**SERVICE OF COURT DOCUMENTS**

| | |
|---|---|
| Court: | United States District Court for the Southern District of Florida |
| Case Number: | 1:24-cv-24135-RKA |
| Initial Party (Plaintiff): | Carol Alvarez |
| Initial Party (Defendant): | Defendants GOAT Hospitality Group LLC, and WGOAT15 LLC |
| Title of Document(s) Served: | 1. Plaintiff's Responses to Defendant GOAT Hospitality Group LLC's First Set of Interrogatories |

9

| | |
|---|---|
| | 2. Plaintiff's Responses to Defendant WGOAT15 LLC's First Set of Interrogatories<br>3. Plaintiff's Responses to Defendant GOAT Hospitality Group LLC's First Request for Production<br>4. Plaintiff's Responses to Defendant WGOAT15 LLC's First Request for Production<br>5. Plaintiff Bates Nos. CA000001-CA000065, which can be accessed using the link below:<br><br>████████████████████████ |
| Sender's Name: | Kyle T. MacDonald, Esq. |
| Sender's Telephone Number: | (786) 500-9995 |

--

**Kyle T. MacDonald, Esq.**

**MacDonald Law, PLLC**
**Miami Office:** 420 SW 7th St Suite 1118 | Miami, FL 33130
**Office:** 786-500-9675 | **Direct:** 786-500-9995
**Email:** kyle@macdonaldemploymentlaw.com
**MacDonaldEmploymentLaw.com** | **Attorney Referrals**

_____

This email and any attachments are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or reliance on the contents is strictly prohibited. If you received this message in error, please notify the sender immediately and delete it. Communications may be subject to attorney-client privilege and work-product protection.