# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CAROL ALVAREZ,

        Plaintiff,

v.                                                                               CASE NO.: 1:24-CV-24135-RKA

GOAT HOSPITALITY GROUP LLC,
and WGOAT15 LLC,

        Defendants.
_____/

**AMENDED NOTICE OF RULE 30(b)(6) DEPOSITION**

    PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiff will take the oral deposition of Defendants, GOAT HOSPITALITY GROUP LLC and WGOAT15 LLC (collectively, "Defendants"), through one or more representatives who shall be designated to testify on Defendants' behalf regarding all information known or reasonably available to Defendants with respect to the topics identified in Exhibit A. Defendants are required to prepare their representative(s) for the deposition in compliance with their obligations under Rule 30(b)(6). The deposition shall occur on the following dates and times:

| **DESIGNEE** | **DATE/TIME** | **LOCATION** |
|---|---|---|
| Lisa Gonzalez | January 21, 2026, at 10:00 AM ET | Via Zoom |

    The deposition will be conducted virtually using audio-visual conference technology. The oral examination will continue from day to day until completed. The deposition is being taken for the purpose of discovery, for use at trial, or for such other purposes as are permitted under the Federal Rules of Civil Procedure. The deposition shall be recorded stenographically and may also be recorded by audio or audiovisual means.

1

In accordance with the Americans with Disability Act, a person needing a special accommodation to participate in this proceeding should contact the undersigned no later than seven days prior to the proceeding by calling (786) 500-9675 for assistance or 1-800-955-8771 if hearing impaired.

Dated: January 12, 2026,       **MACDONALD LAW, PLLC**

<u>/s/ Kyle T. MacDonald</u>
Kyle T. MacDonald, Esq.
Florida Bar No.: 1038749

MacDonald Law, PLLC
420 SW 7th St, Suite 1118
Miami, FL 33130
(786) 500-9995
kyle@macdonaldemploymentlaw.com

## **EXHIBIT A**
## **DEPOSITION TOPICS**

1. Knowledge of each and every document provided by Defendants in response to Plaintiff's discovery requests.

2. Knowledge of Defendants' responses to Plaintiff's First Set of Interrogatories.

3. Knowledge of Defendants' position statements submitted to the Equal Employment Opportunity Commission (EEOC) and/or the Florida Commission on Human Relations (FCHR) concerning the claims asserted by Plaintiff.

4. Knowledge of the factual bases for the following:

   i. Defendants' affirmative defenses;
   ii. Defendants' responses to Plaintiff's Interrogatories;
   iii. Defendants' responses to Plaintiff's Requests for Production;
   iv. Defendants' statements or claims made in the pleadings of this action;
   v. Defendants' denial of any allegations in the Complaint; and
   vi. Defendants' admissions and contentions made in its Answer.

5. Knowledge of the corporate structure, ownership, and management hierarchy of GOAT Hospitality Group LLC and WGOAT15 LLC, including the relationship between the two entities, shared ownership, common management, reporting lines, and decision-making authority over hiring, firing, scheduling, payroll, compensation, policy enforcement, and leave administration during the relevant period, and which entity owns, leases, or operates the restaurant location(s) where Plaintiff worked.

6. Knowledge of whether GOAT Hospitality Group LLC and WGOAT15 LLC constitute a single integrated enterprise or joint employers under applicable law, including facts supporting or refuting common ownership, interrelated operations, centralized control of labor relations, and common management.

7. Knowledge of Plaintiff Carol Alvarez's employment history with Defendants, including dates of employment, positions and job duties, locations, pay rates, schedules, performance feedback, discipline, any warnings or corrective actions, and the circumstances of her termination.

8. Knowledge of Defendants' policies, procedures, and actual practices in effect during the relevant period concerning pregnancy accommodation, disability accommodation, leave requests, the Pregnant Workers Fairness Act (PWFA), the Americans with Disabilities Act (ADA), Title VII of the Civil Rights Act of 1964, the Family and Medical Leave Act (FMLA), and Florida Civil Rights Act (FCRA) compliance.

9. Knowledge of whether Defendants maintained an employee handbook, HR function, or written policies during the relevant period and how employees were informed of their rights to request pregnancy accommodations, disability accommodations, or leave.

10. Knowledge of all requests for accommodation made by Plaintiff, including dates, substance of requests, how requests were received, who reviewed them, what interactive process (if any) was engaged in, what alternatives were considered, and the reasons for granting, denying, or ignoring such requests.

11. Knowledge of Defendants' obligation under the Pregnant Workers Fairness Act to provide reasonable accommodations for known limitations related to pregnancy, childbirth, or related medical conditions, including training provided to managers and decision-makers regarding PWFA compliance, the interactive process, and undue hardship analysis.

12. Knowledge of Defendants' policies and practices for evaluating accommodation requests under the PWFA, ADA, and Title VII, including who makes accommodation decisions, what medical documentation is required, how undue hardship is assessed, and what alternatives are considered before denying accommodations.

13. Knowledge of any other employees who requested pregnancy-related accommodations, disability accommodations, or medical leave during the relevant period, how such requests were handled, what accommodations were granted or denied, and the outcomes for those employees.

14. Knowledge of comparators to Plaintiff—employees who were similarly situated with respect to job duties, tenure, performance, or conduct but who were treated more favorably, including employees who requested leave or accommodations for non-pregnancy-related reasons and the treatment they received.

15. Knowledge of Defendants' leave policies and practices, including sick leave, personal leave, unpaid leave, FMLA leave, and any informal leave arrangements, and how such policies were applied to Plaintiff versus other employees.

16. Knowledge of all communications between Plaintiff and Defendants' management or ownership regarding Plaintiff's pregnancy, medical conditions, need for accommodations, leave requests, work restrictions, or termination, including emails, text messages, in-person conversations, and phone calls.

17. Knowledge of the decision to terminate Plaintiff, including the date of termination, who made the decision, what reasons were given at the time, what documentation supported the decision, whether alternatives to termination were considered, and the sequence of events leading to termination.

18. Knowledge of Defendants' asserted legitimate, non-discriminatory, and non-retaliatory reasons for Plaintiff's termination and the factual support, documents, and witnesses for those reasons.

19. Knowledge of any allegations that Plaintiff engaged in misconduct, performance deficiencies, policy violations, or other issues justifying termination, including when such allegations arose, who made them, what investigation (if any) was conducted, what records were reviewed, and whether such allegations were documented before or after Plaintiff's termination.

20. Knowledge of Defendants' investigation procedures (if any) for employee complaints, accommodation requests, or termination decisions, including intake, neutrality, documentation, timeliness, witness confidentiality, and whether such procedures were followed in Plaintiff's case.

21. Knowledge of any complaints (formal or informal) of pregnancy discrimination, disability discrimination, harassment, hostile work environment, or retaliation raised by Plaintiff or other employees during the relevant period, how such complaints were received, documented, escalated, and addressed, and the outcomes.

22. Knowledge of Plaintiff's protected activity under Title VII, the PWFA, the ADA, the FMLA, or the FCRA, including dates, recipients, substance of complaints or accommodation requests, and Defendants' knowledge of such activity.

23. Knowledge of the timing and proximity between Plaintiff's protected activity (including pregnancy disclosure, accommodation requests, or complaints) and any adverse actions taken against her, including warnings, discipline, schedule changes, denial of accommodations, or termination.

24. Knowledge of any animus, bias, or discriminatory statements made by Defendants' owners, managers, or supervisors regarding Plaintiff's pregnancy, need for accommodations, or medical conditions, including who made such statements, when, to whom, and in what context.

25. Knowledge of training provided to managers, supervisors, and decision-makers during the relevant period regarding pregnancy discrimination, the PWFA, Title VII, the ADA, the FMLA, accommodation procedures, the interactive process, undue hardship analysis, and anti-retaliation protections.

26. Knowledge of Defendants' business operations, staffing levels, financial condition, and operational constraints during the relevant period that Defendants contend made accommodation of Plaintiff an undue hardship or made her termination necessary for legitimate business reasons.

27. Knowledge of whether Defendants filled Plaintiff's position after her termination, who was hired, what qualifications that person had, whether that person had any performance or attendance issues, and how long that person remained employed.

28. Knowledge of Defendants' recordkeeping and documentation practices for accommodation requests, leave requests, performance issues, disciplinary actions, and termination decisions,

including who maintains such records and where they are stored, and Defendants' explanation for how employment decisions are documented.

29. Knowledge of Defendants' electronically stored information (ESI) systems and retention policies (email, SMS/iMessage, WhatsApp/Signal, Slack/Teams, HR databases, payroll systems), relevant data sources and custodians, preservation steps taken after notice of this lawsuit, and the collection methods used for this litigation.

30. Knowledge of the identification, preservation, and production of personnel files, payroll records, timekeeping records, accommodation request documentation, medical documentation, leave request forms, email communications, text messages, and any other documents relating to Plaintiff's employment, accommodation requests, or termination.

31. Knowledge of damages-related information in Defendants' possession concerning Plaintiff, including wages, hours worked, benefits, pay rates, lost compensation, mitigation opportunities, and any records Defendants contend limit damages.

32. Knowledge of any insurance policies, including employment practices liability insurance (EPLI), that may provide defense or indemnity for the claims asserted in this action, including policy periods, coverages, exclusions, notice to carriers, tenders, reservations of rights, and the identity of carriers or brokers.

33. Knowledge of financial integration between GOAT Hospitality Group LLC and WGOAT15 LLC, including shared bank accounts, intercompany transfers, commingling of funds, which entity pays employees' wages, which entity pays rent and operating expenses, shared financial systems, consolidated financial statements, tax treatment, and who exercises ultimate financial control over both entities.

34. Knowledge of Defendants' representations that they possess no financial records or corporate governance records, including what records Defendants contend do not exist, how Defendants operate multiple restaurants without maintaining financial records, what accounting systems or methods Defendants use to track revenue and expenses, whether Defendants file tax returns and what records support those filings, whether Defendants maintain bank accounts and how transactions are recorded, what corporate formalities (if any) are observed, and the factual basis for representing that no such records exist.

35. Knowledge of which entity (GOAT Hospitality Group LLC or WGOAT15 LLC) employed Plaintiff, issued her paychecks, withheld taxes, filed employment tax returns, maintained personnel files, administered benefits, and had authority to hire and fire employees, including any differences in how employment-related functions were allocated between the two entities.

36. Knowledge of Defendants' past or present employment of other pregnant employees, employees who requested pregnancy accommodations, or employees who took pregnancy-related leave, and how those employees were treated.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document is being served on January 12, 2026, on all counsel of record on the service list below via electronic mail.

*/s/ Kyle T. MacDonald*
Kyle T. MacDonald, Esq.

## SERVICE LIST

**PATHMAN LAW, LLC**

Tara E. Faenza, Esq.
Florida Bar No.: 106928
tfaenza@pathmanlaw.com
Alejandra Muñiz Marcial, Esq.
Florida Bar No.: 1019266
amunizmarcial@pathmanlaw.com
One Biscayne Tower, Suite 2400
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 379-2425
Telefax No.: (305) 379-2420

*Counsel for Defendants GOAT HOSPITALITY GROUP LLC and WGOAT15 LLC*