UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CAROL ALVAREZ,                          Case No.: 1:24-cv-24135-RKA
    *Plaintiff,*

v.

GOAT HOSPITALITY GROUP LLC and
WGOAT15 LLC,
    *Defendants.*
_____/

## DEFENDANTS' PROPOSED SCHEDULING REPORT

DEFENDANTS, GOAT HOSPITALITY GROUP LLC ("GOAT") and WGOAT15 LLC ("ADDIKT") (collectively "Defendants"), by and through undersigned counsel, pursuant the Court's Omnibus Order dated February 25, 2026 (ECF No. 42)[1], hereby file this Updated Scheduling Report:

This Court issued DE24, which stated:

**PAPERLESS OMNIBUS ORDER. The parties shall file an updated Joint Scheduling Report by March 3, 2026. Once they've done so, we'll issue a revised scheduling order setting a new deadline for summary-judgment motions. For now, we'll DENY without prejudice the Plaintiff's Motion to Deem Joint Employer Relationship Established (the "Joint Employer Motion") [ECF No. 39] and the Defendants' Motion for Summary Judgment [ECF No. 41].**

**One more thing. The Plaintiff's Joint Employer Motion is an unwieldy combination of: (1) a motion for partial summary judgment; (2) a motion *in limine*; (3) and a motion to compel documents. If the Plaintiff is in possession of newly-discovered evidence that creates a legitimate discovery dispute, she must present that dispute to Magistrate Judge Sanchez *before* moving for partial summary judgment on the joint-employer issue.**

**Signed by Judge Roy K. Altman on 2/25/2026. (pbe)**

Defendants used the prior Joint Scheduling Report, as template to comply with this Court's Order [DE42]. Plaintiff's Counsel extended multiple deadlines unrelated to the Order, specifically

---

[1] Plaintiff, CAROL ALVAREZ requested multiple changes to extend discovery and trial by six months and four months, respectively. Defendants do not view DE42 as requiring same, and conferred with Plaintiff, but could not reach agreement.

discovery, citing the Order. Discovery closed January 22, 2026. This Order [DE42] addresses "newly-discovered evidence," not the same as extending discovery or permitting re-litigation of prior motions. [*See* DE25, DE27, DE28, DE29, DE32, DE33, DE34]. Defendants do not agree to further extension of discovery on a matter filed October 24, 2024. [DE1]. Further, discovery deadlines were extended pursuant to DE24 already. Therefore, this submission is filed unilaterally, after attempting to confer with Plaintiff's counsel repeatedly. Defendants were willing to consider compromises or to understand reasoning by Plaintiff's counsel, but counsel would only agree to the version he prepared, without any changes.

**Assignment of the case to a particular track pursuant to Local Rule 16.1(a) above;**

The Parties assert the appropriate Case Management Track would be: Standard Track-a case requiring three (3) to ten (10) days of trial may be assigned to a standard track in which discovery shall be completed within 180 to 269 days from the date of the Scheduling Order. This proposed is not the first scheduling order, and, pursuant to DE24, discovery has already been extended. The original ORDER SETTING CIVIL TRIAL DATE AND PRETRIAL SCHEDULE, REQUIRING MEDIATION, AND REFERRING CERTAIN MOTIONS TO MAGISTRATE JUDGE was issued on March 25, 2025. [DE14]. 180 days from that date would have been September 21, 2025, and 269 days from that date would have been December 19, 2025. The prior Order extended discovery until January 22, 2026. [DE24].

I. **INFORMATION REQUIRED BY S.D. Fla. L.R. 16.1(B)**

   A. **The Likelihood of Settlement:**

The Parties are, in good faith, exploring settlement possibilities as contemplated by S.D. Fla. L.R. 16.1(B)(5), as this case progresses. The Parties are hopeful for early settlement in this matter as they continue to engage in settlement discussions.

B. **The Likelihood of Appearance In the Action of Additional Parties:**

The parties do not anticipate any additional parties at this time but reserve the right to add parties as provided by the Federal Rules of Civil Procedure.

C. **Proposed Limits on the Time:**

  i. To Join Parties and to amend the pleadings: *No changes to the prior order.*

  ii. To complete expert discovery: *No changes to the prior order which was already extended pursuant to DE24 until January 22, 2026.* No experts have been disclosed by either party.[2]

  iii. To file motion for opt-in class certification: *No changes to the prior order which was already extended pursuant to DE24 until January 22, 2026.* Defendants assert that Plaintiff, in essence, seeks nearly a five (5) months extension of time, which Defendants do not view this Court as requesting the Parties to do..

  iv. To complete fact discovery: *No changes to the prior order.*

  v. To file dispositive (summary judgment) motions: May 29, 2026, which represents slightly more than thirty (30) days.

  vi. To complete mediation: March 11, 2026.

  vii. To file pretrial motions including motions *in limine* and Daubert motions: May 29, 2026, this is approximately forty-two (42) days from the prior deadline.

---

[2] The prior Scheduling Order [DE14] issued by this Court was extended on October 24, 2025 [DE24], and those deadlines elapsed prior to this Court's Order [DE42] compelling submission of this Updated Joint Scheduling Report.

    viii.    To file joint pretrial stipulation pursuant to LR 16.1(e) and pretrial disclosures pursuant to FRCP 26(a)(3): May 29, 2026, this represents a three (3) week extension of time.

    ix.    To file proposed jury instructions pursuant to LR 16.1(k): May 29, 2026, this represents a three (3) week extension of time.

    x.    Calendar Call: June 15, 2026, this represents a three (3) week extension of time.

    xi.    Two-week trial period commences: June 22, 2026, this represents a three (3) week extension of time.

D. **Proposal for Formulation and Simplification of Issues**

The parties do not have a proposal for formulation and simplification of issues at this time. The Parties agree to work in good faith to agree upon stipulations of fact and as to the admissibility and authenticity of documents when appropriate.

E. **The Necessity or Desirability of Amendments to the Pleadings**

The parties do not anticipate any additional amendments to the pleadings at this time but reserve the right to do so as provided by the Federal Rules of Civil Procedure. This Honorable Court has set a deadline for amendments to pleadings on or before July 25, 2025.

F. **Admissions And Stipulations Which Will Avoid Unnecessary Proof Possibility of Obtaining Admissions of Fact, Documents That Would Avoid the Necessity of Proof, Stipulations Regarding the Authenticity of the Documents, Electronic Stored Documents and the Need for Advanced Rulings from the Court on Admissibility**

The parties believe there is a likelihood of obtaining admissions of issues of fact, documents that will avoid unnecessary proof or stipulations regarding authenticity of documents. The parties will attempt to resolve the issues of admissibility but will seek advance rulings from the Court on the issues that they are unable to resolve.

  G. **<u>Suggestions to Avoid Unnecessary Proof and Cumulative Evidence</u>**

The parties do not have any suggestions to avoid unnecessary proof and cumulative facts at this time. However, the parties will work together to avoid unnecessary proof and the presentation of cumulative evidence as the case proceeds through discovery to trial.

  H. **<u>Suggestion on Advisability of Referring Matters to the Magistrate or Master</u>**

The Parties consent to a Magistrate Judge for discovery purposes only. The parties do not agree to additional matters being referred to a Magistrate Judge at this time.

  I. **<u>Preliminary Estimate of the time Required for Trial</u>**

The parties estimate that three (3) to four (4) days will be necessary for a jury trial in this matter.

  J. **<u>Requested Dates for Conferences before Trial, and a Final Pretrial Conference, and Trial</u>**

The parties request that a pre-trial conference occur on the Wednesday before the commencement of the trial period.

  K. **<u>Issues Regarding Disclosure, Discovery, or Preservation of Electronically Stored Information</u>**

The parties do not have any issues regarding disclosure, discovery, or preservation of electronically stored information at this time.

  L. **<u>Other Information Helpful to the Court</u>**

The parties do not have any additional information for the Court at this time.

**CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that undersigned counsel has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues. Plaintiff

asserts she will file her own proposed Scheduling Order. Specifically, Plaintiff wished to amend and extend deadlines, like discovery, which previously elapsed. Plaintiff created a proposed Joint Scheduling Report, which contained the proposed dates of each of the Parties. However, when the undersigned counsel included Defendants' reasoning for specific dates, Plaintiff declined to permit any changes, even when included solely in Defendants' section, requiring Defendants to agree to the proposed Joint Scheduling Order prepared by Plaintiff's Counsel only.

Dated: March 3, 2026

Respectfully submitted,

Tara E. Faenza, Esq.
**PATHMAN LAW, LLC**
*Attorneys for Defendant*
One Biscayne Tower, Suite 2400
2 South Biscayne Boulevard
Miami, FL 33131
T: (305) 379-2425
E:**tfaenza@pathmanlaw.com**

By: */s/ Tara E. Faenza*
     Tara E. Faenza, Esq.
     Florida Bar No. 106928

Lisa S. Gonzalez, Esq.
**LISA S. GONZALEZ, P.A.**
*Attorney for Defendant*
3990 Kumquat Ave.
Miami, FL 33133
T: (561) 222-7303
E: lgonzalez@lslegal.legal

By: */s/ Lisa S. Gonzalez*
     Lisa S. Gonzalez, Esq.
     Florida Bar No. 109486